Ronald A. Marron, Esq., State Bar No. 175650
LAW OFFICES OF RONALD A. MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
Ron.marron@gmail.com

Attorneys for Plaintiff,
Athena Hohenberg

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA HOHENBERG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>FERRERO U.S.A, INC., a foreign corporation,<br><br>                    Defendant. | CASE NO.   **'11 CV 0205 H    CAB**<br><br>**COMPLAINT FOR:**<br><br>1. **UNFAIR COMPETITION (COMMON LAW AND CALIF. BUS. & PROF. CODE § 17200);**<br>2. **FALSE ADVERTISING (CALIF. BUS. & PROF. CODE § 17500, ET SEQ.);**<br>3. **VIOLATION OF CONSUMER LEGAL REMEDIES ACT (CALIF. CIV. CODE § 1750, ET SEQ.);**<br>4. **BREACH OF EXPRESS WARTANTY;**<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**Jury Trial Demanded**<br><br>**CLASS ACTION** |

Plaintiff, ATHENA HOHENBERG ("Plaintiff" or "Hohenberg"), on behalf of herself, all others similarly situated, and the general public, by and through the undersigned counsel, and upon information and belief and investigation of counsel, hereby alleges as follows against FERRERO U.S.A, INC. ("Defendant" or "Ferrero"):

**THE PARTIES**

1.      Plaintiff, Ms. Hohenberg, is, and was at all relevant times herein mentioned, a resident of the County of San Diego in California who purchased Nutella® for herself and her four-year-old child because she sought a healthy snack or breakfast alternative for her household.

2.      Plaintiff is informed and believes and thereon alleges that FERRERO U.S.A., INC. ("Defendant" or "Ferrero"), at all relevant times herein alleged, is a Delaware corporation with its principal place of business in New Jersey.  Plaintiff is further informed and believes and thereon alleges that Ferrero is and was at all relevant times herein admitted to do and does conduct business within the State of California, the County of San Diego and this judicial district under the laws of the State of California.

3.      Plaintiff is informed and believes and thereon alleges that Ferrero is the manufacturer of Nutella® spread.

4.      Whenever the Complaint refers to any act or acts of Defendant, the references shall include the directors, officers, employees, affiliates, or agents of Defendant who authorized such act while engaged in the management, direction, or control of the affairs of Defendant.

5.      Plaintiffs have incurred and, during the pendency of this action, will incur expenses for attorneys' fees and costs herein.  Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of the class.

**JURISDICTION AND VENUE**

6.      This court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there are numerous members of class of plaintiffs that are citizens of a state other than the state of which Defendant is a citizen.

7.      This court has personal jurisdiction over Defendant, and each of them, as they are at all relevant times hereinafter mentioned are and have been operating or conducting business throughout the state of California and within this judicial district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action occurred in this

1  District and Defendant is authorized to conduct business in this District and has intentionally availed

2  itself of the laws and markets of this District through promotion, marketing, distribution, and sale of

3  its products in this District.

4  ### INTRODUCTION

5       9.    Plaintiffs repeatedly purchased packaged food products manufactured by Ferrero in

6  California during the Class Period defined herein.

7       10.    Ms. Hohenberg has a four-year-old child.  At various times during the Class Period,

8  Ms. Hohenberg purchased Nutella® spread after being exposed to and relying upon advertisements

9  and representations by Defendant that Nutella® is a "healthy breakfast" and is "nutritious."  Ms.

10 Hohenberg was searching for healthy foods to serve her family for breakfast or as a snack because she

11 is aware that healthy nutrition is important for maintaining the overall health of her family.  Ms.

12 Hohenberg trusted the representations made by Ferrero in its labeling Nutella®, "An example of a

13 tasty yet *balanced breakfast*," in association with a picture showing fresh fruits, whole wheat bread,

14 and orange juice.  Ms. Hohenberg believed based on this representation that Nutella® is part of a

15 healthy meal.  The Nutella® label also includes a link to a website showing pictures of a mother

16 feeding Nutella® to happy, healthy children.    Ferrero also broadcast television commercials

17 portraying a mother feeding Nutella® to happy, healthy children. Ms. Hohenberg believed, based on

18 these representations both individually and especially when taken together as a whole, that Nutella®

19 consumption is beneficial to children.  Nutella®, however, contains about 70% saturated fat and

20 processed sugar by weight.  Both these ingredients significantly contribute to America's alarming

21 increases in childhood obesity, which can lead to life-long health problems.  Therefore, Nutella® is

22 not part of a nutritionally "balanced" breakfast for c onsumption    by    children    as    Defendant's

23 advertising deceptively suggests.

24      11.    In or around December 2010, Ms. Hohenberg learned through friends what ingredients

25 were in the Nutella® that she was feeding her family.  She was shocked to learn that Nutella® was in

26 fact not a "healthy" "nutritious" food but instead was the next best thing to a candy bar, and that

27 Nutella® contains dangerous levels of saturated fat, the consumption of which has been shown to

28 cause heart disease and other serious health problems. Nutella® contains over 55% processed sugar,

the consumption of which has been shown to cause type-2 diabetes and other serious health problems. In short, Nutella® is simply not a "healthy" or "nutritious" product to consume.

12.     Ferrero falsely and misleadingly markets Nutella® as healthful although it contains dangerous levels of saturated fat, which can increase the blood cholesterol levels in those who consume it.  Saturated fat is the main dietary cause of high blood cholesterol.  Moreover, high levels of cholesterol can increase ones' risk of a heart attack, stroke, and narrowed arteries (atherosclerosis).

13.     Plaintiffs seek an order compelling Ferrero to (1) cease marketing its products using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which Ferrero was unjustly enriched, and (4) destroy all misleading and deceptive materials and products.

**SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS AND DECEPTIVE ACTS**



14.     Ferrero labeled Nutella® representing that it is "An example of a tasty yet *balanced breakfast*," in association with a picture showing fresh fruits, whole wheat bread, and orange juice. Ferrero also made representation that Nutella® is part of a healthy meal.  The Nutella® label also includes a link to a website showing pictures of a mother feeding Nutella® to happy children.  Ferrero also broadcast television commercials portraying a mother feeding Nutella® to happy, healthy children.  Ferrero also made representations that consumption of Nutella® is beneficial to children. Ferrero did and intended to convey with its statements and images that Nutella® is a wholesome and healthful product, when in fact consuming Nutella® daily, a behavior Ferreo implies through its advertising is healthful and not harmful, could create a substantial health risk, raise cholesterol levels, cause disease, damage the heart, and increase the risk and severity of type-2 diabetes.  Ferrero's misleading health claims are reinforced by deceptive images of a glass of milk, fruit, and whole wheat toast used throughout its advertising campaign.



**1**    15.    **False and misleading "*balanced nutrition*" Claim and Images:** Ferrero has engineered

**2**  a marketing campaign focusing on the purported "nutritional" value of Nutella® as a breakfast food.  For

**3**  instance, its ad campaign includes images and videos of wholesome families and happy, healthy children

**4**  enjoying Nutella® for breakfast before going to school.  This claim is misleading because Nutella®

**5**  contains high levels of saturated fats, which harms the heart by raising blood cholesterol levels, a fact

**6**  Ferrero deceptively omits.  Moreover, the nutritional value claimed, if any, is not derived from Nutella®,

**7**  but instead is dependent on whatever *other* foods or drinks (such as the whole grain bagel, 1/2 cup of

**8**  sliced strawberries and 1 cup of 1% milk) that are advertised to be consumed along with Nutella®.

**9**  Furthermore, these claims are *not complete*, *not truthful*, and *highly misleading* because Nutella®

**10**  contains unhealthy levels of saturated fat that are harmful to the heart by raising cholesterol levels.

**11**  Additionally, the stated nutritional facts for Nutella® are comparable to other foods that are not

**12**  considered a part of a "balanced" breakfast.  For example, Nutella® has *more* saturated fat than

**13**  Hershey's PAYDAY Peanut Caramel Bar (2.5g of saturated fat) and the same amount of saturated fat as

**14**  a Twix Ice Cream bar.

**15**                            **RELIANCE AND INJURY**

**16**    16.    When purchasing Nutella®, Plaintiff was seeking, for herself and her household, a

**17**  healthy snack or breakfast alternative, including a product that did not negatively affect blood

**18**  cholesterol levels or the health of her or her families' cardiovascular systems, as well as products

**19**  made with natural, healthy ingredients.

**20**    17.    Plaintiff understood and relied upon Ferrero's misrepresentations for each purchase of

**21**  Nutella® made during the Class Period, including, for example, "moms are helping nourish their

**22**  children with whole grains," "A *balanced breakfast* is key to a great start each morning for the entire

**23**  family, especially for children," "An example of a tasty yet *balanced breakfast*," and "Nutella® can

**24**  form a part of a *balanced meal*."

**25**    18.    Plaintiff purchased Nutella® believing it had the qualities she sought based on its

**26**  deceptive advertising and misrepresentations, but the product was actually unsatisfactory to her for the

**27**  reasons described herein.

**28**    19.    Nutella® costs more than similar products without misleading advertisements and

1  misrepresentations, and would have costs less absent the false and misleading statements.

2      20.    Plaintiff and members of the Classes paid more for Nutella, and would have only been

3  willing to pay less, if anything at all, had they not been mislead by the false and misleading

4  advertisements and misrepresentations complained of herein.  Plaintiff and members of the Class

5  would not have purchased Nutella® at the prices they did, or would not have purchased Nutella® at

6  all, absent Defendant's false and misleading advertisements and misrepresentations.

7      21.    For these reasons, Nutella® was worth less than what Plaintiff and members of the

8  Classes paid for them.

9      22.    Plaintiff and members of the Classes purchased Nutella® instead of competing

10  products based on the false statements and misrepresentations described herein.

11      23.    Instead of receiving products that have the advantages inherent in being free of high

12  levels of saturated fat and comprised of natural, healthy ingredients, Plaintiff and members of the

13  Class received products that were comprised of highly-refined, highly-processed, and nutritionally

14  empty ingredients, and dangerous levels of saturated fats.

15      24.    Plaintiff and members of the Classes lost money as a result of Ferrero's deception in

16  that they did not receive what they paid for.

17      25.    Plaintiff and members of the Classes altered their position to their detriment and

18  suffered damages in an amount equal to the amount they paid for Nutella®.

19                          **DELAYED DISCOVERY**

20      26.    Plaintiff was a reasonably diligent consumer looking for products for herself and her

21  family household that were generally healthy and nutritious. Nevertheless, Plaintiff did not discover

22  that Ferrero's labeling of Nutella® was false, deceptive, or misleading until December 2010.

23      27.    Plaintiff was unaware of the grave health consequences of consuming products like

24  Nutella® before that time.

25      28.    Plaintiff is not a nutritionist, food expert, or food scientist; she is a lay consumers who

26  did not possess the specialized knowledge Ferrero had which otherwise would have enabled her to

27  associate high levels of saturated fat and refined sugar with disease.

28      29.    Plaintiff, in the exercise of reasonable diligence, could not have discovered Ferrero's

1  deceptive practices earlier because, like nearly all consumers, she does not read scholarly publications
2  or other materials describing the negative impact of consuming foods high in saturated fat and refined
3  sugars.

4  ### CLASS ACTION ALLEGATIONS

5       30.    Plaintiff brings this action on behalf of herself and the following Classes in accordance
6  with Rule 23 of the Federal Rules of Civil Procedure:

7    **A. Restitution Class -** All persons (excluding officers, directors, and employees of Ferrero) who
8         purchased, on or after January 1, 2000 (the "Class Period"), one or more Nutella® products in
9         the United States for their own or household use rather than resale or distribution.

10   **B. Injunctive Relief Class -** All persons (excluding officers, directors, and employees of Ferrero)
11        who commonly purchase or are in the market for Nutella® in the United States for their own
12        or household use rather than resale or distribution.

13      31.    Questions of law and fact common to Plaintiffs and the Classes include:

14          a.  Whether Ferrero contributed to, committed, and/or is responsible for the conduct
15             alleged herein;

16          b.  Whether Ferrero's conduct constitutes the violations of laws alleged herein;

17          c.  Whether Ferrero acted willfully, recklessly, negligently, or with gross negligence in
18             the violations of law alleged herein;

19          d.  Whether Class Members are entitled to injunctive relief; and

20          e.  Whether Class Members are entitled to restitution.

21      32.    By purchasing and/or using Nutella®, all members of the Classes were subjected to the
22 same wrongful conduct.

23      33.    Absent Ferrero's material deceptions, misstatements, and omissions, Plaintiff and other
24 members of the Classes would not have purchased Nutella®.

25      34.    Plaintiff's claims are typical of the Classes' claims.  Plaintiff will fairly and adequately
26 protect the interests of the Classes, has no interests that are incompatible with the interests of the
27 Classes, and has retained counsel competent and experienced in class litigation.

28      35.    The Classes are sufficiently numerous, as they include at least hundreds of thousands

of individuals who purchased Nutella® throughout the United States during the Class Period.

36. Class representation is superior to other options for the resolution of the controversy. The relief sought for each Class member is small. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrongs done to them.

37. Ferrero has acted on grounds applicable to the Classes, thereby making appropriate final injunctive relief or declaratory relief concerning the Classes as a whole.

38. Questions of law and fact common to the Classes predominate over any questions affecting only individual members.

39. Class treatment is appropriate under FRCP 23(a) and both 23(b)(2) and 23(b)(3). Plaintiff do not contemplate class notice if the classes are certified under FRCP 23(b )(2), which does not require notice, and notice via publication if the classes are certified under FRCP 23(b)(3) or if the Court determines class notice is required notwithstanding that notice is not required under FRCP 23(b)(2). Plaintiff will, if notice is required, confer with Defendant and seek to present the Court with a stipulation and proposed order on the details of a class notice plan.

### FIRST CAUSE OF ACTION\

#### Violations of the California Unfair Competition Law,

#### Bus. & Prof. Code §§ 17200 et seq.

#### (Unlawful)

40. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

41. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

42. The acts, omissions, misrepresentations, practices, and non-disclosures of Ferrero as alleged herein constitute "unlawful" business acts and practices in that Ferrero's conduct violates the False Advertising Law and the Consumer Legal Remedies Act.

43. Ferrero's conduct is further "unlawful" because it violates the following provisions of the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations:

a. 21 U.S.C. § 343(a), which deems food misbranded when the label contains a statement

1      that is "false or misleading in any particular;"

2      b. 21 C.F.R. § 10 1.13(i)(3), which bars nutrient content claims voluntarily placed on the

3      front of a product label that are "false or misleading in any respect";

4      c. 21 C.F.R. § 101.14(d)(2)(ii)-(iii), in that Ferrero's claims concerning the supposed

5      benefits of Nutella® to health are not limited to describing the value that ingesting the

6      substance may have on a particular health related condition, and further because they are

7      not complete, not truthful, and highly misleading; and

8      d. 21 C.F.R. § 1.21, which prohibits true statements about ingredients that are misleading in

9      light of the presence of other ingredients.

10      44. Ferrero's conduct also violates the California Sherman Food, Drug, and Cosmetic Law

11 ("Sherman Law"), at, *inter alia*, (a) Health & Safety Code § 110660, which deems food products

12 "misbranded" if their labeling is "false or misleading in any particular," and (b) Health & Safety Code §

13 110670, which bars nutrient content and health claims voluntarily placed on the front of a product label

14 that fail to comply with the federal regulation for nutrient content and health claims.

15      45. Each of the challenged statements made by Ferrero, by violating the FFDCA and

16 Sherman Law, further violate the "unlawful" prong of the UCL.

17      46. Ferrero's conduct also violates the California False Advertising Law and Consumer

18 Remedies Act, as further described herein, and for that reason further violates the UCL's "unlawful"

19 prong.

20      47. Ferrero leveraged its deception to induce Plaintiff and members of the Classes to purchase

21 products that were of lesser value and quality than advertised.

22      48. Plaintiff and members of the Classes suffered injury in fact and lost money or property as

23 a result of Ferrero's deceptive advertising in that they were denied the benefit of the bargain when they

24 decided to purchase Nutella® over competitor products, which are less expensive and/or contain healthier

25 ingredients, or which do not claim, like Nutella®, to be healthy. Had Plaintiff and members of the

26 Classes been aware of Ferrero's false and misleading advertising tactics, they would have paid less than

27 what they did for Nutella® or not purchased the product at all.

28      49. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Ferrero

1   from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to

2   commence a corrective advertising campaign.

3       50.     Plaintiff also seeks an order for the disgorgement and restitution of all monies from the

4   sale of Nutella®, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent

5   competition.

6                              **SECOND CAUSE OF ACTION**

7                       **Violations of the California Unfair Competition Law**

8                            **Bus. & Prof. Code §§ 17200 et seq.**

9                                 **(Unfair and Fraudulent)**

10      51.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set

11  forth in full herein.

12      52.     Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or

13  practice."

14      53.     The false and misleading labeling of Nutella®, as alleged herein, constitutes "unfair"

15  business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.

16  Further, the gravity of Ferrero's conduct outweighs any conceivable benefit of such conduct.

17      54.     Defendant placed Nutella® into the stream of commerce with knowledge that, through the

18  intended use of such products, individuals, including young children, will be exposed to high and

19  dangerous levels of saturated fat and highly-refined sugars.

20      55.     Defendant knew or should have known that high and dangerous levels of saturated fat and

21  sugar causes heart disease, type 2 diabetes, cancer and death.

22      56.     The acts, omissions, misrepresentations, practices, and non-disclosures of Ferrero as

23  alleged herein constitute "fraudulent" business acts and practices because Ferrero's conduct is false and

24  misleading to Plaintiff, members of the Classes, American consumers, and the general public.

25      57.     Defendant's labeling and marketing of Nutella® using claims such as "balanced

26  nutrition," "moms are helping nourish their children with whole grains," "A *balanced breakfast* is key

27  to a great start each morning for the entire family, especially for children," "An example of a tasty yet

28  balanced breakfast," and "Nutella® can form a part of a balanced meal."—which are likely to create

1   expectations of safety and well-being among consumer—is likely to deceive members of the Classes,

2   American consumers, and the general public about the healthfulness and safety of Defendant's Nutella®

3   product.

4       58.   Defendant either knew or reasonably should have known that the claims on the labels of

5   Nutella® were untrue and misleading.

6       59.   In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Ferrero

7   from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to

8   commence a corrective advertising campaign.

9       60.   Plaintiff also seeks an order for the disgorgement and restitution of all monies from the

10  sale of Nutella®, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent

11  competition.

12  **THIRD CAUSE OF ACTION**

13  **Violations of the California False Advertising Law,**

14  **Bus. & Prof. Code § 17500 et seq.**

15      61.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set

16  forth in full herein.

17      62.   In violation of Bus. & Prof. Code § 17500 et seq., the advertisements, labeling, policies,

18  acts, and practices described herein were designed to, and did, result in the purchase and use of the

19  products without the knowledge that Nutella® contain high levels of saturated fat.

20      63.   Ferrero either knew or reasonably should have known that the labels on Nutella® were

21  false and misleading.

22      64.   As a result, Plaintiffs, the Classes, and the general public are entitled to injunctive and

23  equitable relief, restitution, and an order for the disgorgement of the funds by which Ferrero was unjustly

24  enriched.

25  //

26  //

27  //

28  //

**FOURTH CAUSE OF ACTION**

**Violations of the Consumer Legal Remedies Act,**

**Civ. Code § 1750 *et seq.***

**(Injunctive Relief)**

65.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

66.    The CLRA has adopted a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily or personal, family, or household purposes.

67.    Ferrero's policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

     a.    § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

     b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

     c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised.

     d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.    As a result, Plaintiff and members of the Classes have suffered irreparable harm and are entitled to injunctive relief.

69.    In compliance with Civ. Code § 1782, Plaintiff has given written notice to Ferreror of their claims.

**FIFTH CAUSE OF ACTION**

**Breach of Express Warranty**

70.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

71.    Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the

filing date of this action, and as set forth hereinabove, Defendant made representations to the public, including Plaintiff, by its advertising, packaging and other means, that Nutella® is "an example of a tasty yet *balanced breakfast*," among other representations.   That promise became part of the basis of the bargain between the parties and thus constituted an express warranty.

72.     Thereon, Defendant sold the goods to Plaintiff and other consumers, who bought the goods from Defendant.

73.     However, Defendant breached the express warranty in that the goods were in fact not an "example of a tasty yet *balanced breakfast*," or healthy, as set forth in detail hereinabove.  As a result of this breach, Plaintiff and other consumers in fact did not receive goods as warranted by Defendant.

74.     As a proximate result of this breach of warranty by Defendants, Plaintiffs and other consumers have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

75.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

76.     Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth hereinabove, Defendant made representations to the public, including Plaintiffs, by their advertising, packaging and other means that Nutella® is "an example of a tasty yet *balanced breakfast*," among other representations.  Plaintiff and other consumers bought those goods from Defendant.

77.     Defendant was a merchant with respect to goods of this kind which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

78.     However, Defendant breached that warranty implied in the contract for the sale of goods in that Nutella® is in fact not "an example of a tasty yet *balanced breakfast*" and is also not a "healthy" nor "nutritious" breakfast food, as set forth in detail hereinabove.

79.     As a result of Defendant's conduct, Plaintiff and other consumers did not received goods as impliedly warranted by Defendant to be merchantable.

80.   As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

### PRAYER

**WHEREFORE,** Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Ferrero and all of the Defendant as follows:

### ON ALL CAUSES OF ACTION

A.   An order declaring this action to be a proper class action and requiring Ferrero to bear the cost of class notice.

B.   An order enjoining Ferrero from:

    a.   Marketing Nutella® as "healthy."

    b.   Marketing Nutella® as "balanced nutrition."

    c.   Marketing Nutella® as "moms are helping nourish their children with whole grains."

    d.   Marketing Nutella® as "Nutella® can form a part of a balanced meal."

    e.   Marketing Nutella® as "An example of a tasty yet balanced breakfast."

    f.   Marketing Nutella® as recommended or acceptable as a breakfast food.

    g.   Marketing Nutella® using the words "healthy", "wholesome," "balanced," "balanced nutrition" or "nutritious."

C.   An order compelling Ferrero to conduct a corrective advertising campaign to inform the public that its products contain unsafe amounts of saturated fat at consumers' actual consumption levels.

D.   An order requiring Ferrero to disgorge or return all monies, revenues, and profits obtained by means of any wrongful act or practice.

E.   An order compelling Ferrero to destroy all misleading and deceptive advertising materials and products.

F.   An order requiring Ferrero to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the UCL, FAL or CLRA,

1          plus pre-and post-judgment interest thereon.

2      G.     Costs, expenses, and reasonable attorneys' fees.

3      H.     For damages in an amount to be determined at trial.

4      I.     For punitive damages.

5      J.     For all such other and further relief as the Court may deem just and proper.

6                              **JURY DEMAND**

7      Plaintiff demands a trial by jury on all causes of action so triable.

8

9   DATED: February 1, 2011              Respectfully submitted,

10

11                                       By: _____

12                                       Ronald A. Marron
                                         Law Offices of Ronald A. Marron, APLC
13                                       Attorneys for Plaintiffs
                                         Ron.marron@gmail.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Athena Hohenberg, individually and on behalf of all others similarly situated

**DEFENDANTS**

Ferrero U.S.A., Inc., a foreign corporation

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Somerset
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ronald A. Marron, 3636 Fourth Ave., Ste. 202, San Diego, CA 92103, 619-696-9006

Attorneys (If Known)

'11CV0205 H    CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE                          DOCKET NUMBER

DATE
02/01/2011

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE