**LAW OFFICES OF RONALD A. MARRON, APLC**
Ronald A. Marron, Esq., State Bar No. 175650
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
Ron.marron@gmail.com

**THE WESTON FIRM**
Gregory S. Weston, Esq., State Bar No. 239944
Jack Fitzgerald, Esq., State Bar No. 257370
888 Turquoise Street
San Diego, California 92109
Telephone: (858) 488-1672
Facsimile: (480) 247-4553
Greg@westonfirm.com

Counsel for Plaintiff, Athena Hohenberg;
and the Proposed Class
Counsel for Related-Case Plaintiff, Laura Rude-Barbado;
and the Proposed Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA HOHENBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FERRERO U.S.A, INC., a foreign corporation,<br><br>Defendant. | CASE NO. 11-cv-00205 H CAB<br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY PLAINTIFF ATHENA HOHENBERG AND RELATED CASE PLAINTIFF LAURA RUDE-BARBATO TO:**<br>  **(1) CONSOLIDATE CASES, AND**<br>  **(2) APPOINT INTERIM LEAD CO-CLASS COUNSEL**<br><br>Date:    **March 28, 2011**<br>Time:    **10:30 a.m.**<br>Location:  **Courtroom 13**<br>Judge:   **Hon. Marilyn L. Huff**<br><br>[Filed concurrently with:<br>• Notice of Motion and Motion;<br>• Declaration of Ronald A. Marron;<br>• Declaration of Gregory S. Weston;<br>• Declaration of John J. Fitzgerald; and |

| | |
|---|---|
| LAURA RUDE-BARBATO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERRERO U.S.A, INC.,<br><br>Defendant. | • **Certificate of Service]**<br><br>Case No. 11-cv-00249-DMS-BLM<br>Class Action<br><br>Hon. Dana M. Sabraw |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Athena Hohenberg ("Plaintiff" or "Hohenberg") filed this action against Ferrero U.S.A., Inc. ("Ferrero") on February 1, 2011. Ferrero is the maker of Nutella® (a food spread). As of the date of this motion, Ferrero has not yet responded to the complaint.

On February 4, 2011, plaintiff Laura Rude-Barbato ("Plaintiff" or "Rude-Barbato") (Hohenberg and Rude-Barbato are collectively referred to as "Plaintiffs") filed a similar action against Ferrero. The Rude-Barbato action alleges similar violations of California law as the instant first-filed Hohenberg action. Both actions allege, among other things, that Ferrero used deceptive labeling (such as, "An example of a tasty yet balanced breakfast,") of packaged foods containing high levels of processed sugar, the consumption of which has been shown to cause type-2 diabetes and other serious health problems. Both actions challenge Ferrero's Nutella® (a food spread) product.

On February 24, 2011, this Court issued an order granting Ferrero a 30-day extension of time in which to respond to the complaint in this action. Ferrero's response is now due on the same day of the hearing – March 28, 2011. The Parties have also further agreed and stipulated that Defendants do not oppose Plaintiffs' instant motion to consolidate.

The theories underlying each action also overlap: the labels of the packages are false and misleading and therefore violate the Unfair Competition Law, Consumer Legal Remedies Act, and False Advertising Law. The similarities between the actions, each brought against the same defendant and each involving essentially the same conduct and product, warrant consolidation of these actions. Consolidating these cases will promote the interests of justice by precluding the possibility of

inconsistent results and will promote judicial economy and efficiency by streamlining the discovery process and reducing the number of required motions and filings.

## II.   CONSOLIDATION IS WARRANTED

### A.   Legal Standard

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed.R.Civ.P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In addition, "[t]he district court has broad discretion under Rule 42 to consolidate cases pending in the same district." Yanek v. Staar Surgical Co., No. CV 04-8007, 2004 U.S. Dist. LEXIS 30953, at *8 (C.D. Cal. Dec. 15, 2004) (citing Investors Research Co. v. U.S. Dist Ct., 877 F.2d 777 (9th Cir. 1989)). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

"The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." Team Enters., LLC v. W. Inv. Real Estate Trust, No. 08-cv-00872, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." Burnett v. Rowzee, No. SACV07-641, 2007 U.S. Dist. LEXIS 89799, at *5 (C.D. Cal. Nov. 26, 2007) (citations omitted).

### B.   The Cases Should Be Consolidated Because They Involve the Same Defendant and Present Common Factual and Legal Issues

Both actions against Ferrero share common questions of law and fact, making consolidation of these matters appropriate. The core factual allegation of these cases is the same, including that Ferrero misleadingly promotes its products as "An example of a tasty yet balanced breakfast," when in fact they contain dangerous levels of sugar. In this regard, both cases are putative class actions seeking certification of similar classes involving the same core issues against the same defendant. See Levitte v. Google, Inc., No. C 08-03369, 2009 U.S. Dist. LEXIS 18198 (N.D. Cal. Feb. 25, 2009) (finding consolidation of related cases with the same defendant appropriate where the related cases shared the same "core issue"); Burnett, 2007 U.S. Dist. LEXIS 89799, at *5 (defendant's "scheme to

defraud is a common factual issue among all of the cases," even though "the complaints differ in specifics, [because] as a general matter each rests on the same series of transactions"); Osher v. JNI Corp., No. 01-CV-0557, 2001 WL 36176415, at *2 (S.D. Cal. July 10, 2001) (finding that Rule 42 does not "require[] that the actions be identical before they may be consolidated"). Because both the instant action and the *Rude-Barbato* matter involve a common party (Defendant Ferrero) and because both cases share overlapping issue of fact and law, these circumstances strongly support consolidation.

### C.  Consolidation Would Serve the Interests of Justice, Judicial Economy, and Efficiency

Consolidation is also warranted because any discovery regarding Ferrero's conduct or policies relating to its advertising and manufacturing will be substantially the same among both actions. See Backe v. Novatel Wireless, Inc., No. 08 CV 01689, 2008 U.S. Dist. LEXIS 100622, at *7 (S.D. Cal. Dec. 10, 2008) (Where "the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits."). Because of the overlapping factual and legal issues, discovery will be almost identical. If these cases proceed separately, duplicative discovery will force Ferrero to expend significant extra effort and expense defending substantially identical claims.

Consolidation would also allow the Court to avoid unnecessary time and effort presiding over duplicative class certification proceedings, discovery matters, and other motions and proceedings. Furthermore, in these related cases arising from the same facts and affecting the same substantive rights of overlapping class members, divided proceedings create a risk of potentially inconsistent results. See Burnett, 2007 U.S. Dist. LEXIS 89799, at *9 (after finding a common factual issue, holding "[t]he real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive motions or trial in an uncoordinated manner"). Accordingly, consolidating these cases will serve to funnel the judicial proceedings along a single track thereby promoting the interest of justice, judicial economy and efficiency.

///

///

## III.  THE COURT SHOULD APPOINT THE LAW OFFICES OF RONALD A. MARRON AND THE WESTON FIRM AS INTERIM CLASS COUNSEL

### A.  Appointment of Interim Class Counsel is Necessary and Appropriate

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  While Rule 23(g)(3) is silent as to the process for selecting interim class counsel, courts have often considered the factors enumerated in Rule 23(g)(l).  Under Rule 23(g)(l), a court may consider "(i) the work counsel has done in identifying or investing potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  In addition, the court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interest of the class."  Fed. R. Civ. P. 23(g)(1)(B).

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  The appointment of interim class counsel during the pre-certification period is appropriate because "it will usually be important for an attorney to take action to prepare for the certification decision."  Advisory Committee Note to Rule 23(g)(2)(A) (2003 amendments).  Appointment of interim class counsel is especially appropriate where "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, [and] a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . ."  Manual of Complex Litigation Fourth § 21.11 (2004).  Moreover appointment of interim counsel in such cases "will greatly reduce the inevitable duplication of effort" and the "danger of duplication of fees."  See Castaneda v. Burger King Corp., No. C 08-04262, 2009 U.S. Dist. LEXIS 99084, at *50 (N.D. Cal. Sept. 25, 2009) (stating that the "overall number of timekeepers should be kept to a small, efficient core group of lawyers . . .").

Here, the Court should appoint the Law Offices of Ronald A. Marron and the Weston Firm as Interim Lead Co-Class Counsel because of their considerable work on behalf of the putative classes;

their combined experience in class action litigation; their representation of the Plaintiffs in these related actions; their representation of plaintiffs in a number of other similar cases (such as the trans fat cases), which presents the opportunity for economies of scale benefitting the putative classes; and their proximity to the Southern District (including the presence of the Law Offices of Ronald A. Marron and attorney Gregory S. Weston in this District), which will promote efficiency and conserve resources on behalf of the putative classes.

The attorneys of proposed interim lead co-class counsel the Law Offices of Ronald A. Marron and the Weston Firm are familiar with class actions and other complex civil litigation and have previously been appointed class counsel in federal class actions. See Declaration of Ronald A. Marron, dated executed on February 28, 2011 ("Marron Decl."); Declaration of Gregory S. Weston, executed on February 23, 2011 ("Weston Decl."); Declaration of Jack Fitzgerald, executed on February 23, 2011 ("Fitzgerald Decl."). Proposed interim lead co-class counsel also represent all of the named plaintiffs in two separate actions for which consolidation is proposed.

For all of these reasons, and as more fully set forth below, the appointment of the Law Offices of Ronald A. Marron and the Weston Firm as interim lead co-class counsel is appropriate.

### B. Ronald Marron is Qualified To Serve as Interim Class Counsel

Mr. Marron was admitted to the California bar in 1995 and started his firm, with a practice emphasizing consumer fraud, in 1998. Since then, Mr. Marron has acquired extensive experience in complex litigation and class actions, and has obtained several large settlements as lead counsel.

For example, Mr. Marron was appointed class counsel in *Peterman v. Midland National Life Insurance,* No. BC357194, (L.A. Co. Sup. Ct.), which was litigated over a 4-year period. Mr. Marron achieved a settlement of approximately $60 million for consumers in that case. Mr. Marron also served as class counsel in *Clark v. National Western Life Insurance Company*, No. BC321681 (L.A. Co. Sup. Ct.), a class action that resulted in a settlement of approximately $25 million. Mr. Marron was also appointed counsel for the certified class in *Iorio v. Asset Marketing*, No. 05cv00633 (S.D. Cal.), and which after six years of litigation has now reached a settlement that has received preliminary approval. Mr. Marron was also appointed lead class counsel, and his firm obtained class certification, in *Tabares v. Equitrust Life Insurance Company*, Case No. BC390195 (L.A. Co. Sup.

Ct.).

Mr. Marron is currently counsel in a number of additional putative class actions and complex cases, including *Pinson v. Sun Life Assurance Company of Canada*, Case No. 37-2010-00100478 (S.D. Co. Sup. Ct.), *Salvatierra v. Sprint Solutions*, Case No. 10-cv-2044 (USDC, S.D. Cal.), *Martinez v. Toll, et al.*, Case No. 09-cv-00937-CDJ (USDC, E.D. Penn.), and *In re Arena Pharma.*, No. 10-cv-2079 (USDC, S.D. Cal.). He has also represented plaintiffs victimized in Ponzi schemes, prosecuted shareholder derivative suits, and sought relief for victims of securities fraud. Mr. Marron has litigated hundreds of lawsuits and arbitrations against investment advisors and stockbrokers, such as Morgan Stanley, LPL Financial, Merrill Lynch, Banc of America Securities, and Citigroup, who placed clients into unsuitable investments, failed to diversify, and who violated the Securities Acts of 1933 and/or 1934.

In sum, Mr. Marron is an experienced California class action attorney who has been appointed class counsel in numerous actions, has obtained class certification in numerous actions, and has obtained several highly-favorable resolutions to such suits on behalf of aggrieved classes of investors and consumers.

### C. The Weston Firm is Qualified To Serve as Interim Class Counsel

The Weston Firm has dedicated nearly all of its practice to representing plaintiffs. In 2009, the Weston Firm was appointed sole Class Counsel to represent purchasers of approximately 145 condominiums in *Adachi et al. v. Carlyle/Galaxy San Pedro L.P. et al.*, Case No. 09-793 (C.D. Cal.), which settled in 2009 on a class-wide all-cash basis for approximately $1.35 million. Together with Lieff Cabraser, the Weston Firm was appointed interim class counsel and is prosecuting a class action lawsuit against Apple, Inc. and AT&T Mobility, LLC, for damages caused by a "bait and switch" scheme Apple and AT&T perpetrated relating to promised unlimited data service plans for Apple's iPad 3G, styled *Logan v. Apple, Inc. et al.*, Case No. CV 10-2588 RMW (N.D. Cal.). The Weston Firm is also counsel for one of the plaintiffs in the consolidated action pending against website the Yelp! Inc. over its sales and marketing practices, styled *Levitt v. Yelp! Inc.*, Case No. CV 10-1321 MHP (N.D. Cal.). Moreover, Weston Firm represents plaintiffs in six similar putative class actions challenging labeling and advertising practices of packaged food and nutrition supplement companies.

CLASS ACTION – MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION BY PLAINTIFFS TO: (1) CONSOLIDATE CASES, AND (2) APPOINT INTERIM CO-CLASS COUNSEL

In sum, the Weston Firm has dedicated substantial resources and efforts to prosecuting claims similar to those in this case, against food manufacturers who deceptively label products containing toxic artificial trans fat in a manner implying the products are healthy. This provides the Weston Firm with the benefits of expertise in the subject area and economies of scale that will benefit the Class.

### D.  The Weston Firm and Law Offices of Ronald A. Marron Together Are Qualified to Serve as Interim Lead Co-Class Counsel

Attorneys Marron, Weston, and Fitzgerald are all experienced attorneys who are familiar with the rules and procedures of this Court. Attorneys Ronald Marron and Gregory Weston both reside and practice in this District. Specifically, both Mr. Marron and Mr. Weston have extensive experience handling cases set in this District and are knowledgeable of the local rules and procedures of this Court. Mr. Fitzgerald was formerly a patent litigation associate at Mayer Brown's Palo Alto office and worked on a variety of cases set in this District. Importantly, because they are located in San Diego County, attendance at hearings and depositions, and any necessary in-person meetings with opposing counsel, will be efficient and economical. Similarly, Mr. Fitzgerald is very familiar with this District as a result of his experience and background, and is located an inexpensive one-hour commuter flight from the Court.

Finally, both the Law Offices of Ronald A. Marron and the Weston Firm are fully committed and have the necessary staff and financial resources to prosecute the consolidated action against Ferrero to achieve a successful outcome for the putative class.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8
CLASS ACTION – MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION BY PLAINTIFFS TO: (1) CONSOLIDATE CASES, AND (2) APPOINT INTERIM CO-CLASS COUNSEL

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant their request to (i) consolidate these cases and (ii) appoint The Law Offices of Ronald A. Marron and The Weston Firm Interim Lead Co-Class Counsel in the consolidated action.

DATED:   February 28, 2011            Respectfully submitted by,

/s/ Ronald A. Marron
Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:   (619) 564-6665
**Attorneys for Plaintiff Athena Hohenberg;
and the Proposed Class**

/s/Gregory S. Weston
Gregory S. Weston
**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
888 Turquoise Street
San Diego, CA 92109
Telephone:   858 488 1672
Facsimile:   480 247 4553
*Counsel for Plaintiff Laura Rude-Barbato
and the Proposed Class*

/s/ Jack Fitzgerald
Jack Fitzgerald
**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
888 Turquoise Street
San Diego, CA 92109
Telephone:   858 488 1672
Facsimile:   480 247 4553
*Counsel for Plaintiff Laura Rude-Barbato
and the Proposed Class*