# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHENA HOHENBERG, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>FERRERO U.S.A., INC., a foreign corporation,<br><br>　　　　　　　　　Defendant. | CASE NO. 11-CV-205 H (CAB)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO CONSOLIDATE CASES**<br><br>**(2) GRANTING MOTION TO APPOINT INTERIM LEAD CO-CLASS COUNSEL**<br><br>CASE NO. 11-CV-249 H (CAB) |
| LAURA RUDE-BARBATO, on behalf of herself and all other similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>FERRERO U.S.A., INC.,<br><br>　　　　　　　　　Defendant. | |

On February 1, 2011, Plaintiff Athena Hohenberg filed a class action against Defendant Ferrero U.S.A., Inc. ("Ferrero") alleging (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violations of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq.; (4)

breach of express warranty; and (5) breach of implied warranty of merchantability. (Hohenberg Doc. No. 1.) On February 4, 2011, Plaintiff Laura Rude-Barbato filed a class action against Defendant Ferrero alleging (1) violations of California's UCL; (2) violations of California's FAL; (3) violations of California's CLRA; (4) breach of express warranty; (5) breach of implied warranty of merchantability; and (6) violations of the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8 et seq. (Rude-Barbato Doc. No. 1.)

On February 28, 2011, the Plaintiffs in both actions filed a motion to consolidate the cases and appoint interim lead co-class counsel. (Hohenberg Doc. No. 8.) On March 14, 2011, Defendant filed a non-opposition to Plaintiffs' motion. (Hohenberg Doc. No. 9.) On March 21, 2011, Plaintiffs filed their reply. (Hohenberg Doc No. 10.) A hearing on the matter is currently set for March 28, 2011 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the motion hearing. For the reasons below, the Court GRANTS the Plaintiffs' motions.

## Background

Both actions are consumer class action lawsuits brought on behalf of people who have purchased Ferrero's Nutella® spread after relying on allegedly deceptive and misleading labeling. (See Hohenberg Doc. No. 1; Rude-Barbato Doc. No. 1.) Specifically, the core factual allegation of both complaints is that Ferrero misleadingly promotes its Nutella® spread as "An example of a tasty yet balanced," when in fact it contains dangerous levels of sugar. (Hohenberg Doc. No. 8-1 at 3.) Plaintiffs in both actions allege economic injuries caused by the products's deceptive and misleading labeling. (Hohenberg Doc. No. 1 ¶ 25; Rude-Barbato Doc. No. 1 ¶ 40.)

## Discussion

### 1. Consolidation of Related Actions

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of cases "[w]hen actions involving a common question of law or fact are pending before the court . . . ." Fed. R. Civ. P. 42(a). The Court has discretion to "order a joint hearing or trial of any or all matters

in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Id. A district court has broad discretion under Rule 42 to consolidate cases pending in its district. See Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. Cal., 877 F.2d 777, 777 (9th Cir. 1989). "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

The Court grants the Plaintiffs's motion for consolidation of the related actions of Hohenberg v. Ferrero U.S.A., Inc., case no. 11-cv-205-H (CAB), and Rude-Barbato v. Ferrero U.S.A., Inc., case no. 11-cv-249-H (CAB). The two cases involve sufficient common questions of law and facts such that efficiency would be enhance by their consolidation, as each allege economic injuries based on the deceptive and misleading labeling on Ferrero's Nutella® spread. Both complaints also name the same Defendant, Ferrero, and Ferrero believes that the two proceedings should be consolidated. (Hohenberg Doc. No. 9.) In addition, because the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits. Consolidation is appropriate to save time and effort and will not produce inconvenience, delay, or expense on the litigants or trial judge. See Huene, 743 F.2d at 704.

**2. Appointment of Interim Lead Co-Class Counsel**

Federal Rule of Civil Procedure 23(g)(3) allows courts to "[d]esignate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "[W]here a number of overlapping, duplicative or competing suits are present, a number of lawyers may compete for class counsel appointment." Four in One Co. v. SK Foods, L.P., 2009 U.S. Dist. LEXIS 28657, at *7 (E.D. Cal. 2009). "'In such cases, designation of interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities.'" Id. (quoting Manual for Complex Litigation, Fourth, § 21.11 at 246 (Federal Judicial Center 2004).

"Although Rule 23(g)(3) does not provide any guidance for selecting interim class counsel, a court may consider the factors enumerated in Rule 23(g)(1)." Levitte v. Google, Inc., 2009 U.S. Dist. LEXIS 18198, at *5 (N.D. Cal. 2009); accord. Four in One, 2009 U.S. Dist. LEXIS 28657, at *7-8. Under Federal Rule of Civil Procedure 23(g)(1), a court considers "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

The Court grants Plaintiffs' motion to appoint the law offices of Ronald A. Marron and the Weston Firm as interim lead co-class counsel. The appointment of interim class counsel is appropriate here, as there are multiple class actions that are being consolidated into a single action. See, e.g., Amador v. Logistics Express, Inc., 2010 U.S. Dist. LEXIS 97999 (C.D. Cal. 2010). Each proposed class counsel appears to be well qualified to represent the interests of the purported class and to manage this litigation. (Hohenberg Doc. No. 8-1 at 6-8.) In addition, Ferrero does not oppose Plaintiffs' motion for appointment of lead counsel. (Hohenberg Doc. No. 9.)

## Conclusion

For the reason above, the Court GRANTS Plaintiffs' motion to consolidate and GRANTS Plaintiffs' motion for the appointment of interim lead co-class counsel. The Court ORDERS Plaintiffs to file a consolidated complaint within thirty (30) days of the date that this order is filed.

**IT IS SO ORDERED.**

DATED: March 22, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT