1   KEITH E. EGGLETON, State Bar No. 159842
    COLLEEN BAL, State Bar No. 167637
2   DALE R. BISH, State Bar No. 235390
    AMIR STEINHART, State Bar No. 275037
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   650 Page Mill Road
    Palo Alto, CA 94304-1050
5   Telephone:  (650) 493-9300
    Facsimile:   (650) 565-5100
6
    Attorneys for Defendant
7   FERRERO U.S.A, INC.

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  ATHENA HOHENBERG, individually and on    )   CASE NO.: 11 CV 0205 (H CAB)
    behalf of all others similarly situated,       )
12                                                 )   DEFENDANT FERRERO U.S.A.,
                      Plaintiffs,                  )   INC.'S MEMORANDUM OF POINTS
13                                                 )   AND AUTHORITIES IN SUPPORT
                                                   )   OF ITS MOTION TO TRANSFER
14          v.                                     )   VENUE TO THE DISTRICT OF NEW
                                                   )   JERSEY PURSUANT TO 28 U.S.C.
15  FERRERO U.S.A., INC., a foreign corporation,   )   § 1404(a)
                                                   )
16  Defendant.                                     )   Date:    May 2, 2011
                                                   )   Time:    10:30 AM
17                                                 )   Before:  Hon. Marilyn L. Huff
                                                   )
18  _____)
                                                   )
19  LAURA RUDE-BARBATO, on behalf of herself  )
    and all others similarly situated,             )
20                                                 )
                      Plaintiffs,                  )
21                                                 )
                                                   )
22          v.                                     )
                                                   )
23  FERRERO U.S.A., INC.,                          )
                                                   )
24                    Defendant.                   )
                                                   )
25  _____)

26

27

28

1
2

**DEFENDANT FERRERO U.S.A., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(a)**

3

Defendant Ferrero U.S.A., Inc. ("Ferrero U.S.A." or the "Company") respectfully

4

submits this Memorandum of Points and Authorities in Support of its Motion to Transfer Venue

5

Pursuant to 28 U.S.C. § 1404(a).

6

## INTRODUCTION

7

Between February 1, 2011 and March 4, 2011, Ferrero U.S.A. was served with four

8

consumer class action complaints related to one of its products, Nutella® – a hazelnut spread

9

which is used by consumers for a variety of eating occasions, including spread on toast at

10

breakfast.  Two of those actions, which were filed in this judicial district, were recently

11

consolidated by the Court following stipulation of the parties.  The third and fourth complaints

12

are pending in New Jersey – one in the United States District Court for the District of New

13

Jersey and one in New Jersey Superior Court – *i.e.*, the federal and state judicial districts in

14

which Ferrero U.S.A. is headquartered.

15

Although pending in different courts, each complaint asserts the same core allegations,

16

*i.e.*, that the product label and advertisements for Nutella® are false and misleading because,

17

according to plaintiffs, the challenged statements assert that Nutella® is "healthy" and

18

"nutritious" when it is not.  Each plaintiff asserts causes of action under the consumer protection

19

statutes of the respective forum, along with causes of action for breach of contract, breach of

20

express warranty, and breach of implied warranty of merchantability, and each plaintiff is

21

seeking to represent overlapping classes of Nutella® consumers.  Consolidating the parallel

22

federal actions will avoid the unnecessary costs and burdens (to the parties, witnesses and courts)

23

associated with duplicative litigation that may result in inconsistent or conflicting outcomes.

24

Ferrero U.S.A. respectfully submits that the District of New Jersey is the appropriate

25

forum for this litigation given the factual nexus of the case and because transfer to that judicial

26

district will result in the greatest convenience for the parties and witnesses, most of whom are

27

located there.  The Southern District of California has within its borders neither the evidence nor

28

the relevant witnesses in connection with this action – the District of New Jersey does.  Because

1  the District of New Jersey is more convenient for the parties and witnesses and because transfer

2  would serve the interest of justice, Ferrero U.S.A. respectfully requests that the Court transfer

3  this case to the United States District Court for the District of New Jersey.

4                                    **<u>BACKGROUND</u>**

5           Ferrero U.S.A. is a Delaware corporation that sells several popular food products in the

6  United States, including Nutella® hazelnut spread, Tic Tac® mints, and Ferrero Rocher® fine

7  hazelnut chocolates.  Declaration of Bernard F. Kreilmann in Support of Defendant's Motion to

8  Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) ("Kreilmann

9  Decl.") ¶¶ 2-3.  Ferrero U.S.A.'s principal place of business, *i.e.*, its corporate headquarters, is

10 located in Somerset, New Jersey.  *Id.*  All of Ferrero U.S.A.'s executives and corporate

11 employees, including its employees responsible for the marketing, advertising and labeling of

12 Nutella® hazelnut spread, work at the Company's New Jersey headquarters.  Outside of New

13 Jersey, Ferrero U.S.A. employs 159 field sales personnel (including 96 part time employees)

14 who are located throughout the United States, including 15 field sales personnel in California.[1]

15          On February 1, 2011, Plaintiff Athena Hohenberg filed a class action against Ferrero

16 U.S.A. in this Court in which she alleges the labeling and advertising for Nutella® violate (1)

17 California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2)

18 California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3)

19 California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4)

20 express warranty; and (5) implied warranty of merchantability. Hohenberg Docket Number

21 ("Dkt. No.") 1.  On February 4, 2011, Plaintiff Laura Rude-Barbato filed a second class action

22 against Ferrero U.S.A. in this Court alleging (1) violations of California's UCL; (2) violations of

23 California's FAL; (3) violations of California's CLRA; (4) breach of express warranty; (5)

24 breach of implied warranty of merchantability; and (6) violations of the New Jersey Consumer

25 Fraud Act, N.J. Stat. § 56:8 *et seq*. Rude-Barbato Dkt. No. 1.

26 _____

27 [1] Nutella® is distributed in the United States using third party distributors at various facilities, including one that is operated out of Ferrero U.S.A.'s New Headquarters (600 Cottontail Lane,

28 Somerset, New Jersey), one that is located in Illinois, and one that is located in Ontario, California.

On February 28, 2011, the plaintiffs in both actions filed a motion to consolidate cases and appoint interim lead co-class counsel, (Hohenberg Dkt. No. 8.), which the Court granted on March 22, 2011.  Plaintiffs filed their "Master Consolidated Complaint" ("Consolidated California Compl.") the following day.  As noted in its response to plaintiffs' motion to consolidate, however, Ferrero U.S.A. has been served with two additional class action complaints in its home state of New Jersey – one in the District of New Jersey (*Glover v. Ferrero USA, Inc*., Case No. 3:11-cv-01086) ("Glover") and one in New Jersey Superior Court. By way of this motion, Ferrero U.S.A. is seeking to transfer this action to the District of New Jersey for consolidation with *Glover*.

At their core, the California and New Jersey complaints both allege that the product labeling and advertising campaigns for Nutella® falsely claim the product is "nutritious" and "healthy" (Consolidated California Compl. ¶ 3; Glover Compl. ¶¶ 8-9) and fails to adequately disclose the presence and/or effect of saturated fats, sugar, oil, and artificial flavoring (Consolidated California Compl. ¶¶ 88-89; Glover Compl. ¶¶ 10-12, 21).

For example, both complaints allege that the statement "An example of a tasty yet balanced breakfast: a glass of skim milk, orange juice and Nutella® on whole wheat bread" on the product label for Nutella® is false and misleading.  *Compare* Glover Compl. ¶ 24 (alleging that the Nutella® label "omits that (a) the 'balanced breakfast' is derived from the other foods or drinks which are depicted on the label; (b) Nutella® contains high levels of saturated fat; and (c) Nutella® contains over 55% processed sugar") *with* Consolidated California Complaint ¶ 77 ("Nutella®'s product labels are deceptive because they falsely suggest that Nutella® is the key element that makes the depicted breakfast 'balanced' or nutritious when in fact it is the other food items such as milk, juice, fruit and bread that provide the nutrients and healthy qualities that Nutella® is touting.").  And each challenge the television advertisements for Nutella® (Consolidated California Compl. ¶¶ 90-96; Glover Compl. ¶¶ 26-49) along with various images and representations that have appeared in print advertisements or on the Nutella® website (Consolidated California Compl. ¶¶ 70-89; Glover ¶¶ 50-67).

Finally, each plaintiff purports to represent a nationwide class of Nutella® consumers (Consolidated California Compl. ¶¶ 119-28; Glover Compl. ¶¶ 82-90) and the two complaints seek identical relief (Consolidated California Compl. pp. 38-39; Glover Compl. pp. 22-23) under the consumer protection laws of California and New Jersey, respectively.[2]

## ARGUMENT

The District of New Jersey is the most appropriate venue for these actions.[3]  Where, as here, both the original and requested venue are proper, a motion to transfer is governed by Section 1404(a), which provides, "[f]or the convenience of [the] parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted).  The decision to transfer venue under Section 1404(a) lies within the discretion of the trial court.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

In considering a motion to transfer brought under Section 1404(a), courts weigh multiple factors to determine (1) whether the transferee district is one where the action might have been brought; (2) whether transferring the action will promote the interest of justice; and (3) which judicial district would further the convenience of parties and witnesses.  *See A.J. Indus. v. U.S. Dist. Court for Cent. Dist.*, 503 F.2d 384, 386-87 (9th Cir. 1974); *Multimedia Patent Trust v. Tandberg, Inc.*, No. 09-CV-1377, 2009 WL 3805302, at *3 (S.D. Cal. Nov. 12, 2009) ("Under

---

[2] Notably, the Rude-Barbato complaint originally contained a cause of action under New Jersey law, which was removed from the Consolidated California Complaint after Ferrero informed the parties and Court that it would be filing this motion.

[3] 28 U.S.C. § 1391(b) provides that "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1404, a district court 'may transfer any civil action to any other district or division where it might have been brought' 'for the convenience of parties and witnesses' and 'in the interest of justice.'") (citation omitted).

### A.  The Action Could Have Been Brought In the District of New Jersey

This action could have been brought in the District of New Jersey because that district has subject matter jurisdiction over this action, personal jurisdiction over the defendant, and venue would have been proper.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Commercial Lighting Prods., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079-80 (9th Cir. 1976); *see also* 28 U.S.C. § 1391.  The District of New Jersey has subject matter jurisdiction over the claims (for the same reasons the action was filed in this Court, including jurisdiction under the Class Action Fairness Action) and personal jurisdiction over Ferrero U.S.A., given its presence in that state.

In addition to jurisdiction, the District of New Jersey would have been a proper venue for this action.  Venue is deemed proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b)(1)-(3).  Here, Ferrero U.S.A. resides in New Jersey;[4] its corporate headquarters is located there and many of the purported events giving rise to plaintiffs' claims, along with the relevant witnesses, are located in New Jersey.  Venue in New Jersey, therefore, would have been proper under Section 1391(b)(1) or (b)(2).

### B.  The Interest Of Justice and Convenience of the Parties and Witnesses Each Weigh in Favor of Transfer to the District of New Jersey

Because the action "could have been brought" in the District of New Jersey, the Court must next determine whether the interest of justice along with the convenience of the parties and

---

[4] A defendant that is a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . . [S]uch corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."  28 U.S.C. § 1391(c).

1  witnesses weigh in favor of transferring this action to that judicial district.  In making that

2  determination, courts weigh multiple factors, such as:  the pendency of related actions;

3  the location where the relevant agreements were negotiated and executed; the state that is most

4  familiar with the governing law; plaintiff's choice of forum; the respective parties' contacts with

5  the forum; the contacts relating to plaintiff's cause of action in the chosen forum; the unfairness

6  of imposing jury duty on citizens in a forum unrelated to the action; the differences in the costs

7  of litigation in the two forums; the availability of compulsory process to compel attendance of

8  unwilling non-party witnesses; and the ease of access to sources of proof.  *See, e.g.*, *Jones*, 211

9  F.3d at 498-99; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.

10  1986).

11                    **1.      Transfer Would Promote the Interest of Justice**

12            The "interest of justice" consideration is "the most important factor a court must

13  consider, and may be decisive in a transfer motion even when all other factors point the other

14  way."  *Gerin v. Aegon USA, Inc.*, No. C 06-5407, 2007 WL 1033472, at *6 (N.D. Cal. Apr. 4,

15  2007); *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir.

16  1997) ("Consideration of the interest of justice, which includes judicial economy, 'may be

17  determinative to a particular transfer motion, even if the convenience of the parties and witnesses

18  might call for a different result.'") (citation omitted); *Deatley v. Howard*, No. C 07-1145, 2007

19  WL 2463297, at *3 (W.D. Wash. Aug. 27, 2007) ("The interest of justice is the most important

20  factor of all.").

21            Here, the "interest of justice" weighs in favor of transfer given the pendency of

22  substantially similar actions in the transferee forum.  *See A.J. Indus.*, 503 F.2d at 389 ("The

23  feasibility of consolidation is a significant factor in a transfer decision, although even the

24  pendency of an action in another district is important because of the positive effects it might have

25  in possible consolidation of discovery and convenience to witnesses and parties.") (internal

26  citation omitted); *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a

27  situation in which two cases involving precisely the same issues are simultaneously pending in

28  different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was

1   designed to prevent."). The key inquiry is "not whether identical causes of action have been pled

2   in the two actions but whether they hinge upon the same factual nuclei." *See, e.g.*, *Dahl v. HEM*

3   *Pharms. Corp.*, 867 F. Supp. 194, 197 (S.D.N.Y 1994) (internal quotation marks, emphasis and

4   citations omitted).

5          As described above, the pending cases in this Court and in the District of New Jersey

6   unquestionably "hinge upon the same factual nuclei" and the presence of a related action weighs

7   in favor of transfer for the same reasons set forth in this Court's March 22, 2011 Order

8   consolidating the two California cases. *See* Hohenberg Dkt. No. 7 at 3 ("[t]he two cases involve

9   sufficient common questions of law and facts such that efficiency would be enhanced by their

10  consolidation, as each allege economic injuries based on the deceptive and misleading labeling

11  on Ferrero's Nutella® spread. . . . In addition because the related actions are based on the same

12  facts and involve the same subject matter, the same discovery will be relevant to both lawsuits.

13  Consolidation is appropriate to save time and effort and will not produce inconvenience, delay,

14  or expense on the litigants or trial judge." *See Huene v. United States*, 743 F.2d 703, 704 (Cal.

15  1984)).

16         In considering the "interests of justice," the Court may also consider the relative interests

17  of the two forum states in the litigation. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, No. CV

18  06-4871, 2006 WL 4568798, at *6 (C.D. Cal. Nov. 30, 2006). Where, as here, cases in

19  California did not involve a "localized controversy," and no issues or contacts unique to

20  California exist, courts have recognized that other venues may have greater interests, justifying

21  transfer. *See id.* (transferring case where "[t]here is no unique contact between California and

22  the action"). Although California has an interest in protecting its residents and providing a

23  forum for resolution of their disputes, New Jersey's interest in the affairs of its corporate resident

24  is much greater.

25         Moreover, to the extent that California has an interest in hearing the claims of its

26  residents, courts have found transfer to be appropriate nevertheless where, as in this case, the

27  interest of the state arises merely out of the local residence of the plaintiffs, and their

28  corresponding purchase of the items in question. *See Gerin*, 2007 WL 1033472, at *6 (granting

1  motion to transfer to the Middle District of Florida, where plaintiffs' only basis for filing suit in

2  California was that they "reside here and purchased their annuities here").  Finally, whether the

3  case is litigated in New Jersey or California, the courts will need to decide choice of law issues.

4  At their core, both cases assert violations of state consumer laws and either court is certainly

5  capable of applying consumer laws of various states.

6        Thus, the factor assessing the contacts relating to plaintiff's cause of action in the chosen

7  forum, and the relative interests of the two forum states in the litigation, weigh in favor of

8  transferring the case to New Jersey.

9                **2.**    **<u>Transfer Would Promote the Convenience of the Parties and</u>**
                            **<u>Witnesses</u>**

10

11        Transferring this action to the District of New Jersey would promote the convenience of

12  the parties and witnesses under § 1404(a).  The District of New Jersey is plainly a more

13  convenient forum for the parties given that Ferrero U.S.A.'s headquarters, the relevant

14  employees and third parties reside in that district.  Kreilmann Decl. ¶¶ 2-6.

15        With respect to the convenience of the named plaintiff, the Ninth Circuit has held that in

16  class actions like this, "the named plaintiff's choice of forum is given less weight" than in other

17  contexts.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).[5]  Moreover, "[i]f the operative

18  facts have not occurred within the forum . . . [the plaintiff's] choice is entitled to only minimal

19

20

21

22

23

---

[5] *See also Gerin*, 2007 WL 1033472, at *7 ("[T]he plaintiffs' choice of forum is given little
24  deference where, as here, the action is brought on behalf of a class."); *Alexander v. Franklin
Res., Inc.*, No. C 06-7121, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) ("[P]laintiffs'
25  choice of forum is less significant where the plaintiff purports to represent a nationwide class.");
*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[T]he Ninth Circuit, like
26  other courts, has noted that the weight to be given the plaintiff's choice of forum is discounted
where the action is a class action."); *but see Milton v. TruePosition, Inc.*, 2009 WL 323036, at *2
27  (N.D.Cal. 2009) (finding plaintiffs' choice of forum should be accorded "some deference" where
brought in plaintiffs' home forum).

28

1 | consideration." *Lou*, 834 F.2d at 739 (affirming transfer to Southern District of New York).[6]

2 | Where this is the case, "defendants have less of a burden of demonstrating that a transfer is

3 | warranted than they might otherwise have." *Saleh*, 361 F. Supp. 2d at 1167.[7] Since plaintiffs

4 | here are bringing class action claims, and given that the challenged conduct occurred in New

5 | Jersey, plaintiffs' choice of forum is entitled to less deference than it might otherwise. *In re*

6 | *Yahoo!*, 2008 WL 707405, at *8 (C.D.Cal. March 10, 2008) ("defendants' alleged

7 | misrepresentations and omissions . . . are deemed to 'occur' in the district where they are

8 | transmitted or withheld, not where they are received."). Thus, the factor considering plaintiffs'

9 | choice of forum does not weigh in favor of maintaining the case in this District.

10 | New Jersey is also more convenient for probable witnesses. This factor is of particular

11 | significance in considering whether to transfer. 15 Wright, Miller & Cooper, Federal Practice

12 | and Procedure § 3851, at 415-17 (2d ed. 1986) ("Probably the most important factor . . . is the

13 | convenience of witnesses. If the forum chosen by plaintiff will be most convenient for the

14 | witnesses, this is a powerful argument against transfer, while if some other forum will better

15 | serve the convenience of witnesses, transfer is likely to be granted"). Plainly, the key witnesses

16 | in this action are located in New Jersey (or elsewhere on the east coast) while none (besides

17 | plaintiffs themselves) are located in California.

18 | Finally, the availability of compulsory process to compel attendance of unwilling non-

19 | party witnesses also weighs in favor of transfer. If the case were to remain in California, this

---

[6] *See also Diego, Inc. v. Gemstar-TV Guide Int'l, Inc.*, No. C 06-1417, 2007 WL 295539, at *3 (W.D. Wash. Jan. 29, 2007) ("Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum."); *Saleh*, 361 F. Supp. 2d at 1157 ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").

[7] *See also Jaco Envtl. Inc. v. Appliance Recycling Ctrs. of Am., Inc.*, No. C 06-06601, 2007 WL 951274, at *3 (N.D. Cal. Mar. 27, 2007) ("As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases."); *AV Media, PTE, Ltd. v. OmniMount Sys., Inc.*, No. C 06-3805, 2006 WL 2850054, at *3 (N.D. Cal. Oct. 5, 2006) (same); *Rare Breed Distilling v. Heaven Hill Distilleries*, 2010 WL 335658, at *2 (N.D.Cal. 2010) ("[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence *or* where the forum chosen lacks a significant connection to the activities alleged in the complaint.")

1   Court might not have subpoena power over potential non-party witnesses, many of whom are

2   located in New Jersey and New York, and this Court might therefore be unable to compel those

3   witnesses to appear at trial.  *See* Kreilmann Decl. ¶ 6; Fed. R. Civ. P. 45(b)(2) (subpoena may be

4   served at any place within district or at any place outside of district within 100 miles from place

5   of trial).  Transferring the case to the District of New Jersey would ensure that both parties may

6   invoke the trial court's subpoena power to command the presence of key fact-based witnesses.

**CONCLUSION**

8          For the foregoing reasons, Ferrero U.S.A. respectfully requests that this Court transfer

9   this case to the United States District Court for the District of New Jersey.

12  Dated: March 24, 2011                    Respectfully submitted,

13                                           WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation

15                                           By: /s/  Dale R. Bish                      
16                                                   Dale R. Bish

17                                           Attorneys for Defendant Ferrero U.S.A., Inc.