**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| In re FERRERO LITIGATION. | CASE NO. 11-CV-205 H (CAB) |
|---|---|
| | **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TRANSFER** |

On March 24, 2011, Defendant Ferrero U.S.A., Inc. ("Ferrero") filed a motion to transfer this action to the District of New Jersey. (Doc. No. 19.) On May 2, 2011, Plaintiffs filed a response in opposition to Defendant's motion to transfer. (Doc. No. 33.) On May 9, 2011, Defendant filed a reply in support of its motion. (Doc. No. 36.) A hearing on the matter is currently scheduled for May 16, 2011 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the following reasons, the Court DENIES without prejudice Defendant's motion to transfer.

**Background**

This is a consolidated consumer class action lawsuit brought on behalf of people who have purchased Ferrero's Nutella® spread after relying on allegedly deceptive and misleading labeling. (Doc. No. 14, Cons. Compl.) Specifically, Plaintiffs allege that Ferrero misleadingly promotes its Nutella® spread as healthy and beneficial to children when in fact it contains dangerous levels of sugar. (Id. ¶ 99-102.) Based on these representations, Plaintiffs bring

causes of action alleging (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violations of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq.; (4) breach of express warranty; and (5) breach of implied warranty of merchantability.  (Id.)

## Discussion

### I.  Motion to Transfer – Legal Standard

Under 28 U.S.C. § 1404, a district court "may transfer any civil action to any other district or division where it might have been brought" "for the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).[1]  This statute "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  Similarly, the Ninth Circuit recognizes that the "[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."  Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 639 (9th Cir. 1988) (quotation marks omitted).  Defendant, as the moving party, carries the burden of showing that transfer is warranted.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

In deciding whether to transfer a case under Section 1404(a), Ninth Circuit courts employ a nonexclusive multi-factor test considering:  (1) the plaintiff's choice of forum, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, (3) the respective parties' contacts with the forum, (4) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (5) the differences in the costs of litigation in the two forums, (6) the ease of access to sources of proof, (7) the location where the relevant agreements were negotiated and executed, and (8) the state that is most familiar with the

---

[1] Plaintiffs do not dispute that this action could have been brought in the District of New Jersey.  (Doc. No. 33 at 6 n.8.)

1  governing law. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

**II.     Analysis of Relevant Factors**

To determine whether a transfer is appropriate in this action, the Court analyzes each of the Jones factors as they relate to the facts of this case.

      **A.     Plaintiff's Choice of Forum and The Contacts Relating To Plaintiffs' Cause of Action**

Generally, a defendant "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). In class actions, however, a plaintiff's choice of forum is often accorded less weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1986) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). Nonetheless, even in a class action lawsuit, "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendant's] contacts with the forum, including those relating to [plaintiff's] causes of action . . . ." Id. (internal citations omitted). "In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside in the district." Roling v. E*Trade Securities, LLC, 2010 U.S. Dist. LEXIS 123714, at *9-10 (N.D. Cal. 2010).

Here, there is no evidence of forum shopping by the two representative plaintiffs. Both plaintiffs reside in this district and purchased the product at issue in this district. (Doc. No. 33-1, Declaration of Athena Hohenberg ("Hohenberg Decl.") ¶¶ 2-5; Doc. No. 33-2, Declaration of Laura Rude-Barbado ("Rude-Barbado Decl.") ¶¶ 1-5.) A plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen its "home forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981).

Courts may also consider the facts of the case in determining how much deference to give the plaintiff's choice. See Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) (considering whether "the operative facts" "occurred within the forum of original

1  selection" and whether that forum had any "particular interest in the parties or the subject
2  matter"). The Ninth Circuit directs courts to consider the relationship between the forum and
3  the plaintiff's claims when deciding whether to transfer a case under 28 U.S.C. § 1404. Jones,
4  211 F.3d at 498-99. The Ninth Circuit affirms transfers in cases where the district court finds
5  "no significant connection between [the forum] and the facts alleged in the complaint."
6  Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007).

7       Defendant argues that the challenged conduct occurred in New Jersey because that is
8  where the misrepresentations or omissions were created, citing In re Yahoo!, 2008 U.S. Dist.
9  LEXIS 20605, at *8 (C.D. Cal. 2008) (stating that "defendants' alleged misrepresentations and
10 omissions . . . are deemed to 'occur' in the district where they are transmitted or withheld, not
11 where they are received"). (Doc. No. 19-1 at 9.) However, Defendant's reliance on Yahoo!
12 is "unavailing for three reasons." Rafton v. Rydex Series Funds, 2010 U.S. Dist. LEXIS
13 75411, at *8 (N.D. Cal. 2010). First, in Yahoo!, the named Plaintiff was not a resident of the
14 district in which the case was filed. See Yahoo!, 2008 U.S. Dist. LEXIS 20605, at *8.
15 "Second, although Defendant['s] alleged misrepresentations and omissions may have occurred
16 in the District of [New Jersey], Plaintiff[s'] reliance on those misrepresentations, and the
17 resulting harm, occurred here. Thus, not all of the 'operative facts' in this case took place in
18 [New Jersey]." Rafton, 2010 U.S. Dist. LEXIS 75411, at *9. Finally, "by choosing to market
19 and sell [its Nutella® product] nationwide, rather than just in the state of [New Jersey],"
20 Defendant exposed itself to the risk of being sued in the districts in which its product is sold.
21 Id.

22      Because some of the operative facts occurred in this district, and Plaintiffs reside in this
23 district and did not engage in forum shopping, the Court gives deference to Plaintiffs' choice
24 of forum. See Roling, 2010 U.S. Dist. LEXIS 123714, at *9-10; Rafton, 2010 U.S. Dist.
25 LEXIS 75411, at *9. Accordingly, this factor weighs against transfer to the District of New
26 Jersey.
27 ///
28 ///

**B.     The Parties' Contacts With the Forum**

Both parties have substantial contacts with this district.  The two representative Plaintiffs both work and reside in this district. (Doc. No. 33-1, Hohenberg Decl. ¶¶ 1-2; Doc. No. 33-2, Rude-Barbado Decl. ¶¶ 1-2.)  Defendant sells the product at issue, Nutella®, throughout California, and its California sales alone account for between 13% and 15.2% of its total U.S. sales of Nutella® over the last five years.  (Doc. No. 33 at 2; Doc. No. 33-3, Declaration of Jack Fitzgerald ("Fitzgerald Decl.") Ex. D.)  From January 2007 to the present, 13.7% of Defendant's Nutella® shipments went to California customers.  (Doc. No. 33 at 3; Doc. No. 33-3, Fitzgerald Decl. ¶¶ 7-8.)  In addition, Ferrero employs a 15-person sales force in California, (Doc. No. 19-2, Declaration of Bernard F. Kreilmann ¶ 4), and Ferrero works with California venders and distributors in marketing its Nutella® product.  (Doc. No. 33 at 4; Doc. No. 33-3, Fitzgerald Decl. Ex. B.)

Defendant argues that there is nothing unique about its contacts with California because it sells Nutella® throughout the United States.  (Doc. No. 36 at 2-4.)  However, this argument fails to recognize that this factor considers the parties' contacts with the forum, not whether those contacts are unique or whether the parties have contacts with other forums.  See Jones, 211 F.3d at 498; see also Shultz v. Hyatt Vacation Mktg. Corp., 2011 U.S. Dist. LEXIS 24692, at *13-16 (N.D. Cal. 2011).  Based on the parties' general contacts with the forum, it is reasonable to assume that this forum is convenient.  Accordingly, the Court concludes that this factor weighs against transfer.

**C.     Convenience of Third Parties and Availability of Compulsory Process for Non-Party Witnesses**

A party may compel the testimony of its employees at trial.  STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988).  For non-party witnesses, the Court's subpoena power extends to anywhere within the district and one hundred miles of the place of trial.  Fed. R. Civ. P. 45(b)(2).  For these reasons, courts frequently state that the convenience of third party witnesses is more important than that of party witnesses.  See, e.g., HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 n.2 (1999) (stating that the location of employees "is not as

important a factor as it would be if they were not under the [party's] control"); <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ("the convenience of non-party witnesses is a more important factor than the convenience of party witnesses"). "In support of a motion to transfer, a party must identify potential witnesses by name and describe their testimony." <u>Clark v. Sprint Spectrum L.P.</u>, 2010 U.S. Dist. LEXIS 136510, at *11 (N.D. Cal. 2010) (citing <u>Saleh</u>, 361 F. Supp. 2d at 1161-65); <u>see also</u> <u>Bohara v. Backus Hosp. Med. Benefit Plan</u>, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005).

In its motion, Defendant does not identify any specific potential witnesses, and only states in a conclusory manner that "the key witnesses in this action are located in New Jersey (or elsewhere on the east coast) while none (beside plaintiffs themselves) are located in California." (Doc. No. 19-1 at 9.) This sole conclusory statement does not satisfy Defendant's burden of showing that transfer is warranted based on this factor. <u>See</u> <u>Clark</u>, 2010 U.S. Dist. LEXIS 136510, at *11; <u>Saleh</u>, 361 F. Supp. 2d at 1161-65. To the contrary, Plaintiffs have identified at least three potential third party witnesses that are within the subpoena power of this Court, four that are within the subpoena power of the District of New Jersey, and many others that outside of the subpoena power of both courts. (Doc. No. 33 at 19; Doc. No. 33-3, Fitzgerald Decl. Ex. J.) Accordingly, the Court concludes that this factor is at best neutral.

### D.   Cost of Litigation in Either Forum

Defendant argues that absent transfer to the District of New Jersey, it will overwhelmingly bear the costs of litigation. (Doc. No. 36 at 4.) Similarly, Plaintiffs argue that a transfer would disproportionally shift the costs of litigation to Plaintiffs. (Doc. No. 33 at 11-13.) The primary costs that both parties rely on in making their arguments is travel costs for party witnesses although both parties admit that party witnesses would not have to travel for their depositions. (Doc. No. 33 at 11-17; Doc. No. 36 at 4-5.) Plaintiffs also note the added costs of obtaining local counsel if the action was transferred due to the District of New Jersey's local rules. (Doc. No. 33 at 11-12.)

In deciding whether to transfer, the Court must be careful to avoid a transfer that "would merely shift rather than eliminate" the inconvenience of costs. <u>Decker Coal</u>, 805 F.2d at 843.

In this case, transfer would decrease Defendant's litigation costs, but it might increase Plaintiffs' costs to the same extent. In addition, "corporations are better-equipped than individuals to absorb increased litigation costs." Shultz, 2011 U.S. Dist. LEXIS 24692, at *17. Accordingly, the Court concludes that this factor is neutral and does not weigh in favor of transfer to the District of New Jersey. See Decker Coal, 805 F.2d at 843; Shultz, 2011 U.S. Dist. LEXIS 24692, at *17-18.

### E.   Access to Sources of Proof

Neither party addressed this factor in their briefing. Accordingly, the Court concludes that this factor is neutral and gives it little weight.

### F.   Location of Relevant Agreements

The record before the Court does not indicate the existence of any agreement between the parties relevant to this litigation. Accordingly, this factor is neutral.

### G.   Familiarity With Governing Law

All five of Plaintiffs' causes of actions are governed by California law. (See Doc. No. 14, Cons. Compl.) A California district court is more familiar with California law than district courts in other states. See Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008) ("A court in the Northern District of California is more familiar with California law than a court in the District of Arizona.") Accordingly, the Court concludes that this factor weighs against transfer. See id.

### H.   Other Factors (Feasability of Consolidation and Relative Court Congestion)

Defendant argues that the pendency of a substantially similar action in the District of New Jersey weighs in favor of transfer. (Doc. No. 19-1 at 6-8.) "'An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum.'" Callaway Golf Co. v. Corp. Trade, Inc., 2010 U.S. Dist. LEXIS 17906, at *19-20 (S.D. Cal. 2010). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist.

of Cal., 503 F.2d 384, 386-87 (9th Cir. 1974) (citations omitted). "In addition . . . , centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments." Callaway Golf, 2010 U.S. Dist. LEXIS 17906, at *20.

In making its argument, Defendant fails to note that the New Jersey action could be consolidated with this case. See Applied Elastromerics, Inc. v. Z-Man Fishing Prods., 2006 U.S. Dist. LEXIS 75339, at *17-18 (N.D. Cal. 2006). Also, Defendant fails to recognize that the two complaints that were consolidated in this action were filed three weeks earlier than the complaint in the New Jersey action. Compare Doc. No. 1 (filed Feb. 1, 2011); Rude-Barbato v. Ferrero U.S.A., Inc., 11-cv-249-H (S.D. Cal., filed Feb. 4, 2011 [Doc. No. 1]) with Doc. No. 20, Declaration of Dale R. Bish Ex. A (filed Feb. 27, 2011). "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). "This doctrine, known as the first-to-file rule, 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.'" Callaway Golf, 2010 U.S. Dist. LEXIS 17906, at *6-7. The earlier filing dates likely give the cases in this district priority over the case that was filed in the District of New Jersey. See id. Accordingly, this factor weighs against transfer. See Applied Elastromerics, 2006 U.S. Dist. LEXIS 75339, at *17-18.

As to relative court congestion, Plaintiffs argue that this district is less congested than the District of New Jersey. (Doc. No. 33 at 24.) In support of this argument, Plaintiffs have presented evidence that the District of New Jersey's time to trial for civil cases is currently 40.6 months, whereas this district's time to trial is 31.6 months. (Doc. No. 33-3, Fitgerald Dec. Ex. K.) Also, the District of New Jersey has 414 civil filings per judgship, while this district has 241 civil filings per judgship. (Id.) Accordingly, this factor weighs against transfer. See Saleh, 361 F. Supp. 2d at 1167; see also Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1337 (9th Cir. 1984).

///

## Conclusion

The above analysis shows that all of the <u>Jones</u> factors are either neutral or weigh against transfer. Accordingly, exercising its discretion, the Court concludes that transfer is not warranted, and denies without prejudice Defendant's motion to transfer this action to the District of New Jersey.

**IT IS SO ORDERED.**

DATED: May 11, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT