1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re FERRERO LITIGATION

CASE NO. 11-CV-205 H (CAB)

**ORDER DENYING MOTION
TO FILE UNDER SEAL**

On August 1, 2011, Plaintiffs filed an *ex parte* motion for an order allowing them to file documents under seal.  (Doc. No. 52.)  Plaintiffs seek to seal over 190 pages of documents, including the unredacted version of the Memorandum in Support of Plaintiffs' Motion for Class Certification and Exhibits 1, 2, 3, 4, 5,  9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 to the Declaration of Gregory S. Weston in Support of Class Certification.  For the following reasons, the Court DENIES the motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 597 & n.7 (1978)).  Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records."  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003); see also Kamakana, 447 F.3d at 1178-79.  "A

party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard.  That is, the party must articulate compelling reasons supported by specific factual findings, ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." <u>Kamakana</u>, 447 F.3d at 1178-79 (citations and quotation marks omitted).  The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" <u>Oregonian Publ'g Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1465 (9th Cir.1990) (quoting <u>Press-Enterprise Co. v. Superior Court</u>, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted).  "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" <u>Pintos</u>, 605 F.3d at 659 n.6 (citing <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995)); <u>see also</u> <u>Kamakana</u>, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")

Plaintiffs argue that the documents in question were subject to a Court's protective Order and contain information designated as confidential by Defendant and /or third parties. (Doc. No. 52. at 2.)  Plaintiffs argue that because the parties agreed to file such information under seal, good cause exists for the Court to approve Plaintiffs' request.  The Court disagrees. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . .." Fed. R. Civ. P.

26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz, 331 F.3d at 1130 (internal quotation marks, and citation omitted). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). To the extent Plaintiffs argue that the protective order itself assures that Rule 26(c) good cause standard is met in this case, the argument is rejected. "[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document." Foltz, 331 F.3d at 1133.

Moreover, Plaintiffs' one-page motion to seal does not identify each exhibit and explain why any particular statements or portions of the exhibits that may warrant sealing. Even if good cause existed to seal a portion of the exhibit, sealing the entire exhibit may not be warranted. Should either party in the future request the sealing of any documents, they must designate specific portions based on the appropriate showing. Accordingly, the Court DENIES Plaintiff's motion to file documents in support of their Motion for Class Certification under seal.

**IT IS SO ORDERED.**

DATED: August 3, 2011

_Marilyn L. Huff_
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT