# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| In re FERRERO LITIGATION. | CASE NO. 11-CV-205 H (CAB) |
|---|---|
| | **ORDER DENYING MOTION TO DISMISS** |

On July 18, 2011, Defendant Ferrero U.S.A., Inc. ("Ferrero") filed a motion to dismiss Plaintiffs' first amended consolidated complaint. (Doc. No. 48.) On August 15, 2011, Plaintiffs filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 61.) On August 22, 2011, Defendant filed a reply in support of its motion. (Doc. No. 67.) A hearing on the matter is currently scheduled for August 29, 2011 at 10:30 a.m. The Court held a hearing on the matter on August 29, 2011. Ronald Marron, Melanie Rae Persinger, and Gregory S. Weston appeared on behalf of the Plaintiff. Colleen Bal appeared on behalf of the Defendant. For the following reasons, the Court DENIES Defendant's motion to dismiss.

## Background

This is a consolidated consumer class action lawsuit brought on behalf of people who have purchased Ferrero's Nutella® spread after relying on allegedly deceptive and misleading labeling and advertisements. (Doc. No. 14, Cons. Compl.) Specifically, Plaintiffs allege that Ferrero misleadingly promotes its Nutella® spread as healthy and beneficial to children when in fact it contains dangerous levels of fat and sugar. (Id. ¶ 99-102.) Based on these representations, Plaintiffs bring causes of action alleging (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violations of

California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq.; (4) breach of express warranty; and (5) breach of implied warranty of merchantability. (Id.)

On April 18, 2011, Ferrero filed a motion to dismiss Plaintiff's consolidated complaint. (Doc. No. 30.) On June 30, 2011, the Court granted in part and denied in part Ferrero's motion, and gave Plaintiffs leave to file an amended consolidated complaint. (Doc. No. 43.) On July 3, 2011, Plaintiffs filed a first amended consolidated complaint ("FACC"). (Doc. No. 48.)

## Discussion

**I.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

**II.  Plaintiff's Complaint**

**A.  Standing under UCL, FAL, and CLRA**

Ferrero argues that Plaintiffs lack standing under the UCL, FAL, and CLRA to pursue

1 claims based on statements that appear on Nutella®'s website. (Doc. No. 48-1 at 1-5.) Ferrero
2 argues that Plaintiffs have not sufficiently plead that Ferrero engaged in a long-term
3 advertising campaign. (Id.) Plaintiffs argue that they have standing to challenge statements
4 on Nutella®'s website because they properly allege that they were exposed to a long-term
5 advertising campaign. (Doc. No. 61.)

6 In order to assert a claim under the UCL or FAL, a person must have "suffered injury
7 in fact and ha[ve] lost money or property as a result of such unfair competition." Cal. Bus. &
8 Prof. Code §§ 17204, 17535. Therefore, actual reliance is required to have standing to sue
9 under the UCL or FAL. Kwikset Corp. v. Sup. Ct., 51 Cal. 4th 310, 326-27 (2011); In re
10 Tobacco II Cases, 46 Cal. 4th 298, 306 (2009) (A plaintiff "proceeding on a claim of
11 misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on
12 the allegedly deceptive or misleading statements, in accordance with well-settled principles
13 regarding the element of reliance in ordinary fraud actions."). In addition, actual reliance is
14 required to have standing to sue under the CLRA. See Cohen v. DirecTV, Inc., 178 Cal. App.
15 4th 966, 973 (Ct. App. 2007).

16 However, a plaintiff does not "need to demonstrate individualized reliance on specific
17 misrepresentations to satisfy the reliance requirement." Tobacco II, 46 Cal. 4th at 327.
18 "[W]here . . . a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is
19 not required to plead with an unrealistic degree of specificity that the plaintiff relied on
20 particular advertisements or statements." Id. at 328.

21 In its motion to dismiss the FACC, Ferrero argues that its advertising campaign was not
22 "long-term," because Ferrero only began to engage in nationwide television commercials in
23 2009. (Doc. No. 48-1 at 3.) Ferrero also argues that Plaintiffs conceded in their papers that
24 they have not visited the Nutella® website, and thus cannot allege reliance on the website. (Id.
25 at 5.)

26 The Court notes that the parties disagree as to the duration of Ferrero's campaign, and
27 whether the named Plaintiff actually visited the website. While Defendant's motion raises
28 valid issues for a motion for summary judgment or class certification, all reasonable inferences

1  from the FACC must be drawn in Plaintiff's favor. Mohamed v. Jeppesen Dataplan, Inc., 579
2  F.3d 943, 949 (9th Cir. 2009). In the FACC, Plaintiffs allege that throughout the more than
3  ten-year Class Period Ferrero has engaged in a long term extensive advertising campaign in
4  which Ferrero used various forms of media to consistently convey the deceptive and
5  misleading message that Nutella® is healthy and nutritious. (Doc. No. 45 ¶ 76.) Plaintiffs also
6  list the specific statements on Nutella®'s labeling (Id. ¶¶ 77-78), website (Id. ¶¶ 78-89),
7  television advertising (Id. ¶¶ 90-96), word-of-mouth (Id. ¶¶ 82-89), and product categorization
8  (Id. ¶ 98) that Plaintiffs challenge. Plaintiffs further specifically allege that they were exposed
9  to Ferrero's long-term advertising campaign and relied on various statements from that
10 campaign in making their decision to purchase Nutella®. (Id. ¶¶ 104-06.) Plaintiff's
11 allegations satisfy the pleading requirements for showing reliance as set forth in the Tobacco
12 II case. See Tobacco II, 46 Cal. 4th at 328.

13 Additionally, to the extent Defendant argues that Plaintiff conceded not having visited
14 the website, the Court notes that there is no sworn testimony under oath from the named
15 Plaintiff regarding this issue. "When there are well-pleaded allegations, a court should assume
16 their veracity and then determine whether they plausibly give rise to an entitlement for relief."
17 Iqbal, 129 S. Ct. at 1950. Defendant will be able to raise these issues by challenging Plaintiff's
18 allegations with supporting evidence at the class certification or summary judgment stage.

19 Ferrero also argues that Plaintiffs' allegations do not meet Rule 9(b)'s pleading
20 standards. (Doc. No. 48-1 at 2-3.) Federal Rule of Civil Procedure 9(b)'s heightened pleading
21 standards apply to claims for violation of the UCL that are grounded in fraud. Kearns v. Ford
22 Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Under Federal Rule of Civil Procedure 9, a
23 plaintiff must plead fraud with particularity. "Rule 9(b)'s particularity requirement applies to
24 state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir.
25 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how'
26 of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th
27 Cir. 1997)). Specifically, Ferrero argues that Plaintiffs do not provide sufficient details about
28 the "long-term advertising campaign." (Doc. No. 48-1 at 2-3.) However, Plaintiffs' FACC

provides each of the specific statements from the advertising campaign that they challenge and how they are deceptive. (Doc. No. 45 ¶¶ 77-102.) Plaintiffs also provide the "when" by stating that the long term advertising campaign occurred during the Class Period. (Id. ¶ 76.) These allegations are sufficient to meet Rule 9(b)'s pleading standards. See Von Koenig v. Snapple Beverage Corp., 713 F. Supp. 2d 1066, 1077 (E.D. Cal. 2010) (holding that plaintiff satisfied Rule 9(b) pleading requirements where plaintiff submitted examples of the product's labeling and provided explanations of its deceptiveness).

Finally, Ferrero argues that Tobacco II is distinguishable because, unlike in that case, here it is not unrealistic for the Plaintiffs to plead and prove actual reliance on the specific statements that influenced their purchasing decision. (Doc. No. 48-1 at 4.) However, Ferrero does not cite to any case law showing that this distinction matters. Tobacco II only states that "where . . . a plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." Id. at 328. Accordingly, the Court concludes that Plaintiffs have sufficiently plead reliance in the FACC to confer standing on them to bring their UCL, FAL, and CLRA claims, and the Court DENIES Ferrero's motion to dismiss the FACC.

### Conclusion

For the reasons above, the Court DENIES Defendant Ferrero's motion to dismiss the first amended consolidated complaint.

**IT IS SO ORDERED.**

DATED: August 29, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT