# EXHIBIT 5

**ALABAMA**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| AL | Yes<br>Ala. Code § 8-19-5(5); (7); (27) | Yes[1] | Yes[2] | No[3] | Yes[4] |

**Are there any true conflicts of substantive law?**

Yes, Alabama requires some knowledge of false or deceptive conduct by defendant.

---

[1] Ala. Code § 8-19-10.

[2] *See Gerald Duncan Auto Sales v. Russell*, 181 B.R. 616, 622 (M.D. Ala. 1995) (Deceptive Trade Practices Act requires "[e]ither actual awareness or such awareness as a reasonable person should have considering all the surrounding circumstances," citing Ala. Code § 8-19-3(4)); *Sam v. Beaird*, 685 So. 2d 742, 744 (Ala. Ct. App. 1996) ("ADTPA is generally written to require some knowledge of false or deceptive conduct on the part of the wrongdoer."); Ala. Code § 8-19-13 (defense to action includes that person did not knowingly engage in violation).

[3] No state case law or statutory language found. *But see* Ala. Code § 8-19-6 (due consideration and great weight shall be given where applicable to interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)); *see FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003); *McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir. 2000).

[4] Ala. Code § 8-19-6 (due consideration and great weight shall be given where applicable to interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)). *See FTC v. Accent Mktg., Inc.*, 2002 U.S. Dist. LEXIS 12545, at *4 (S.D. Ala. 2002) ("The FTC Act prohibits the use of unfair or deceptive acts or practices . . . a representation is deceptive if it contains a material claim or omission that is reasonably likely to mislead consumers actin reasonably under the circumstances to their detriment. A representation or omission is material if it is of the kind usually relied upon by a reasonably prudent person."). *See also* Ala. Code § 8-19-5(12), (22) (setting forth misrepresentations by omission prohibited in specific circumstances not applicable here, i.e., relating to goods damaged by flood, water, fire or accident, and damaged automobiles).

**ALASKA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| AK | Yes<br>Alaska Stat. § 45.50.471(b)(4), (6), (11), (12) | Yes[5] | No[6] | No[6] | Yes[7] |

**Are there any true conflicts of substantive law?**

No.

---

[5] Alask. Stat. § 45.50.531.

[6] *Alaska Rent-A-Car, Inc. v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 55474, at *67 (D. Alaska July 27, 2007) (under Alaska Unfair Trade Practices & Consumer Protection Act, Alaska Stat. § 45.50.471 *et seq.*, "Actual injury as a result of the deception is not required. Intent to deceive need not be proved. All that is required is a showing that the acts and practices were capable of being interpreted in a misleading way." (quoting *State of Alaska v. O'Neill Investigations, Inc.*, 609 P.2d 520, 535 (1980)).

[7] Alaska Stat. § 45.50.471(b)(12) (omission).

- 2 -

**ARIZONA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|------------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| AZ | Yes<br>Ariz. Rev. Stat. Ann § 44-1522 | Yes[8] | No[9] | Probably not[10] | Yes[11] |

**Are there any true conflicts of substantive law?**

There is conflicting authority, but probably not.

As Arizona's Supreme Court explained, the purpose of Arizona's Consumer Fraud Act "is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions. The legislative intent behind the Consumer Fraud Act is to provide consumers with a claim for relief that is easier to establish than common law fraud. To require high proof would frustrate the legislative intent." *Dunlap v. Jimmy GMC of Tuscon, Inc.*, 666 P.2d 83 (Ariz. App. 1983); *see also accord Cearley v. Wieser*, 151 Ariz. 293 (Ariz. Ct. App. 1986) (Consumer Fraud Act is much broader in scope than any common law action for fraud and elements for a claim for relief are not necessarily identical to elements of a common law fraud action).

While reliance is required according to some cases, *see Kuehn v. Stanley*, 208 Ariz. 124, 129 (Ariz. Ct. App. 2004),[12] it can be unreasonable. *Id.*; *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) (same).

---

[8] *Palmer v. Web Indus.*, 2007 U.S. Dist. LEXIS 1959, at *17 (D. Ariz. Jan. 8, 2007) ("The Arizona "Consumer Fraud Act provides an injured consumer with an implied private right of action against the violator of the act."); *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) (same).

[9] Ariz. Rev. Stat. Ann § 44-1522(A) (omitting intent requirement for misrepresentations, and requiring only "intent that others rely" with respect to any "concealment, suppression or omissions of material fact").

[10] Ariz. Rev. Stat. Ann § 44-1522(A) (volition occurs "whether or not any person has in fact been misled, deceived or damaged thereby"); *see generally id.* § 44-1522(C) ("It is the intent of the legislature, in construing subjection A, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 [U.S.C. §§] 45, 52 and 55(a)(1).").

[11] Ariz. Rev. Stat. Ann § 44-1522(A)

[12] *See* Ferrero Opp. at 5 n.4 (relying on *Kuehn*).

; *Correa v. Pecos Valley Development Corp.*, 126 Ariz. 601, 605 (Ariz. Ct. App. 1980); *Palmer*, 2007 U.S. Dist. LEXIS 1959, at *17-18. Moreover, reliance is not required in an action brought by the attorney general. *See Corbin v. Tolleson*, 10 Ariz. 385, 773 (Ct. App. 1989) ("Reliance is not an element of consumer fraud.").

Similar to California's law, however, proof of reliance may not be an absolute requirement on a plaintiff's part, but rather may be one means of proving that harm to the consumer was caused by the commission of the prohibited marketing conduct. *See Correa*, 126 Ariz. at 605 ("The requisites of a private cause of action for a statutory fraud are a false promise or a misrepresentation made in connection with the sale or advertisement of merchandise and the consumer's consequent and proximate injury.").

In a 2001 decision, Judge Roll discussed the disparity between the case law and Consumer Fraud Act's plain language and legislative history, in the context of proof required to maintain a class action under the Act. *Siemer v. Assocs. First Capital Corp.*, 2001 U.S. Dist. LEXIS 12810, at *7-15 (D. Ariz. Mar. 30, 2001). While Judge Roll concluded that reliance must be shown in a private right of action, class action plaintiffs:

> readily show[] reliance by purchasing the [product at issue]. . . . The ACFA requires that Plaintiffs demonstrate a proximate cause between their injuries and the damages suffered due to their reliance on Defendants' misrepresentations. Under the proposed definition defining the class, a person cannot be a plaintiff unless that person was sold the [product]. Therefore, in order to even join the class, a party must show that, he or she relied on [defendant's] alleged misrepresentations. Plaintiffs have sufficiently demonstrated reliance by their purchase of [the product]. This alone is sufficient to show reliance to the degree necessary under the ACFA.

*Id.* at *14-15.[13] Thus, Arizona's law seems in accord with California's—while the named plaintiffs must show their own reliance, where even unreasonable reliance suffices, that is also sufficient evidence of absent class members' reliance.

In sum, Arizona does not make reliance an absolute *sine qua non* for a statutory fraud cause of action under the Consumer Fraud Act when, like California, the causal connection to the misconduct can be established by means other than individualized proof of reliance.

---

[13] *But see Stratton v. Am. Med. Sec., Inc.*, 266 F.R.D. 340, 349-50 (D. Ariz. 2009) (distinguishing *Siemer* in cases where individual proof of reliance would be required because there is insufficient evidence that "Defendants made common . . . representations to the class," but agreeing "[a] class action may be suitable [under the ACFA] when defendants perpetrated a fraud on numerous persons by the use of similar misrepresentations").

**ARKANSAS**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----------------------------------------------------------|--------------------------|------------------------|----------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| AR | Yes Ark. Code Ann. § 4-88-107(a)(1), (10); § 4-88-108 | Yes[14] | Yes[15] | No[16] | Yes[17] |

**Are there any true conflicts of substantive law?**

Yes, false representations must be made knowingly.

---

[14] Ark. Code Ann. § 4-88-113(f).

[15] Ark. Code Ann. § 4-88-107(a)(1) ("knowingly").

[16] No state case law or statutory language found indicating that reliance is a required element. Section 4-88-113(f) requires "actual damage or injury" for a private cause of action.

[17] Ark. Code Ann. § 4-88-108(2) ("knowingly").

**COLORADO**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| CO | Yes<br>Colo. Rev. Stat. Ann. § 6-1-105(e), (g) | Yes[18] | Yes[19] | No[20] | Yes[21] |

**Are there any true conflicts of substantive law?**

Yes, violations require knowing misrepresentation and omissions require intent to induce consumer to enter into transaction.

---

[18] Colo. Rev. Stat. Ann. § 6-1-113.

[19] Colo. Rev. Stat. Ann. § 6-1-105(e) ("knowingly"); § 6-1-105(g) ("knows or should know"); § 6-1-105(u) ("intended").

[20] *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (2003) ("false representation" under Colo. Rev. Stat. Ann. § 6-1-105(e) "must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers").

[21] Colo. Rev. Stat. Ann. § 6-1-105(u).

**CONNECTICUT**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| CT | Yes<br>Conn. Gen. Stat. Ann. § 42-110b | Yes[22] | No[23] | No[24] | Yes[25] |

**Are there any true conflicts of substantive law?**

No. Ferrero's reliance on *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167 (D. Conn. 2000), Opp. at 5 n.17, is misplaced—even that court held "Under the CUTPA, if the message is false, then it is a deceptive act without inquiry into whether the consumer actually believed the message or whether the consumer acted reasonably in relying on it." *Id.* at 176.

---

[22] Conn. Gen. Stat. Ann. § 42-110g.

[23] *Martin, Lucas & Chioffi, LLP v. Bank of Am.*, 714 F. Supp. 2d 303, 317 (D. Conn. 2010) ("[A] malicious intent is not necessarily required for a CUTPA claim."); *Halo Tech. Holdings, Inc. v. Cooper*, 2010 U.S. Dist. LEXIS 31592, at *15 (D. Conn. Mar. 31, 2010); *Calandro v. Allstate Ins. Co.*, 63 Conn. App. 602, 616 (2001) ("[O]ur law does not require [a party] to prove that [another party] acted with an intent to deceive or with an illicit motive."); *Munz v. Kraus*, 59 Conn. App. 704, 713 (2000) ("CUTPA . . . does not require proof of intent to deceive, mislead, or defraud.").

[24] *Wilson v. DirectBuy, Inc.*, 2011 U.S. Dist. LEXIS 51874, at *42 (D. Conn. May 16, 2011) ("Plaintiffs need not prove reliance [under CUTPA]," quoting *Aurigemma v. Arco Petroleum Prods. Co.*, 734 F. Supp. 1025, 1029 (D. Conn. 2009), and comparing to California UCL, citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009)); *Prishwalko v. Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 583 (1994).

[25] *Nygren v. Greater N.Y. Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 26078, at *29-30 (D. Conn. Mar. 27, 2009); *Packer v. SN Servicing Corp.*, 2008 U.S. Dist. LEXIS 9017, at *30 (D. Conn. Feb. 7, 2008) ("Whether a defendant's actions or omissions violate CUTPA is generally a question for the jury.").

**DELAWARE**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| DE | Yes<br>6 De. Code § 2513(a) | Yes[26] | No[27] | No[28] | Yes[29] |

**Are there any true conflicts of substantive law?**

No.

---

[26] 6 De. Code § 2525(a); *Young v. Joyce*, 351 A.2d 857, 859 (Del. 1975).

[27] 6 De. Code § 2513(a) (omitting intent requirement for misrepresentations, and requiring only "intent that others rely" with respect to omissions); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983) (Under the Consumer Fraud Act, "[t]he defendant need not have intended to misrepresent or to make a deceptive or untrue statement."); *Brandywine v. Volkswagen, Ltd. v. State*, 312 A.2d 632, 634 (Del. 1973).

[28] 6 De. Code § 2513(a) (enumerated acts are unlawful "whether or not any person has in fact been misled, deceived or damaged thereby"); *Stephenson*, 462 A.2d at 1074.

[29] 6 De. Code § 2513(a) (specifically including "concealment, suppression, or omission of any material fact"); *Brandywine*, 312 A.2d at 634 (failure to disclose can constitute a misrepresentation).

- 8 -

## DISTRICT OF COLUMBIA

|     | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
| --- | --- | --- | --- | --- | --- |
| CA | Yes | Yes | No | No | Yes |
| DC | Yes<br>D.C. Code § 28-3904(e)-(f) | Yes[30] | No[31] | No[32] | Yes[33] |

**Are there any true conflicts of substantive law?**

No.

---

[30] D.C. Code § 28-3905(k)(1)-(2).

[31] *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1073 & n.20 (D.C. Ct. App. 2008) ("[W]e now hold that a [plaintiff] need not allege or prove intentional misrepresentation or failure to disclose to prevail on a claimed violation of § 28-3904(e) or (f) of the CPPA.").

[32] D.C. Code § 28-3904 ("It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby").

[33] D.C. Code § 28-3904(f); *Miniter v. Sun Myung Moon*, 736 F. Supp. 2d 41, 48 (D.D.C. 2010) ("to state a claim based on an unfair trade practice, the plaintiff must allege that the defendant made a material misrepresentation or omission that has a tendency to mislead," quoting *Alicke v. MCI Commc'ns Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997)).

**FLORIDA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----------------------------------------------|----------------|----------------|----------------|----------------|
| CA | Yes                                            | Yes            | No             | No             | Yes            |
| FL | Yes<br>Fla. Stat. § 501.204(1)                 | Yes[34]        | No[35]         | No[36]         | Yes[37]        |

**Are there any true conflicts of substantive law?**

No. Ferrero's reliance on *Davis v. Powertel, Inc.*, 776 So. 2d 971 (Fla. Ct. App. 2000), *see* Opp. at 5 n.4, is misplaced. *See id.* at 974 ("The standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud.").

---

[34] Fla. Stat. § 501.211(2); *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1145 (M.D. Fla. 2007); *Lady of Am. Franchise Corp. v. Arcese*, 2006 U.S. Dist. LEXIS 68415, at *25-26 (S.D. Fla. May 25, 2006) (citing *Nieman v. Dryclean U.S.A. Franchise Co., Inc.*, 178 F.3d 1126, 1128-29 (11th Cir. 1999).

[35] *Gavron v. Weather Shield Mfg.*, 2011 U.S. Dist. LEXIS 50523, at *13 (S.D. Fla. May 10, 2011) ("[T]he Florida Supreme Court teaches that a deceptive act occurs [under FDUTPA] when there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment. Thus, the Act focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violate conduct was occurring." (quotations marks and citations omitted)); *see also W.S. Baddock Corp. v. Myers*, 696 So. 2d 776, 779 (Fla. App. 1996) ("A finding of fraud is not necessary to sustain a violation under the [F]DUTPA.").

[36] *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007) (the "deceptive act" element of a claim under FDUTPA "although it is similar to a claim of fraud, [] is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."); *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. App. 2000) (relevant question is not whether plaintiff relied on deceptive practice but whether it is likely to deceive); *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699, 703 (Fla. App. 2000) (individual showings of reliance and damages  not necessary in class action context)

[37] Fla. Stat. § 501.204(2) ("Due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to sec. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)"); *see* 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practice in or affecting commerce, are hereby declared unlawful"). This FTC language covers omissions. *See, e.g., FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988); *FTC v. Wilcox*, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995). *Accord Bookworld*, 532 F. Supp. 2d at 1364 (deceptive act occurs under FDUTPA when there is an "omission . . . that is likely to mislead consumers acting reasonably in the circumstances").

**GEORGIA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----------------------------------------------------------|--------------------------|------------------------|---------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| GA | Yes<br>Ga. Code. Ann. § 10-1-370, § 10-1-393(a) | Yes[38] | No[39] | Yes[40] | Yes[41] |

**Are there any true conflicts of substantive law?**

Yes, Georgia requires a showing of individual reliance.

---

[38] Ga. Code. Ann. § 10-1-373(a) and § 10-1-393(a).

[39] *Regency Nissan v. Taylor*, 194 Ga. App. 645, 647 (1990) ("The FBPA 'abandons the two elements of the common law [tort of misrepresentation] most difficult to prove, scienter (knowledge of the deception) and intent to deceive.'" (citation omitted, alteration in original)).

[40] *Lynas v. Williams*, 216 Ga. App. 434, 437 (1997) ("The Fair Business Practices Act incorporates the 'reliance' element of common law tort of misrepresentation into the causation element of a FBPA claim."); *Tiismann v. Linda Martin Homes Corp.*, 268 Ga. App. 787, 790 (2004) (same).

[41] *See Regency Nissan*, 194 Ga. App. at 648 ("the question of whether a particular act or omission . . . constitutes unfair or deceptive acts or practices within the meaning of . . . § 10-1-393 generally is for jury resolution." (citation omitted)). In addition, the FBPA is modeled on the FTC Act.

**HAWAII**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| HI | Yes<br>Haw. Rev. Stat. §§ 480-2(a), 481A-3 | Yes[42] | No[43] | No[44] | Yes[45] |

**Are there any true conflicts of substantive law?**

No. Ferreo relies on *Sambor v. Omina Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002), Opp. at 5 n.4, but it is inapposite, only holding that a plaintiff could not obtain statutory damages without actual damages under § 480-13 (providing a private cause of action). *See id.* at 1244-45 & n.12. It did not change the objective test under § 480-2(a). *Accord Ameron Int'l Corp. v. Am. Home Assur. Co.*, 2011 U.S. Dist. LEXIS 61486, at *28 (C.D. Cal. June 6, 2011) ("the application of California law will not substantially impair Hawaii's interests").

----

[42] Haw. Rev. Stat. §§ 480-2(d), 480-13; *Hoilien v. Bank of Am.*, 2011 U.S. Dist. LEXIS 89155, at *23-24 & n.10 (Aug. 10, 2011).

[43] *Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 262 n.9 (2006) ("in order to establish a violation of HRS § 480-2, the plaintiff need not establish an intent to deceive on the part of defendant" (citation omitted)); *see generally* Haw. Rev. Stat. §§ 480-2 & 481A-4.

[44] *Courbat*, 111 Haw. at 262 (the test under § 480-2 "is an objective one, turning on whether the act or omission is 'likely to mislead consumers'" (citation omitted)); *see also Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1098 (9th Cir. 2009) (Under § 480-2, "actual reliance need not be established. Accordingly, there is no reason to look at the circumstances of each individual purchase in this case, because the allegations of the complaint are narrowly focused on allegedly deceptive provisions of Midland's own marketing brochures, and the fact-finder need only determine whether those brochures were capable of misleading a reasonable consumer.").

[45] *Tachibana v. Colo Mt. Dev., Inc.*, 2011 U.S. Dist. LEXIS 37599, at *20 (D. Haw. Apr. 5, 2011) ("Deceptive practices under § 480-2 include 'acts that mislead consumers,' such as representations or omissions that are likely to mislead reasonable consumers, where the misrepresentation or omission is material."); *see generally* Haw. Rev. Stat. §§ 480-2(b) ("The courts . . . shall give consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1))"). *See* 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practice in or affecting commerce, are hereby declared unlawful"). This FTC language covers omissions. *See, e.g., FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988); *FTC v. Wilcox*, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995).

**IDAHO**

|      | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|------|------------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA   | Yes                                                        | Yes                      | No                    | No                  | Yes                                       |
| ID   | Yes<br>Idaho Code §§ 48-603(5),(7), (17) & (18)           | Yes[46]                  | No[47]                | No[48]              | Yes[49]                                   |

**Are there any true conflicts of substantive law?**

    No.

---

[46] Idaho Code §§ 48-608, 48-619.

[47] *State v. Edwards*, 233 B.R. 461, 470 (D. Idaho 1999) (Under ICPA, "[i]t is not necessary to prove actual intent to deceive or actual deception on behalf of the defendant as long as a tendency or capacity to mislead consumers has been established." (citing *Kidwell v. Master Distribs.*, 101 Idaho 47 (1980)); *Beach v. Bank of Am.*, 447 B.R. 313, 319 n.4 (D. Idaho 2011) ("[N]either reliance by an injured party nor the offending party's intention to deceive must be demonstrated in a successful ICPA claim.").

[48] *Beach*, 447 B.R. 313 at 319 n.4.

[49] Idaho Code §§ 48-604(1) ("[I]n construing this act due consideration and great weight shall be given to the interpretation of the federal trade commission and the federal courts relating to section 5(a)(1) of the federal trade commission act (15 U.S.C. 45(a)(1))"); *see* 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practice in or affecting commerce, are hereby declared unlawful"). This FTC language covers omissions. *See, e.g.*, *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988); *FTC v. Wilcox*, 926 F. Supp. 1091, 1098 (S.D. Fla. 1995).

**ILLINOIS**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| IL | Yes 815 ILCS 505/2 | Yes[50] | No[51] | No[52] | Yes[53] |

**Are there any true conflicts of substantive law?**

No.

---

[50] A private right of action may be sustained where a plaintiff demonstrates she suffered actual damages. *See Schilke v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 110274, at *34-36 & n. 5 (N.D. Ill. Sept. 28, 2011); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 U.S. Dist. LEXIS 88932, at *10 (N.D. Ill. Aug. 10, 2011) ("The Illinois Supreme Court was . . . clear in its holding that 'a plaintiff may pursue a private cause of action under the Consumer Fraud Act if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois[,]'" quoting *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 128 (2005) (explaining focus should be on "site of injury or deception").

[51] 815 ILCS 505/2 (omitting intent requirement for misrepresentations, and requiring only "intent that others rely upon" any "concealment, suppression or omissions of . . . material fact"); *see also Preston v. Kruezer*, 641 F. Supp. 1163, 1168 (N.D. Ill. 1986) ("A defendant's state of mind is immaterial under the Consumer Fraud Act: 'a defendant need not be motivated by an intent to deceive.'" (citing *Warren v. LeMay*, 142 Ill. App. 3d 550, 566 (1986)); *Hoke v. Beck*, 224 Ill. App. 3d 674, 679 (1992) ("The 'intent' required by the [Consumer Fraud Act] is only the intent that the plaintiff in the primary action rely on the information that defendant gave him, as opposed to any intent on the defendant's part to deceive."); *Mackinac v. Arcadia Nat'l Life Ins. Co.*, 271 Ill. App. 3d 138, 141-42 (1995) ("The element of intent is relaxed under the Act and does not mandate that defendant have intended to induce plaintiff's reliance.").

[52] *Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 583 (N.D. Ill. 2005) ("Under the Consumer Fraud Act, a plaintiff must establish proximate cause, but proof of reliance is not required." (citations omitted)); *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Cal. 2009) ("it is not necessary . . . to show actual reliance in order to state a valid claim based on an omission or concealment under the Consumer Fraud Act." (quoting *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1145 (2001)); *see also J.C. Whitney & Co. v. Renaissance Software Corp.*, 2000 U.S. Dist. LEXIS 6180, at *44-45 (N.D. Ill. Apr. 21, 2000).

[53] 815 ILCS 505/2.

**INDIANA**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| IN | Yes<br>Ind. Code § 24-5-0.5-3(a)(1)-(2) | Yes[54] | No[55] | Yes[56] | No[57] |

**Are there any true conflicts of substantive law?**

> Yes, Indiana requires reliance and does not prohibit material omissions.

---

[54] Ind. Code § 24-5-0.5-4(a)-(b).

[55] *Young v. Harbor Motor Works, Inc.*, 2008 U.S. Dist. LEXIS 111909, at *16 (N.D. Ind. Dec. 18, 2008) ("intent to defraud or mislead is a required element of an 'incurable' deceptive act, although it is not required for other deceptive acts"); *McKinney v. State*, 693 N.E.2d 65, 69 (Ind. 1998) ("the legislature did not make intent a requirement of every 'deceptive act' under the Act").

[56] Ind. Code § 24-5-0.5-4(a).

[57] Ind. Code § 24-5-0.5-3(a) (referring to oral or written representations only).

**IOWA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|------------|------------|------------|------------|------------|
| CA | Yes | Yes | No | No | Yes |
| IA | Yes<br>Iowa Code § 714.16 | No[58] | No[59] | No[60] | Yes[61] |

**Are there any true conflicts of substantive law?**

    Yes, Iowa provides no private cause of action to consumers.

---

    [58] *See* Iowa Code § 714.16(7); *Molo Oil Co. v. River City Ford Truck Sales*, 578 N.W.2d 222, 228 (Iowa 1998).

    [59] Iowa Code § 714.16(7).

    [60] Iowa Code § 714.16(7).

    [61] Iowa Code § 714.16(2)(a).

**KANSAS**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----------------------------------------------------------|--------------------------|----------------------|---------------------|--------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| KS | Yes<br>Kan. Stat. Ann. § 50-626 | Yes[62] | No[63] | No[64] | Yes[65] |

**Are there any true conflicts of substantive law?**

No.

---

[62] Kan. Stat. Ann. § 50-634(c)-(d) (permitting private right of action, which may be brought as a class action, for injunctive relief, or for damages for any violation of Kan. Stat. Ann. § 50-626).

[63] *Moore v. Bird Engineering Co.*, 273 Kan. 2 (2002) (upholding lower court decision that acts prohibited under Kan. Stat. Ann. § 50-626(b)(1) (which prohibits certain "[r]epresentations made knowingly or with reason to know") does not require that defendant have an intent to deceive, as required by other subsections of the Act); *accord Unruh v. Purina Mills, LLC*, 2008 Kan. App. Unpub. LEXIS 442, at *21 (Kan. Ct. App. June 27, 2008) (not designated for publication) (Malone, J. concurring in part and dissenting in part) ("[T]he Kansans Supreme Court has held that under K.S.A. 50-626(b)(1), intent to deceive is not an element necessary to prove a deceptive act or practice. It is sufficient to prove that the representation was made 'knowingly or with reason to know,'" quoting *Moore*).

[64] Kan. Stat. Ann. § 50-626(a)-(b).

[65] Kan. Stat. Ann. § 50-626(b)(3).

**KENTUCKY**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| KY | Yes<br>Ky. Rev. Stat. § 367.170 | Yes[66] | No[67] | No[68] | Yes[69] |

**Are there any true conflicts of substantive law?**

No.

---

[66] Ky. Rev. Stat. § 367.220(1).

[67] *See Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W. 3d 343 (Ky. Ct. App. 2000) (no intent to deceive is necessary under Consumer Protection Act).

[68] Ky. Rev. Stat. § 367.170 does not require reliance. *See also Corder v. Ford Motor Co.*, 272 F.R.D. 205, 2010 (W.D. Ky. 2011); *Telecom Directories, Inc. v. Commonwealth*, 833 SW. 2d 848, 850 (Ky. Ct. App. 1991) (plaintiffs need not prove deception).

[69] *See Harman v. Sullivan Univ. Sys.*, 2005 U.S. Dist. LEXIS 10904, at *20 (W.D. Ky. June 6, 2005) (denying summary judgment for claim under Consumer Protection Act where evidence showed defendant "at least made a conscious and voluntary act or omission"); *Smith v. Gen. Motors Corp.*, 979 S.W. 2d 127, 130-31 (Ky. Ct. App. 1998) (denying summary judgment because fact-finder could reasonably conclude that non-disclosure constituted false, misleading or deceptive act under Consumer Protection Act).

**LOUISIANA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| LA | Yes<br>La. R. S. § 51:1405.A | Yes[70] | No[71] | No[72] | Yes[73] |

**Are there any true conflicts of substantive law?**

No. While the Louisiana Unfair Trade Practices and Consumer Protection Law prohibits bringing a cause of action "in a representative capacity to recover actual damages," La. R. S. § 51:1409.A, it permits class adjudication for other remedies. Thus, this difference can be dealt with at the remedy stage and does not go to the substance of any claims.

---

[70] La. R. S. § 51:1409.A.

[71] La. R. S. § 51:1409.A (Defendant's "knowing" violation is required only for treble damages, and in any event includes an objective test of what a reasonably prudent businessperson should have known, *see* La. R. S. § 51:1402.10).

[72] La. R. S. § 51:1405.A does not require reliance.

[73] Louisiana's Consumer Protection Law tracks the language of the FTC Act, 15 U.S.C. § 45(a), regarding prohibited practices, which includes omissions. *See, e.g.*, *F.T.C. v. Wilcox*, 926 F. Supp. 1091,1098 (S.D. Fla. 1995).

**MAINE**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| ME | Yes<br>Me. Rev. Stat. Ann. tit. 5, § 207 | Yes[74] | No[75] | No[76] | Yes[77] |

**Are there any true conflicts of substantive law?**

No.

---

[74] Me. Rev. Stat. Ann. tit. 5, § 213(1).

[75] *Auto Europe, L.L.C. v. Conn. Indem. Co.*, 2002 U.S. Dist. LEXIS 5249, at *21(D. Me. Mar. 28, 2002) ("Main law provides that 'an act may be deceptive pursuant to [5 M.R.S.A.] section 207 [the Maine UTPA] even though the defendant had no purpose to deceive and acted in good faith.'" (quoting *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996))).

[76] *Ambrose v. New England Ass'n of Schools & Colleges, Inc.*, 252 F.3d 488, 492 (1st Cir. 2001) (under UTPA, all that need be shown is conduct creating a "likelihood of confusion or misunderstanding," and that it is not "reasonably avoidable by consumers"); *Maine v. Weinschenk*, 868 A.2d 200, 203 (Me. 2005).

[77] *Binette*, 688 A.2d at 906.

**MARYLAND**

|      | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|------|------------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA   | Yes                                                        | Yes                      | No                    | No                  | Yes                                       |
| MD   | Yes<br>Md. Code Ann. Com. Law § 13-301                     | Yes[78]                  | No[79]                | Yes[80]             | Yes[81]                                   |

**Are there any true conflicts of substantive law?**

    Yes, class members would be required to prove individual reliance.

---

    [78] Md. Code Ann. Com. Law § 13-408.

    [79] *Consumer Prot. Div. v. Morgan*, 874 A.2d 919, 970 (Md. 2005) ("§ 13-301(1), (2), and (3) does not require scienter . . . ; the subsections require only a false or deceptive statement that has the capacity to mislead the consumer").

    [80] *See Lloyd v. GMC*, 266 F.R.D. 98, 111 (D. Md. 2010); *Philip Morris, Inc. v. Angeletti*, 752 A.2d 200 (Md. 2000); *Hoffman v. Stamper*, 155 Md. App. 247, 311 (Md. Ct. Spec. App. 2004).

    [81] Md. Code Ann. Com. Law § 13-301(3) (prohibiting "failure to state a material fact if the failure deceives or tends to deceive").

**MASSACHUSETTS**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| MA | Yes<br>Mass. Gen. Laws Ann., Ch. 93A, §§ 2, 9 | Yes[82] | No[83] | No[84] | Yes[85] |

**Are there any true conflicts of substantive law?**

No.

---

[82] Mass. Gen. Laws Ann., Ch. 93A, §§ 2, 9.

[83] *Commonwealth v. Brien*, 67 Mass. App. Ct. 309, 313 (2006); *Cabot Corp. v. Baddour*, 394 Mass. 720, 726 n.1 (1985) ("for liability under c. 93A 'it is not necessary to establish that the defendant knew that the representation was false,'" quoting *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703-704 (1975)).

[84] *Aspinall v. Philip Morris Cos., Inc.*, 813 N.E.2d 476, 486 (Mass. 2004); *Kimiatek v. Mendelson*, 22 Mass. L. Rep. 63 (Mass. Super. Ct. 2007); *Fraser Eng'g Co., Inc. v. Desmond*, 524 N.E. 2d 110, 113 (Mass. Ct. App. 1988) (proof of actual reliance on misrepresentation not required "so long as the evidence warrants a finding of a causal relationship between the misrepresentation and the injury to the plaintiff").

[85] *Aspinall*, 813 N.E. 2d at 487 (advertising may be deemed deceptive if it consists of a half-truth, or even may be true as a literal matter, but still creates an overall misleading impression through failure to disclose material information); *Underwood v. Risman*, 605 N.E. 2d 832 (Mass. 1993) (duty exists to disclose material facts known to party at time of sales transaction and liability will attach for failure to disclose known material fact if there is partial disclosure, misrepresentation, or false statement). In addition, Ch. 93A § 2(b) states that Massachusetts courts must be guided by interpretations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which construes deception to include an "omission."

**MICHIGAN**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| MI | Yes<br>Mich. Comp. Laws Ann. §§ 445.903 | Yes[86] | No[87] | No[88] | Yes[89] |

**Are there any true conflicts of substantive law?**

    No.

---

[86] Mich. Comp. Laws Ann. §§ 445.911.

[87] *See* Mich. Comp. Laws Ann. §§ 445.911(6) (permitting recovery of "actual damages" where "defendant shows by a preponderance of the evidence that a violation . . . resulted from a bona fide error"); *Dix. v. Am. Bankers Life Assurance Co.*, 415 N.W. 2d 206, 209 ("[A] defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis under the Consumer Protection Act.").

[88] *Dix*, 415 N.W. 2d at 209 ("We hold that members of a class proceeding under the Consumer Protection Act need not individually prove reliance on the alleged misrepresentations. It is sufficient if the class can establish that a reasonable person would have relied on the representations.").

[89] Mich. Comp. Laws Ann. §§ 445.903(s), (cc).

**MINNESOTA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| MN | Yes Minn. Stat. Ann. §§ 325F.68-70 | Yes[90] | No[91] | No[92] | Yes[93] |

**Are there any true conflicts of substantive law?**

No. Ferrero's reliance on *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544 (D. Minn. 1999), Opp. at 5 n.4, is erroneous, since that holding was abrogated by *Group Health* (see n.92 below). *Accord Gordon v. Microsoft Corp.*, 2011 U.S. Dist. LEXIS 26360, at *9 ("In *Group Health*, . . . the Minnesota Supreme Court rejected holdings in *Thompson*[.]")

---

[90] The Minnesota Private Attorney General Act, Minn. Stat. § 8.31(1)-(3a), confers a private right of action on "any person injured by a violation of" the Minnesota Protection of Consumer Fraud Act. *See Peterson-Price v. United States Bank Nat'l Ass'n*, 2010 U.S. Dist. LEXIS 43355, at *39 (D. Minn. May 4, 2010).

[91] Minn. Stat. Ann. §§ 325F.69(1) (statute only requires intent that others rely upon statement, not that a defendant know or intend that the statement is false).

[92] *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W. 2d 2, 12 (Minn. 2001); *see generally* Minn. Stat. Ann. §§ 325F.69(1) (conduct violates the act "whether or not any person has in fact been misled, deceived, or damaged thereby").

[93] *See Ford Motor Credit Co. v. Majors*, 2005 Minn. App. LEXIS 448, at *10-11 ("An omission or misrepresentation through silence is actionable under the MCFA if the information is material and there is a duty to disclose based on a relationship of trust or confidence or an unequal access to information." (citation omitted)); *Gardner v. First Am. Title Ins. Co.*, 296 F. Supp. 2d 1011 (D. Minn. 2003) (referring to an "actionable omission under the MPCFA"); *Dawson v. Merit Chevrolet Co.*, 1991 Minn. App. LEXIS 542, at *4-5 (Minn. Ct. App. 1991) (unpublished).

**MISSISSIPPI**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|------------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| MS | Yes Miss. Code Ann. § 75-24-5(2) | Yes[94] | No[95] | No[96] | Yes[97] |

**Are there any true conflicts of substantive law?**

No.

---

[94] Miss. Code Ann. § 75-24-15(1).

[95] Miss. Code Ann. § 75-24-5(2)(e) and (g) contain no intent requirement. Only §§ 2(i) and (j) contain an intent requirement ("Advertising goods or services *with intent* not to sell them as advertised; * * * Advertising goods and services *with intent* not to supply reasonably expectable public demand"). Because this action can be decided under (e) and (g), those subsections are not at issue. The only way scienter becomes involved is when, if a defendant "knowingly and willfully" used an unfair or deceptive trade practice, the attorney general can impose additional civil penalties, *see* Miss. Code Ann. § 75-24-19(b).

[96] The Consumer Protection Act does not require reliance on its face, and we have located no authority reading such a requirement into the Act. *See generally Southwest Starving Artists Group v. Miss.*, 364 So. 2d 1128, 1130 (Miss. 1978) (where no plaintiff was claiming reliance, lower court was "well within its discretion in finding that the advertising through posted notices and on radio and television was deceptive and violated Mississippi law").

[97] Miss. Code Ann. § 75-24-3(c) (courts interpreting the Act should be guided by interpretations of the FTC Act, which treats omissions as deceptive acts, *see, e.g.*, *Simeon Mgmt. Corp. v. FTC*, 579 F.2d 1137, 1145 (9th Cir. 1978) ("Failure to disclose material information may cause an advertisement to be false or deceptive within the meaning of the FTCA even though the advertisement does not state false facts.")).

**MISSOURI**

|      | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|------|-------------------------------------------------------------|--------------------------|------------------------|---------------------|-------------------------------------------|
| CA   | Yes                                                         | Yes                      | No                     | No                  | Yes                                       |
| MO   | Yes<br>§ 407.020 R.S.Mo.                                    | Yes[98]                  | No[99]                 | No[100]             | Yes[101]                                  |

**Are there any true conflicts of substantive law?**

No.

---

[98] § 407.025 R.S.Mo.

[99] *State v. Shaw*, 847 S.W. 2d 768, 775 (Mo. 1993) ("In civil cases arising under Section 407.020, a plaintiff need not prove all the elements of fraud, nor any element of intent, in order to make a claim of unlawful merchandising practices"); *Plubell v. Merck & Co.*, 289 S.W. 3d 707, 713-14 (Mo. Ct. App. 2009) ("Plaintiffs' MMPA claim does not require proof of Merck's knowledge. The MMPA supplements the definition of common law fraud, eliminating the need to prove an intent to defraud or reliance. The statute does not put forth a scienter requirement for civil liability: It is the defendant's conduct, not his intent, which determines whether a violation has occurred. . . . [U]nlawful practice under the MMPA may be demonstrated by the defendant's conduct—irrespective of mental state" (internal quotations and citations omitted)); *Scott v. Blue Springs Ford Sales, Inc.*, 215 S.W. 3d 145, 160 (Mo. Ct. App. 2006).

[100] *Scott*, 215 S.W. 3d at 160 ("[T]he MMPA supplements the definition of common law fraud, eliminating the need to prove an intent to defraud or reliance."); *Plubell*, 289 S.W. 3d at 713.

[101] § 407.020 R.S.Mo.

### MONTANA

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| MT | Yes Mont. Code Ann. §§ 30-14-101 -143 | Yes[102] | No[103] | No[104] | Yes[105] |

**Are there any true conflicts of substantive law?**

    No.

---

    [102] *Rohrer v. Knudson*, 349 Mont. 197, 203 (2009).

    [103] The statute does not require scienter on its face. *See* Mont. Code Ann. § 30-14-103. *See also Rohrer*, 349 Mont. 197 (defining "unfair act or practice" as "one that offends established public policy and that is immoral, unethical, unscrupulous, or substantially injurious to consumers"); *Woock v. Gebhardt Post Plant & Sawmill*, 2001 ML 3648, at *10 (Mont. Dist. Ct. Oct. 2001) ("[T]he so-called 'unfairness prong' of the Montana Consumer Protection Act . . . requires no proof of deceit or scienter on the part of the Defendant."); *Waddell v. Shamrock Motors*, 1995 Mont. Dist. LEXIS 682, at *7 (Mont. Dist. Ct. Oct. 24, 1995) ("[I]t is the intent of the legislature that in construing 30-14-103 due consideration and weight shall be given to the interpretations of the Federal Trade Commission Act . . . . And under federal law, proof of intention is not required for finding that an act is unfair or deceptive." (internal quotations and citations omitted)).

    [104] There is no reliance or causation requirement on the face of the Act and we have located no authority reading such a requirement into the Act.

    [105] Mont. Code Ann. §§ 30-14-104 ("[I]n construing 30-14-103 due consideration and weight shall be given to the interpretations of the federal trade commission and the federal courts in interpreting the provisions of section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C., 45(a)(1))"); *see FTC v. Accent Mktg., Inc.*, 2002 U.S. Dist. LEXIS 12545, at *4 (S.D. Ala. 2002) ("The FTC Act prohibits the use of unfair or deceptive acts or practices . . . a representation is deceptive if it contains a material claim or omission that is reasonably likely to mislead consumers acting reasonably under the circumstances to their detriment. A representation or omission is material if it is of the kind usually relied upon by a reasonably prudent person.").

**NEBRASKA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| NE | Yes<br>Neb. Rev. Stat. §§ 59-1602; 87-302; 87-303.01 | Yes[106] | No[107] | No[108] | Yes[109] |

**Are there any true conflicts of substantive law?**

No.

---

[106] Neb. Rev. Stat. § 59-1609; § 87-303(a).

[107] Neb. Rev. Stat. § 87-303(a) (requiring only that a plaintiff is "likely to be damaged by a deceptive trade practice of another").

[108] The statute does not require reliance on its face and we have located no authority reading a reliance requirement into the statute.

[109] In the absence of direct Nebraska authority (which we have not located), Nebraska courts require adherence to federal decisional law with regard to its consumer protection act: "any provision of Chapter 59 shall follow the construction given to the federal law by the federal courts." Neb. Rev. Stat. Ann. § 59-829. Under Neb. Rev. Stat. Ann. § 59-1602, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." The federal counterpart to this statute is substantively identical: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. § 45(a)(1). Federal decisional law includes material omissions as violations of section 45(a). "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that representations, *omissions*, or practices likely would mislead consumers, acting reasonably, to their detriment. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added). Furthermore, Nebraska's UDTPA states, "Sections 87-301 to 87-306 shall be construed to effectuate their general purpose to make uniform the law of those states which enact them." Neb. Rev. Stat. Ann.§ 87-305. It also states those sections "do not apply to: (1) Conduct in compliance with the orders or rules of, or a statue administered by, a federal, state, or local governmental agency," *id.* at § 87-304(a)(1). Taken together, Nebraska's legislature mandates that its courts avoid creating conflict with other deceptive trade practices statutes where there is none while indicating that any act that does not comply with federal deceptive trade law is "fair game" under Nebraska's law. Because material omissions are violations under both the FTC Act and Nebraska's sister jurisdictions, Nebraska courts would recognize material omissions as deceptive under Chapter 87.

**NEVADA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| NV | Yes<br>Nev. Rev. Stat. §§ 598.0903-0999; Nev. Rev. Stat. § 41.600. | Yes[110] | Yes[111] | No[112] | Yes[113] |

**Are there any true conflicts of substantive law?**

Yes, Nevada requires defendant's deception to be made "knowingly."

---

[110] Private right of action authorized under Nev. Rev. Stat. §§ 598.0933, 598.0973, 598.0977, 598.0933, 41.600; actual damages and reasonable attorney fees if victim of consumer fraud prevails.

[111] Statute proscribes "knowingly" making a false representation, Nev. Rev. Stat. §§ 598.0915(5), (14), and "knowingly" failing to disclose a material fact, *id.* § 598.0923(2), although the Attorney General can enjoin deceptive conduct without proving knowledge.

[112] Statute does not require reliance on its face and we have found no authority reading such a requirement into the Act.

[113] Deceptive trade practices includes "fail[ure] to disclose a material fact," Nev. Rev. Stat. § 598.0923.

**NEW HAMPSHIRE**

| | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| NH | Yes N.H. Rev. Stat. Ann. §§ 358-A:2; 358-A:2(V); 358-A:2(VII) | Yes[114] | No[115] | No[116] | Yes[117] |

**Are there any true conflicts of substantive law?**

No.

---

[114] N.H. Rev. Stat. Ann. § 358-A:10.

[115] *See* N.H. Rev. Stat. Ann. § 358-A:10 (damage amount is doubled or trebled for "willful or knowing violation of this chapter," therefore straight injunction or damages requires no showing of scienter); *see also Beer v. Bennett*, 160 N.H. 166 (2010); *Hair Excitement, Inc. v. L'Oreal U.S.A., Inc.*, 158 N.H. 363, 369-70 (2009); *Mwangi v. Alam*, 2007 U.S. Dist. LEXIS 84786, at *4-7 (D.N.H. Nov. 2, 2007).

[116] N.H. Rev. Stat. Ann. § 358-A:11 ("In order to prevail in any prosecution under this chapter, it is not necessary to prove actual confusion or misunderstanding.").

[117] In determining what actions are unlawful outside of the enumerated categories of the consumer statutes, New Hampshire courts look to federal courts' interpretation of the Federal Trade Commission Act for guidance. *State v. Moran*, 861 F.2d 1020, 1029 (N.H. 2004). Federal decisional law includes material omissions as violations of 15 U.S.C. § 45(a). "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that representations, *omissions*, or practices likely would mislead consumers, acting reasonably, to their detriment. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added). *See also Chroniak v. Golden Inv. Corp.*, 983 F.2d 1140, 1146-47 & ns.11-12 (1st Cir. 1993) (noting that the New Hampshire Supreme Court looks to the "well developed" decisional law construing Massachusetts' deceptive practices act, which case law "is replete with decisions holding that a failure to disclose a material fact may constitute an unfair or deceptive practice").

**NEW JERSEY**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----|-----|-----|-----|-----|
| CA | Yes | Yes | No | No | Yes |
| NJ | Yes N.J. Stat. Ann. §§ 56:8-2, 56:8-2.10 | Yes[118] | No[119] | No[120] | Yes[121] |

**Are there any true conflicts of substantive law?**

No.

---

[118] N.J. Stat. Ann. § 56:8-19.

[119] N.J. Stat. Ann. § 56:8-2 (omitting intent requirement for misrepresentations, and requiring only "intent that others rely" with respect to any "knowing[] concealment, suppression or omissions of material fact"); *see also* N.J. Stat. Ann. § 56:8-2.10 (prohibiting the misrepresentation of food products if "[i]ts description is false or misleading in any particular; [or] omits information which by its omission renders the description false or misleading in any particular," and stating no knowledge or intent requirements); *see generally Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 245 (2005); *Chattin v. Cape May Greene*, 124 N.J. 520, 528 (1991).

[120] N.J. Stat. Ann. § 56:8-2 (conduct violates the act "whether or not any person has in fact been misled, deceived or damaged thereby"); *DaBush v. Mercedes Benz USA, Inc.*, 378 N.J. Super. 105, 122 (2005); *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 15 (2003).

[121] N.J. Stat. Ann. § 56:8-2.

**NEW MEXICO**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| NM | Yes<br>N.M. Stat. Ann. §§ 57-12-1 *et seq.* | Yes[122] | No[123] | No[124] | Yes[125] |

**Are there any true conflicts of substantive law?**

    No.

---

[122] N.M. Stat. Ann. § 57-12-10.

[123] N.M. Stat. Ann. § 57-12-10(A) (for injunctive relief under act, "[p]roof of monetary damage, loss of profits or intent to deceive or take unfair advantage of any person is not required"); N.M. Stat. Ann. § 57-12-10(B) (noting that treble damages may be awarded where trier-of-fact determines unfair practice was done willfully); *see Billsie v. Brooksbank*, 525 F. Supp. 2d 1290, 1295 n.9 (D.N.M. 2007) ("New Mexico law does not require the plaintiff to prove intent," citing *Russey v. Rankin*, 911 F. Supp. 1449, 1460 (10th Cir. 1995)); *Taylor v. United Mgmt.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999) ("Intent is not an element of an unfair or deceptive trade practice claim," citing *Russey*).

[124] There is no reliance requirement on the face of the statute. *See* N.M. Stat. Ann. § 57-12-3. Moreover, N.M. Stat. Ann. § 57-12-2(D) defines an unfair or deceptive trade practice to include "a false or misleading oral or written statement . . . of any kind knowingly made in connection with the sale . . . of goods . . . that may, tends to or does deceive or mislead any person . . . ." To recover under the Unfair Practices Act, a plaintiff need only prove that defendant's deceptive trade practice proximately caused actual damages. *See Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 620 (D.N.M. 2007) ("A claimant under the UPA need not allege detrimental reliance on the deceptive practice in order to state a valid claim."); *Smoot v. Physicians Life Ins. Co.*, 135 N.M. 265, 270-71 (N.M. Ct. App. 2003).

[125] N.M. Stat. Ann. § 57-12-2(D)(14) (unfair business practice includes "failing to state a material fact if doing so deceives or tends to deceive").

**NEW YORK**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| NY | Yes N.Y. G.B.L. § 349(a) | Yes[126] | No[127] | No[128] | Yes[129] |

**Are there any true conflicts of substantive law?**

No.

---

[126] N.Y. G.B.L. § 349(h).

[127] *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 403-404 (S.D.N.Y.2010) (Under § 349, "[i]t is not necessary for the plaintiff to demonstrate that the defendant acted intentionally or with scienter." (citations omitted)).

[128] *Owens v. Aspen Funding LLC*, 2011 U.S. Dist. LEXIS 102063, at *35 (W.D.N.Y. Sept. 9, 2011) ("[A]s we have repeatedly stated, reliance is not an element of a section 349 claim." (citation omitted)); *see also Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).

[129] *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612 (N.Y. 2000) ("Whether a representation *or an omission*, the deceptive practice must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" (emphasis added)).

- 33 -

**NORTH CAROLINA**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| NC | Yes<br>NC Gen. Stats. §§ 75-1 *et seq.*[130] | Yes[131] | No[132] | No[133] | Yes[134] |

**Are there any true conflicts of substantive law?**

    No.

---

    [130] The acts and omissions prohibited under the North Carolina statute are explained in *Huff v. Autos Unlimited, Inc.*, 477 S.E.2d 86, 88-89 (N.C. Ct. App. 1996), as practices that offend established public policy as well as practices that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

    [131] NC Gen. Stat. § 75-16.

    [132] *Volumetrics Med. Imaging, Inc. v. ATL Ultrasound, Inc.*, 243 F. Supp. 2d 386, 418 n.15 (M.D.N.C. 2003) ("fraud requires scienter, while § 75 does not" (citation omitted)).

    [133] *Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981) ("[A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required.").

    [134] *S. Atl. Ltd. P'ship of Tenn., L.P. v. Riese*, 284 F.3d 518, 537-38 (4th Cir. 2002) (applying North Carolina law).

**NORTH DAKOTA**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| ND | Yes N.D.C.C. §§ 51-12-01, 51-15-02 | Yes[135] | No[136] | No[137] | Yes[138] |

**Are there any true conflicts of substantive law?**

No.

---

[135] N.D.C.C. § 51-15-09.

[136] N.D.C.C. §§ 51-15-09 (court may order treble damages if it determines unlawful advertising was committing knowingly).

[137] N.D.C.C. §§ 51-15-02 (act done with intent that others rely is actionable regardless of whether plaintiff was actually deceived).

[138] *See Hanson v. Acceleration Life Ins. Co.*, 1999 U.S. Dist. LEXIS 23298 (D.N.D. May 20, 1999) (in class action context under North Dakota consumer fraud statutes, plaintiffs' claims were based primarily on defendants' uniform failure to disclose material facts to proposed class members).

**OHIO**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| OH | Yes<br>Ohio Rev. Code § 1345.02 | Yes[139] | No[140] | No[141] | Yes[142] |

**Are there any true conflicts of substantive law?**

No. Ferrero's reliance on *Amato v. Gen. Motors Corp.*, 463 N.E.2d 625 (Ohio Ct. App. 1982), Opp. at 5 n.4, is curious. That case upheld a lower court's ruling that reliance upon misleading representations may be sufficiently established by an inference or presumption, and relied upon California law in conducting its analysis. *See id.* at 626-29 (citing *Vasquez v. Superior Ct.*, 4 Cal. 3d 800, 814-15 (1971)).

---

[139] Ohio Rev. Code § 1345.09.

[140] Ohio Rev. Code §§ 1345.09(F)(2) (permitting award of attorneys fees (i.e., additional damages) where defendant's violation was knowing), 1345.01(E). *See also Shank v. Charger, Inc.*, 186 Ohio App. 3d 605, 615 (2010) (noting § 1345.02 "lacks a 'knowing' or scienter requirement").

[141] Ohio Rev. Code § 1345.09(D) (no reliance requirement). *See also Ferron v. Metareward, Inc.*, 698 F. Supp. 2d 992, 1001 (S.D. Ohio 2010) ("Section 1345.02 does not require a plaintiff to allege reliance on or damages arising out of the deceptive scheme." (internal alterations and citations omitted)).

[142] *See Lump v. Best Door & Window, Inc.*, 2002 Ohio 1389 (Ohio Ct. App., Logan County, 2002) (concurrence) ("[I]t is clear that an omission may constitute a deceptive act or practice under appropriate circumstances"); *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827 (S.D. Ohio 2003); *McCullough v. Spitzer Motor Ctr.*, 1994 Ohio App. LEXIS 262, at *24 (Ohio Ct. App. Jan. 27, 1994).

**OKLAHOMA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|------------------------------------------------------------|--------------------------|------------------------|---------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| OK | Yes<br>Okla. Stat. Ann. tit. 15 § 753, tit. 78, § 53 | Yes[143] | Yes[144] | No[145] | Yes[146] |

**Are there any true conflicts of substantive law?**

    Yes, Oklahoma requires that a "false representation" be made "knowingly."

---

[143] Okla. Stat. Ann. tit. 15 § 761.1; *Patterson v. Ball*, 19 P.3d 839 (Okla. 2000).

[144] Okla. Stat. Ann. tit. 15 § 753(5) requires knowledge of a "false representation." *C.f.* Okla. Stat. Ann. tit. 15 § 753(2)-(5) (knowledge required); *id.* § 573(7) ("knowingly").

[145] No such requirement appears on the face of the Act and we have found no authority reading such a requirement into the Act.

[146] Okla. Stat. Ann. tit. 15 § 752(13) ("Deceptive trade practice" includes "omission . . . that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person.").

**OREGON**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| OR | Yes<br>Or. Rev. Stat. §§ 646.605-646.656 | Yes[147] | No[148] | No[149] | Yes[150] |

**Are there any true conflicts of substantive law?**

No. Ferrero's reliance on *Feitler v. Animation Celection, Inc.*, 13 P.3d 1044 (Or. Ct. App. 2000) is misplaced, since that case held that "[a]ny loss will satisfy the ['ascertainable loss'] requirement [under the UTPA] so long as it is 'capable of being discovered, observed, or established.'" *Id.* at 712 (citation omitted).

---

[147] Or. Rev. Stat. § 646.638(1).

[148] *McKie*, 2011 U.S. Dist. LEXIS 44848, at *7-8 (D. Or. Apr. 26, 2011) (scienter requirement for UTPA claims requires only negligent misrepresentation).

[149] *McKie v. Sears Prot. Co.*, 2011 U.S. Dist. LEXIS 44848, at *7-8 (UTPA claims do not require proof of reliance).

[150] *See generally Wright v. Kia Motors Am., Inc.*, 2007 U.S. Dist. LEXIS 7431, at *6 (D. Or. Jan. 29, 2007) (upholding claims under UTPA based on alleged omisisons).

**PENNSYLVANIA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| PA | Yes<br>73 Pa. Stat. Ann. §§ 201-3; 201-2(4) | Yes[151] | Yes[152] | Yes[153] | Yes[154] |

**Are there any true conflicts of substantive law?**

  Yes, Pennsylvania's Unfair Trade Practices and Consumer Protection Law requires individual justifiable reliance and scienter ("intent to mislead" and "knowledge/recklessness as to falsity of representation").

---

  [151] 73 Pa. Stat. Ann. §§ 201-9.2.

  [152] *See Taggart v. Wells Fargo Home Mortg., Inc.*, 2010 U.S. Dist. LEXIS 102747, at *28-30 (E.D. Pa. Sept. 27, 2010) (to establish violation under UTPCPL, plaintiff needs to prove elements of common law fraud, including scienter and justifiable reliance).

  [153] *See Taggart*, 2010 U.S. Dist. LEXIS, at *28-30.

  [154] *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002).

**RHODE ISLAND**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| RI | Yes<br>R.I. Gen. Laws § 6-13.1-1 *et sq.* | Yes[155] | No[156] | No[157] | Yes[158] |

**Are there any true conflicts of substantive law?**

No.

---

[155] R.I. Gen. Laws § 6-13.1-5.2(a)-(b).

[156] The Rhode Island Consumer Protection Act does not require scienter on its face and we have located no authority reading such a requirement into the statute.

[157] The Act does not require reliance on its face and we have located no authority reading such a requirement into the statute.

[158] R.I. Gen. Laws § 6-13.1-3 ("in construing [the Act] due consideration and great weight shall be given to interpretations of the federal trade commission and the federal courts relating to § 5(a) of the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1)"). Federal decisional law includes material omissions as violations of section 45(a). "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that representations, *omissions*, or practices likely would mislead consumers, acting reasonably, to their detriment. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added).

## SOUTH CAROLINA

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| SC | Yes<br>S.C. Code § 39-5-20(a) | Yes[159] | No[160] | No[161] | Yes[162] |

**Are there any true conflicts of substantive law?**

No.

---

[159] S.C. Code § 39-5-140(a).

[160] S.C. Code § 39-5-20(a) (containing no scienter requirement); *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 363 N.E.2d 691, 692 (S.C. 1988) (noting that intent to deceive is not required under § 39-5-20).

[161] S.C. Code § 39-5-20(a) (containing no reliance requirement); *Inman*, 363 S.E.2d at 692 (statute merely requires "capacity to deceive").

[162] *See Johnson v. Collins Entm't Co., Inc.*, 564 S.E.2d 653, 666 (S.C. 2002) (describing omission as an "inherent misrepresentation").

**SOUTH DAKOTA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| SD | Yes S.D. Codified Laws § 37-24-6(1) | Yes[163] | Yes[164] | No[165] | Yes[166] |

**Are there any true conflicts of substantive law?**

Yes, South Dakota requires that deceptive acts be done "knowingly and intentionally" to be actionable.

---

[163] S.D. Codified Laws § 37-24-31.

[164] S.D. Codified Laws § 37-24-6(1) ("knowingly and intentionally").

[165] S.D. Codified Laws § 37-24-6(1) ("regardless of whether any person has in fact been mislead [sic], deceived, or damaged thereby").

[166] S.D. Codified Laws § 37-24-6(1) ("or omit any material fact").

**TENNESSEE**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|-----------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA | Yes | Yes | No | No | Yes |
| TN | Yes<br>Tenn. Code §§ 47-18-104(a)-(b) | Yes[167] | No[168] | No[169] | Yes[170] |

**Are there any true conflicts of substantive law?**

    No.

---

[167] Tenn. Code §§ 47-18-109(a).

[168] Tenn. Code §§ 47-18-103(6), 47-18-109(a)(3) (knowledge of falsity only required for treble damages and even then contains an objective "reasonable person" standard for inferring knowledge). *See also Mapco Express v. Interstate Entm't, Inc.*, 2011 U.S. Dist. LEXIS 89750, at *33 ("The scope of the TCPA is broader than common-law fraud; the burden of proof on the plaintiff is lower, as claims are not limited to misrepresentations that are fraudulent or willful." (citation omitted)).

[169] Tenn. Code §§ 47-18-104 and 47-18-109(a)(1) (permitting "[a]ny person who suffers an ascertainable loss" to bring suit); *see also Johnson v. Dattilo*, 2011 Tenn. App. LEXIS 387, at *19-20 (Tenn. Ct. App. July 14, 2011) ("[I]n TCPA cases involving misrepresentation, a plaintiff is not required to show reliance upon a misrepresentation in order to maintain a cause of action," quoting *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W. 3d 457, 469 (Ten. Ct. App. 2003)).

[170] Tenn. Code §§ 47-18-115 ("this part shall be interpreted and construed consistently with the interpretations given by the federal trade commission and the federal courts pursuant to § 5(A)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)). Federal decisional law includes material omissions as violations of section 45(a). "In order to establish that an act or practice is deceptive [under § 45(a)], the FTC must establish that representations, *omissions*, or practices likely would mislead consumers, acting reasonably, to their detriment. *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (emphasis added).

**TEXAS**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| TX | Yes<br>Tex. Bus. & Com. Code § 17.46 | Yes[171] | No[172] | Yes[173] | Yes[174] |

**Are there any true conflicts of substantive law?**

Yes, Tex. Bus. & Com. Code § 17.50(a)(1)(B) requires reliance for private causes of action.

---

[171] Tex. Bus. & Com. Code § 17.50 incorporates all violations of § 17.46(b) into a private cause of action.

[172] Tex. Bus. & Com. Code § 17.50(b)(1) (permitting additional damages upon showing that violation was committed knowingly); *see also id.* § 17.46(b) (listing violations without scienter requirement).

[173] Tex. Bus. & Com. Code § 17.50(a)(1)(B) requires reliance for private causes of action.

[174] Tex. Bus. & Com. Code § 17.46(b)(24).

**UTAH**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| UT | Yes<br>Utah Code § 13-11-4 | Yes[175] | Yes[176] | No[177] | Yes[178] |

**Are there any true conflicts of substantive law?**

Yes, Utah requires scienter.

---

[175] Utah Code §§ 13-11-19 and 13-11-10 authorize private right of action for declaratory judgment, injunction and ancillary relief, as well as class actions for actual damages under certain circumstances.

[176] Utah Code § 13-11-4(2) ("[A] supplier commits a deceptive act or practice if the supplier knowingly or intentionally" engages in the enumerated conduct).

[177] Utah Code § 13-11-4 prohibits deceptive practices before, during, or after a consumer transaction, and Utah Code § 13-11-19(1) allows a consumer to pursue a claim even if not damaged by the deceptive act.

[178] We have found no authority on point, but in *Wade v. Jobe*, 818 P.2d 1006, 1014-15 (Utah 1991), the Utah Supreme Court held that Utah's statute should be read consistently with the Federal Trade Commission Act, which provides that omissions can constitute deceptive or unfair acts. *See FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988).

**VERMONT**

|     | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|-----|------------------------------------------------------------|--------------------------|-----------------------|---------------------|-------------------------------------------|
| CA  | Yes                                                        | Yes                      | No                    | No                  | Yes                                       |
| VT  | Yes<br>9 Vt. Stat. § 2453(a)                               | Yes[179]                 | No[180]               | No[181]             | Yes[182]                                  |

**Are there any true conflicts of substantive law?**

    No.

---

    [179] 9 Vt. Stat. § 2461(b).

    [180] *See Moffitt v. Icynene, Inc.*, 407 F. Supp. 2d 591, 603 (under the Consumer Fraud Act, "a defendant may be liable even if he lacks the intent to deceive or mislead"); *Inkel v. Pride Chevrolet-Pontiac, Inc.*, 945 A.2d 855, 859 (Vt. 2008) ("no intent to deceive or mislead need be proved [under] § 2453(a)"); *Winston v. Johnson & Dix Fuel*, 515 A.2d 371 (Vt. 1986).

    [181] 9 Vt. Stat. § 2461(b) (permitting a cause of action to "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices prohibited by section 2453 . . . , *or* who sustains damages or injury as a result of any" prohibited conduct (emphasis added)); *see also*; *Jordan v. Nissan N. Am.*, 853 A.2d 40 (Vt. 2004) (deceptive act need only have objective capacity to deceive); *Kessler v. Loftus*, 994 F. Supp. 240, 242 (D. Vt. 1997) (same).

    [182] *Kessler*, 994 F. Supp. at 242 ("[a] 'deceptive act or practice' is a material representation, practice or omission likely to mislead a reasonable consumer." (internal quotation marks and citation omitted)).

**VIRGINIA**

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|----|----|----|----|----|
| CA | Yes | Yes | No | No | Yes |
| VA | Yes<br>Va. Code § 59.1-200;<br>Va. Code § 59.1-683<br>and § 18.2-216 | Yes[183] | No[184] | Yes[185] | Yes[186] |

**Are there any true conflicts of substantive law?**

Yes, Virginia requires proof of actual reliance, and a violation of the Consumer Protection Act founded upon the nondisclosure of a material fact requires evidence of a knowing and deliberate decision not to disclose the fact.

---

[183] Va. Code § 59.1-204.

[184] Va. Code § 59.1-204A (treble damages available for willful violations; otherwise, a defendant is liable for actual damages regardless of intent). *See also* Va. Code §§ 59.1-206-207.

[185] *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 189 (E.D. Va. 2005) ("the VCPA's plain language as consistently construed by the courts, requires that a private VCPA claimant show that he relied on the alleged misrepresentations claimed to constitute the prohibited practice").

[186] *Lambert v. Downtown Garage*, 262 Va. 707, 714 (Va. 2001) (Act covers omissions, but "a violation of the Act founded upon the nondisclosure of a material fact also requires evidence of a knowing and deliberate decision not to disclose the fact").

## WASHINGTON

|    | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|----|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| WA | Yes<br>Wash. Rev. Code § 19.86.020 | Yes[187] | No[188] | Yes[189] | Yes[190] |

**Are there any true conflicts of substantive law?**

Yes, although mixed, recent case law suggests the causation requirement under the Consumer Protection Act would require individual determinations of reliance in this context.

---

[187] Wash. Rev. Code § 19.86.090.

[188] *Tallmadge v. Aurora Chrysler Plymouth*, 605 P.2 1275, 1277 (Wash. Ct. App. 1979) ("The act is to be liberally construed, and an intent to deceive or defraud is not necessary." (citations omitted)).

[189] *Contos v. Wells Fargo Escrow Co., LLC*, 2010 U.S. Dist. LEXIS 777225, at *24-25 (W.D. Wash. July 1, 2010) (explaining in class action context concerning false advertising, causation element of act would require individual proof of reliance); *Homchick v. Allstate Ins. Co.*, 2005 U.S. Dist. LEXIS 25645, at *12 (W.D. Wash. Oct. 19, 2005) ("In order to demonstrate the requisite causal link, plaintiffs must demonstrate their reliance upon the false advertisement in purchasing the defendant's goods or services." (citation omitted)); *but see Tallmadge*, 605 P.2d at 1277 ("A claimant need not prove reliance . . . but only that the actions have a tendency or capacity to deceive a substantial portion of the public." (citations omitted)); *Daly v. Unitrin, Inc.*, 2008 U.S. Dist. LEXIS 46112, at *14-15 n.4 (E.D. Wash. June 11, 2008) ("a CPA plaintiff need not prove justifiable reliance but rather 'must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury.' By utilizing proximate cause, rather than justifiable reliance, the CPA's causation element is distinguished from the negligent affirmative misrepresentation causation element." (citation omitted)).

[190] Failure to disclose a known defect in goods constitutes an unfair trade practice. *Griffith v. Centex Real Estate*, 969 P.2d 486 (Wash. App. 1998).

**WEST VIRGINIA**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| WV | Yes<br>W. Va. Code § 46A-6-104 | Yes[191] | No[192] | Yes[193] | Yes[194] |

**Are there any true conflicts of substantive law?**

   Yes, West Virginia requires proof of reliance on alleged affirmative misrepresentations to satisfy the causation element in a private action brought under the Consumer Credit and Protection Act.

---

   [191] W. Va. Code § 46A-6-106.

   [192] W. Va. Code § 46A-6-102(7)(M) does not require intent with regard to misrepresentations, and requires only "intent that others rely upon" any concealments.

   [193] *White v. Wyeth*, 705 S.E. 2d 828, 838 (W. Va. 2010).

   [194] W. Va. Code § 46A-6-102(7)(M).

**WISCONSIN**

|  | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| WI | Yes<br>Wisc. Stat. § 100.18(1) | Yes[195] | No[196] | Yes[197] | No[198] |

**Are there any true conflicts of substantive law?**

Yes. Although the case law is a little mixed, most recent cases suggest the statute requires individualized proof of reliance. Moreover, omissions are not actionable under the statute.

---

[195] Wisc. Stat. § 100.18(11)(b)(2).

[196] Only certain acts or omissions, not relevant here, must be made with knowledge that the act or omission was false. *Compare, e.g.*, Wisc. Stat. § 100.18(1) with § 100.18(12)(b). *See also Ricco v. Riva*, 266 Wis. 2d 696, 669 (Wis. App. 2003).

[197] *Thermal Design, Inc. v. Am. Soc'y of Heating*, 775 F. Supp. 2d 1082, 1089 (E.D. Wisc. 2011); *but see K&S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 295 Wis. 2d 298, 325-26 (Wisc. App. 2006).

[198] *Schmidt v. Bassett Furniture Indus.*, 2011 U.S. Dist. LEXIS 3633, at *17 (E.D. Wis. Jan. 10, 2011) ("an omission to speak [ ] is insufficient to support a claim under Wis. Stat. § 100.18(1)" (citation omitted)).

**WYOMING**

| | Did Ferrero's conduct violate the consumer protection law? | Private cause of action? | Scienter requirement? | Individual Reliance | Does the law prohibit material omissions? |
|---|---|---|---|---|---|
| CA | Yes | Yes | No | No | Yes |
| WY | Yes Wyo. Stat. § 40-12-105 | Yes[199] | No[200] | Yes[201] | No[202] |

**Are there any true conflicts of substantive law?**

Yes, Wyoming requires individual reliance and apparently does not cover omissions.

---

[199] Wyo. Stat. § 40-12-108.

[200] Wyo. Stat. § 40-12-113 (civil penalties require that defendant know its conduct was unfair or deceptive).

[201] Wyo. Stat. § 40-12-108(a).

[202] The statute does not, on its face, cover omissions, and we have found no authority construing it as such.