# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FERRERO LITIGATION | CASE NO. 11-CV-205 H (CAB)<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION** |

On August 1, 2011, Plaintiffs filed a motion for class certification. (Doc. No. 51 (Redacted Mot.) and Doc. No. 66 (Unredacted Sealed Mot.).) On October 10, 2011, Defendant Ferrero U.S.A., Inc. ("Ferrero") filed its opposition to Plaintiffs' motion for class certification. (Doc. No. 76 (Redacted Opp.) and Doc. No. 79 (Unredacted Sealed Opp.).) On October 21, 2011, Plaintiffs filed a reply. (Doc. No. 83 (Redacted Reply) and Doc. No. 88 (Unredacted Sealed Reply.).) The Court held a hearing on the motion on November 7, 2011. John Fitzgerald and Ronald Marron appeared on behalf of the Plaintiff. Keith Eggleton and Dale Bish appeared on behalf of the Defendant. On November 8, 2011, Plaintiffs filed a supplemental brief in support of their motion for class certification. (Doc. No. 92.) On November 9, 2011, Defendant filed its supplemental brief. (Doc. No. 94.) For the following reasons, the Court grants Plaintiffs' motion for class certification.

///

///

# BACKGROUND

This is a consolidated consumer class action lawsuit brought on behalf of people who have purchased Ferrero's Nutella® spread after relying on allegedly deceptive and misleading labeling and advertisements. (Doc. No. 14, Cons. Compl.) Specifically, Plaintiffs allege that Ferrero misleadingly promotes its Nutella® spread as healthy and beneficial to children when in fact it contains dangerous levels of fat and sugar. (Id. ¶ 99-102.) Plaintiff Athena Hohenberg alleged that she has a four-year old child, and that beginning in 2009, she purchased Nutella® relying on advertisements and representations by Defendant that Nutella® is a healthy breakfast and is nutritious. (Id. ¶ 26.) Plaintiff Laura Rude-Barbato alleges that she has a seven-year-old child, and that beginning in 2010 she purchased Nutella® after seeing television commercials suggesting Nutella® was a healthy choice, which included images of young children being fed Nutella®. (Id. ¶ 29.) Plaintiffs allege that they learned that Nutella® contains high levels of sugar and fat in December 2010 (Hohenberg) and in February 2011 (Rude-Barbato). (Id. ¶¶ 28, 32.)

Based on these representations, Plaintiffs bring causes of action alleging (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) violations of California's False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (3) violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq.; (4) breach of express warranty; and (5) breach of implied warranty of merchantability. (Id.) Plaintiffs seek certification of their UCL, FAL and CLRA claims on behalf of a nationwide restitution class consisting of all persons who, on or after January 1, 2000, bought one or more Nutella® products in the United States for their own or household use rather than resale or distribution, and also on behalf of a nationwide injunctive relief class consisting of all persons who commonly purchase or are in the market for Nutella® in the United States for their own or household use rather than resale or distribution. (Doc. No. 66 at 10.)

///

///

# DISCUSSION

## I. Class Certification Standards

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Wal–Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) (citing Califano v. Yamasaki, 442 U.S. 682, 700–01 (1979)). To qualify for the exception to individual litigation, the party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b). Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001); Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1308–09 (9th Cir. 1977). Rule 23(a) requires Plaintiff to demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

"What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Wal–Mart Stores, Inc., 131 S. Ct. at 2551 (quotation omitted). The district court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). It is a well-recognized precept that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 (1978) (quoting Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 558 (1963)). However, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction

of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits at the class certification stage." Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983) (citation omitted); see also Nelson v. United States Steel Corp., 709 F.2d 675, 679–80 (11th Cir.1983) (plaintiff's burden "entails more than the simple assertion of [commonality and typicality] but less than a prima facie showing of liability") (citation omitted). Rather, the court's review of the merits should be limited to those aspects relevant to making the certification decision on an informed basis. See Fed. R. Civ. P. 23 advisory committee notes. The Court must consider the merits if they overlap with the Rule 23 requirements. Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011) (citing Wal–Mart Stores, Inc., 131 S. Ct. at 2551-52; Hanon, 976 F.2d at 509). If a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, certification should be refused. Falcon, 457 U.S. at 161.

**II. Requirements of Rule 23(a)**

    **A. Numerosity**

Rule 23(a)(1) requires the proposed class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility," rather the inquiry focuses on the difficulty or inconvenience of joining all members of class. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-914 (9th Cir. 1964). In determining whether numerosity is satisfied, the Court may consider reasonable inferences drawn from the facts before it. Gay v. Waiters' & Dairy Lunchmen's Union, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977).

Here, Plaintiffs offer evidence that 10.1% of American households purchased Nutella® during the 52 weeks ending December 26, 2010. (Doc. No. 66-1, Ex. 33.) Plaintiffs point out that Nutella® has been sold in grocery stores, discount stores like Wal-Mart and Target, and club stores like Sam's Club and CostCo, throughout the country. Plaintiffs offer evidence that Ferrero's net Nutella® sales from 2007 to 2010 totaled $213,693,000. (Id., Ex. 4.) Defendant does not dispute the numerosity of the proposed class. Accordingly, the Court concludes that this requirement is satisfied.

**B. Commonality**

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." Wal–Mart Stores, Inc., 131 S. Ct. at 2551. The "claims must depend on a common contention" and "[t]hat common contention ... must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. "Commonality is satisfied by "the existence of shared legal issues with divergent factual predicates" or a "common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019-20 (9th Cir. 1998). All questions of fact and law need not be common to satisfy the rule. Id. The named Plaintiff need only share at least one question of fact or law with the prospective class. Rodriguez v. Hayes, 591 F.3d 1105, 1122 (9th Cir. 2010) (citing Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 56 (3rd Cir. 1994)). However, merely alleging common questions is insufficient to meet the commonality requirement. Ellis, 657 F.3d at 981. "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Wal–Mart Stores, Inc., 131 S. Ct. at 2551.

Ferrero argues that Plaintiffs do not satisfy the commonality requirement as clarified by the United States Supreme Court in Wal-Mart, because they have not offered evidence of a common injury. (Doc. No. 79 at 22.) Ferrero argues that Plaintiffs did not support their motion with expert declarations, like plaintiffs in Johnson v. General Mills, Inc., —F.R.D.—, 2011 WL 4056208 (C.D. Cal. Sept. 12, 2011). The court in Johnson observed that all class members asserted they were misled by a "common advertising campaign that had little to no variation." 2011 WL 4056208, at *2. The class members' claims in Johnson shared a common contention that Defendants made a material misrepresentation regarding the digestive health benefits of YoPlus that violated the UCL and the CLRA." Id.

Commonality under Rule 23(a)(2) only requires there be some common issues of fact

and law. Keilholtz v. Lennox, 268 F.R.D. 330, 337 (N.D. Cal. 2010). To the extent that Defendant interprets the decision in Wal–Mart as requiring plaintiffs to prove common class-wide injury at the class certification stage, the Court disagrees. Rather, Plaintiffs must show that the claims of the class "depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal–Mart Stores, Inc., 131 S. Ct. at 2551. In this case, the claims made on behalf of the proposed class are based on a common advertising campaign, and include common questions such as whether Ferrero's advertising campaign misrepresented that Nutella® is healthier or more nutritious than it actually is, or makes a more significant contribution to a balanced breakfast than it actually does, including for children. Thus, Rule 23(a)(2)'s commonality requirement is satisfied.

### C. Typicality

Rule 23(a)(3) requires the representative party to have claims or defenses that are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied "when each class member's claim arises from the same course of events, and each class members makes similar legal arguments to prove the defendants' liability." Rodriguez, 591 F.3d at 1124 (citations omitted). The typicality requirement is "permissive and requires only that the representative's claims are reasonably co-extensive with those of the absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. However, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992) (citations omitted).

Plaintiffs allege that their claims are identical to the claims of other class members, namely that Ferrero deceptively labeled and marketed the product as healthful and appropriate for school-aged children for breakfast, despite the fact that Nutella® is made primarily of high-saturated-fat palm oil and sugar, which can increase the risk of cardiovascular disease, childhood type-2 diabetes, and other chronic diseases. (Doc. No. 66 at 21-22.) The Court

concludes that Plaintiff's claims are "reasonably co-extensive with those of absent class members" for purposes of Rule 23(a)(3). Hanlon, 150 F.3d at 1020.

### D. Adequacy of Representation

Rule 23(a) also requires the representative parties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit set a two-prong test for this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003) (citing Hanlon, 150 F.3d at 1020).

Here, there is no conflict of interest between the proposed class representatives, their counsel, and the class. On March 22, 2011, the Court appointed the Weston Firm and Law Offices of Ronald A. Marron interim class counsel. (Doc. No. 11 at 4.) The Court concludes that Plaintiffs and their counsel would adequately represent the putative class. Accordingly, the Court appoints The Weston Firm and the Law Offices of Ronald A. Marron, APLC as class counsel.

## II. Requirements of Rule 23(b)(3)

In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is appropriate under Rule 23(b)(1), (2) or (3). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). Certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." Hanlon, 150 F.3d at 1022 (internal quotations omitted). Rule 23(b)(3) calls for two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); Hanlon, 150 F.3d at 1022. In evaluating predominance and superiority, the Court must consider: (1) the extent and nature of any pending litigation commenced by or against the class involving the same issues; (2) the interest of individuals within the class in controlling their own litigation; (3) the convenience and desirability of concentrating the litigation in a particular

1 forum; and (4) the manageability of the class action. Fed. R. Civ. P. 23(b)(3)(A)-(D);
2 Amchem, 521 U.S. at 615-16.

### A. Predominance

The predominance analysis under Rule 23(b)(3) is more stringent than the commonality requirement of Rule 23(a)(2). The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." Hanlon, 150 F.3d at 1022. In contrast to Rule 23(a)(2), "Rule 23(b)(3) focuses on the relationship between the common and individual issues." Id. Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication. Id. To satisfy the predominance inquiry, it is not enough to establish that common questions of law or fact exist, as it is under Rule 23(a)(2)'s commonality requirement. The predominance inquiry under Rule 23(b) is more rigorous, Amchem, 521 U.S. at 624, as it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. at 623.

Plaintiffs seek certification of their California law claims on behalf of a nationwide class, alleging that the predominating question in this case is whether Ferrero's label claims and advertisements are misleading. (Doc. No. 66 at 23.) Plaintiffs argue that the predominating common questions include: (1) whether Ferrero communicated a representation, through Nutella® packaging and advertising, that Nutella® is healthier or more nutritious than it actually is, or makes a more significant contribution to a balanced breakfast than it actually does, including for children; (2) whether the representations were material to reasonable consumers; (3) whether the representations were false or misleading; (4) whether Ferrero deceptively omitted material facts; and (5) if these questions are answered affirmatively, the proper method for calculating the class's damages and the proper scope of injunctive relief. (Doc. No. 88 at 8.)

Defendant disputes that common issues predominate, arguing that proposed class members' injuries will require individualized assessment. (Doc. No. 79 at 25.) Defendant offers evidence that one named Plaintiff, Ms. Hohenberg, does not regret buying Nutella® and

continued using the spread after she learned about its sugar content. (Doc. No. 76-4, Hohenberg Depo. at 41, 44-45.) The other named Plaintiff, Rude-Barbato, testified that her children loved Nutella® and were upset when she took it away. (Doc. No. 76-5, Rude-Barbato Depo. at 38.) Defendant argues that this case involves class members' individual expectations, dietary preferences, nutritional knowledge, and imperfect substitutes in the market. (Doc. No. 79 at 25.) While the Court notes that the named Plaintiffs' dietary choices may prove relevant to the merits of their case, the Court need not decide the merits of the case at this stage. Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983). Here, Plaintiffs presents sufficient facts to show that all of the class members' claims share a common contention: namely, that Defendant made a material misrepresentation regarding the nutritious benefits of Nutella® that violated the UCL, FAL and the CLRA. Unlike in Wal–Mart, where the injury suffered, discrimination, happened at the hands of different supervisors in different regions without the link of a common practice or policy, any injury suffered by a class member in this case stems from Defendant's common advertising campaign of Nutella®.

Defendant also argues that application of California law to the proposed nationwide class would violate due process. (Doc. No. 79 at 10, 23.) Defendant argues that a nationwide class is unconstitutional under Phillips Petroleum, Co. v. Shutts, 472 U.S. 797 (1985), because it would require the Court to apply California law to claims of non-California residents. (Id. at 10.)

In Shutts, the Supreme Court resolved the issue of whether application of a forum state's substantive law to the claims of a nationwide class "violated the constitutional limitations on choice of law mandated by the Due Process Clause of the Fourteenth Amendment and the Full Faith and Credit Clause of Article IV, § 1." 472 U.S. at 816. The Court articulated a two-step test to resolve the issue: first, the Court must determine whether the forum state's law conflicts in any material way with any other law which could apply; and second, whether the forum state has "a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of law is not arbitrary or unfair." Id. at 816, 821-

22 (quoting Allstate Ins. Co. v. Hague, 449 U.S. 301, 312-13 (1981)).

Ferrero argues that Plaintiffs bear the burden of showing that no material conflict exists between the consumer protection laws of California and other states. Ferrero points out that Plaintiffs' motion for class certification does not address whether California consumer protection laws differ from the laws in the other states where Nutella® is sold.[1] (Doc. No. 79 at 12.) Ferrero also argues that the limited–if any–contacts California has with the non-California residents' claims do not satisfy Shutts. Defendant submitted evidence that Ferrero is a Delaware corporation which has been doing business in its New Jersey headquarters since 1994. (Doc. No. 79-1, Kreilmann Decl. ¶¶ 1-4.) The only Ferrero employees in California are field sales employees who are responsible for selling product to retailers, not individual consumers. (Id. ¶¶ 12-15.) Only 15 of Ferrero's 166 field employees are located in California; the other 151 are in other states. (Id.) Nutella® is manufactured in Canada. (Id. ¶¶ 17-18.) Ferrero argues that sales of Nutella® in California are consistent with the state's population, specifically, total unit sales in California are approximately 12.5% of national sales, which is proportional to the 12% of the country's population located in California. (Doc. No. 79 at 14.)

"California law embodies a presumption against the extraterritorial application of its statutes." Churchill Vill., L.L.C. v. Gen. Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000), aff'd, 361 F.3d 566 (9th Cir. 2004). "[UCL] does not support claims by non-California residents where none of the alleged misconduct or injuries occurred in California." Id. (citing Norwest Mortg., Inc. v. Superior Court, 72 Cal. App. 4th 214, 222 (Ct. App. 1999)). Plaintiffs make no showing that non-California class members saw the advertising at issue in California, purchased Nutella® in California, or that their claims arise out of conduct that occurred in California. The Court concludes that Plaintiffs have not me their burden to establish significant contacts between California and the claims of class members who saw Ferrero advertisements and purchased Nutella® in other states.

---

[1] In an attempt to cure this deficiency and satisfy their burden under Shutts, Plaintiffs attempted to address this issue for the first time in their reply. (See Doc. No. 88.)

Plaintiffs conceded at the hearing that the Court should certify a California class. The Court concludes that Plaintiffs have sufficiently demonstrated that common questions present a significant portion of the case and can be resolved for all members of the California class in a single adjudication. Hanlon, 150 F.3d at 1019-22. Accordingly, the predominance requirement is satisfied as to California class.

**B.     Superiority**

Rule 23(b)(3) requires the Court to find "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Considerations pertinent to this finding include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

The superiority requirement tests whether "class litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter–Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually a class action is not superior." Zinser, 253 F.3d at 1192.

Here, Plaintiffs assert they were misled by Defendant's common advertising campaign of Nutella®. It would not be economically feasible to obtain relief for each class member given the small size of each class member's claim. See Deposit. Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980.) The Court concludes that class action is clearly superior to ensure a fair and efficient adjudication of the present action.

///

///

///

///

## III. Requirements of Rule 23(b)(2)

Plaintiff seeks certification of the nationwide class under Rule 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Court concludes that certification of an injunctive class is not appropriate in this case.

## IV. Class Period

Plaintiffs seek certification of a nationwide restitution class beginning on or after January 1, 2000. (Doc. No. 66 at 10.) In opposition, Defendant argues that there is no evidence to support certification of an 11-year class period. (Doc. No. 79 at 10, 18.) Defendant offers evidence that the advertising campaign challenged in the complaint began in August 2009 when Ferrero's commercials for Nutella® began airing nationwide. (Kreilmann Decl. ¶ 31; Krohl Decl. ¶¶ 3-10, Exs. 1-3.) Shortly thereafter, Ferrero began using the label for Nutella® that is challenged in the complaint, which contains the "balanced breakfast" statement. (Kreilmann Decl. ¶ 34; Krohl Decl. ¶ 15.) Defendant contends that at most, plaintiffs could seek certification of claims on behalf of California residents who purchased Nutella® beginning in August 2009. (Doc. No. 79 at 22.) Defendant also argues that certification of an 11-year class period is prohibited by the statutes of limitations for the asserted claims. The statute of limitations for claims under the UCL is four years. Cal. Bus. & Prof. Code § 17208. The statute of limitations for claims under the CLRA and FAL is three years. Cal. Civ. Code § 1783; Cal. Civ. Proc. Code §§ 338, 339; Cnty. of Fresno v. Lehman, 229 Cal. App. 3d 340, 346 (Ct. App. 1991) (applying three-year statute of limitations to an FAL claim). The Court concludes that the appropriate class period start date is August 2009, after Ferrero's commercials for Nutella® began airing nationwide.

///
///
///
///

**Conclusion**

For the reasons above, the Court grants Plaintiffs' motion for class certification. The Court concludes that Plaintiffs have met their burden of demonstrating that the requirements of the Federal Rule of Civil Procedure 23 are satisfied, and certifies the following class:

> all persons who, on or after August 1, 2009, bought one or more Nutella® products in the state of California for their own or household use rather than resale or distribution.

The Court appoints Lead Plaintiffs Athena Hohenberg and Laura Rude-Barbato as class representatives. The Court appoints the Weston Firm and the Law Offices of Ronald A. Marron, APLC as class counsel.

**IT IS SO ORDERED.**

DATED: November 14, 2011

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT