**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron.marron@gmail.com*
MAGGIE K. REALIN (263639)
*maggie.realin@gmail.com*
B. SKYE RESENDES (278511)
*skye.esq@gmail.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
COURTLAND CREEKMORE (182018)
*courtland@westonfirm.com*
1405 Morena Blvd. Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**Class Counsel**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FERRERO LITIGATION | Case No. 11-cv-00205 H CAB<br>Pleading Type: Class Action<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT EX PARTE APPLICATION FOR AN ORDER:**<br>**(1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br>**(2) CONFIRMING CERTIFICATION OF THE CLASS;**<br>**(3) APPROVING CLASS NOTICE PLAN; AND**<br>**(4) SETTING FINAL APPROVAL HEARING**<br><br>Judge:     The Honorable Marilyn L. Huff |

# TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND .................................................................1

II. SUMMARY OF THE SETTLEMENT ................................................................................3

    A.   Proposed Settlement Relief ...................................................................................3

      1.   Injunctive Relief ...........................................................................................3

      2.   Monetary Relief ............................................................................................4

      3.   Costs of Notice and Administration, Attorneys' Fees, and Incentive Awards ........................4

    B.   Proposed Notice Plan ...........................................................................................4

III. THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL ...............6

    A.   Standards for Preliminary Approval ....................................................................6

    B.   The Settlement is Fair, Reasonable and Adequate ..............................................7

      1.   The Settlement Was Reached at Arm's Length After Investigation and Discovery. ..............7

      2.   Complexity, Expense, and Probable Length of the Class Litigation .......................8

      3.   Range of Recovery ......................................................................................9

      4.   Opinions of Class Counsel, Class Representatives, and Absent Class Members ...................9

IV. THE COURT NEED NOT AMEND ITS ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL .........................................................10

V. THE PROPOSED FORM AND METHOD OF CLASS NOTICE ARE APPROPRIATE AND SATISFY THE REQUIREMENTS OF RULE 23 .................................................................11

VI. THE PARTIES' PROPOSED TIMELINE FOR EVENTS SHOULD BE ADOPTED............ **Error! Bookmark not defined.**

VII. CONCLUSION .................................................................................................12

i

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

# TABLE OF AUTHORITIES

**Cases**

*Adachi v. Carlyle/Galaxy San Pedro, L.P.*, Dkt. No. 101, No. 09-cv-00793 MMM AJW (C.D. Cal. May 18, 2009) ...................................................................................................................1

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) .....................................................11

*Churchill Vill., L.L.C. v. GE*, 361 F.3d 566 (9th Cir. 2004) ...........................................7, 14

*City of Detroit v. Ginnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ...............................................10

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 159 (1974)................................................................12

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)..........................................6, 7, 14

*In re Chicken Antitrust Litig.*, 669 F.2d 228, 239-40 (5th Cir. 1982) ....................................10

*In re Endocare Inc. Sec. Litig.*, No. 02-cv-08429 DT CT (C.D. Cal. Nov. 16, 2004)..............1

*In re GM Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995) ..............8

*In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005)............8

*In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, MDL No. 2103, 2011 WL 5599129 (N.D. Ill. Nov. 16, 2011) ...........................................................................13

*In re M.L. Stern Overtime Litig.*, 2009 U.S. Dist. LEXIS 31650 (S.D. Cal. Apr. 13, 2009)...............7, 8

*In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088 (5th Cir. 1977) ............................12

*In re Pacific Enters. Secs. Litig.*, 47 F.3d 373 (9th Cir. 1995) ..........................................7, 11

*In re Specialty Labs Inc. Sec. Litig.*, No. 02-cv-03728-DDP-RC (C.D. Cal. Oct. 15, 2004)...................1

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008)......................................................6

*Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) ..............7, 11

*Mendoza v. U.S.*, 623 F.2d 1338 (9th Cir. 1980) ....................................................................14

*Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781 (7th Cir. 2004).............................................13

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)......................................12

*Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)...............9

*Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615 (9th Cir. 1982)...........................6, 7

*Rodriguez v. West Publ. Corp.*, 2007 U.S. Dist. LEXIS 74767 (C.D. Cal. Sept. 10, 2007)...................9

ii

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

*Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. Feb. 25, 2008)...............................11

*Young v. Polo Retail, LLC*, 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007)...........................8

**Statutes**

28 U.S.C. § 1407 ....................................................................................................................................2

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .............................................................................................1

Cal. Bus. & Prof. Code §§ 17500, *et seq.* .............................................................................................1

Cal. Civ. Code §§ 1750, *et seq.*.............................................................................................................1

New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8–1, *et seq.*.............................................................1

**Other Authorities**

Alba Conte & Herbert Newberg, 4 *Newberg on Class Actions* (4th ed. 2002)...................................6, 8

*Manual for Complex Litigation* (4th ed. 2005) ...............................................................................6, 12

*Moore's Federal Practice* (3d ed. 2005) ................................................................................................7

**Rules**

Fed. R. Civ. P. 23(c)(1)(C)....................................................................................................................10

Fed. R. Civ. P. 23(c)(2)(B)....................................................................................................................11

Fed. R. Civ. P. 23(e)(1)(A) ...................................................................................................................10

iii

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

Plaintiffs Athena Hohenberg Laura Rude-Barbato, on behalf of themselves and the certified Class, jointly with Defendant Ferrero USA, Inc., respectfully apply ex parte[1] to this Court for an order (i) granting preliminary approval of the proposed Class Action Settlement Agreement dated January 18, 2012; (ii) confirming for settlement purposes certification of the Class, including confirmation of Plaintiffs as Class Representatives and their attorneys as Class Counsel (*see* Dkt. No. 95); (iii) approving the Class Notice as to both form and manner; and (iv) setting dates for a fairness hearing and final approval of the Settlement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 1, 2011, Ms. Hohenberg filed an action against Defendant Ferrero USA, Inc. in the United States District Court for the Southern District of California, styled *Hohenberg v. Ferrero USA, Inc.*, No. 3:11-cv-00205-H-CAB ("*Hohenberg*"), bringing claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law, *id.* §§ 17500, *et seq.*, and Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and asserting claims for breach of express and implied warranties. On February 4, 2011, Ms. Rude-Barbato filed an action against Ferrero in the Southern District of California, styled *Rude-Barbato v. Ferrero USA, Inc.*, No. 3:11-cv-00249-DMS-BLM, bringing claims under the UCL, FAL, CLRA, the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8–1, *et seq.*, and asserting claims for breach of express and implied warranties.

On March 22, 2011, this Court entered an order consolidating the *Hohenberg* and *Rude-Barbato* actions, which it restyled *In re Ferrero Litigation*, and appointed The Weston Firm and The Law Offices of Ronald A. Marron, APLC as interim class counsel. Dkt. No. 11. On March 23, Plaintiffs filed a Master Consolidated Complaint. Dkt. No. 14. On March 24, 2011, Ferrero filed a motion to transfer the action to the District of New Jersey (Dkt. No. 19), which the Court denied on May 11, 2011. Dkt. No. 37. On April 11, 2011, Ferrero joined in a motion filed with the Judicial Panel on Multidistrict Litigation requesting centralization of this action and *Glover v. Ferrero USA, Inc.*, No. 3:11-cv-01086-FLW-DEA

---

[1] Courts frequently grant preliminary approval of settlements on an ex parte basis to avoid noticing an unnecessary hearing to an unopposed motion. *See Adachi v. Carlyle/Galaxy San Pedro, L.P.*, Dkt. No. 101, No. 09-cv-00793 MMM AJW (C.D. Cal. May 18, 2009); *In re Specialty Labs Inc. Sec. Litig.*, Dkt. No. 68, No. 02-cv-03728-DDP-RC (C.D. Cal. Oct. 15, 2004); *In re Endocare Inc. Sec. Litig.*, Dkt. No. 99, No. 02-cv-08429 DT CT (C.D. Cal. Nov. 16, 2004)

1

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

(D.N.J.), under 28 U.S.C. § 1407. MDL No. 2248, Dkt. No. 1. On July 28, 2011, the JPML denied the centralization motion. MDL No. 2248, Dkt. No. 28.

On July 7, 2011, following the Court's ruling on Defendant's 12(b) motion to dismiss, Plaintiffs filed their First Amended Consolidated Complaint ("FAC"). Dkt. No. 45. The FAC alleges that Ferrero's representations that Nutella is a healthy, balanced and nutritious product, are and were misleading and deceptive. The FAC alleges that Ferrero made such representations to Plaintiffs and other consumers in television, on the Nutella website, and on the label of the product. The parties began fact discovery in March 2011, and have served and responded to numerous discovery requests, including for the production of documents, interrogatories and deposition notices, and third party subpoenas.

On August 1, 2011, Plaintiffs moved for Class Certification (Dkt. No. 51), which Ferrero opposed (Dkt. No. 76). Following oral argument on November 7, 2011, this Court granted Plaintiffs' Motion, certifying a class of "all persons who, on or after August 1, 2009, bought one or more Nutella products in the state of California for their own or household use rather than resale or distribution." Dkt. No. 95. It is on behalf of this same Class that a settlement agreement has been reached.

The parties began initial settlement discussions as early as March 2011, more earnestly in the summer of 2011, and attended an Early Neutral Evaluation on October 19, 2011, before the Honorable Cathy Ann Bencivengo. At the conclusion of the ENE, the parties agreed to attend a private mediation together with the plaintiffs in *In re Nutella Marketing and Sales Litigation* (the name of the *Glover* action in New Jersey after it had been consolidated with another case).

On November 2, 2011, the parties attended a private mediation session before the Honorable Nichoals J. Politan (Ret.) in West Palm Beach, Florida, though no resolution was met. Following the conclusion of this mediation, Ferrero continued settlement discussions with Plaintiffs in this action, which ultimately resulted in the Settlement Agreement after the Court granted Class Certification.

On November 28, 2011, the parties attended a second conference before Judge Bencivengo, during which the parties agreed on the terms reflected in the Settlement Agreement. Plaintiffs and Class Counsel believe this Settlement provides substantial injunctive and monetary benefits, is fair, reasonable, and is in the best interests of the Class.

2

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

## II. SUMMARY OF THE SETTLEMENT

### A. Proposed Settlement Relief

#### 1. Injunctive Relief

Ferrero has agreed to make the following changes to its advertising and labeling in accordance with the timing set forth in the Agreement.

Product Label for Nutella: The front panel of the product label (the principle display panel or "PDP") shall include "Nutrition Keys" consistent with the Grocery Manufacturers Association front-of-pack nutrition labeling program, to include icons indicating the quantity/content of Calories, Saturated Fat, Sodium and Sugar in Nutella based on the serving size (the "Icons"). The Icons on the PDP shall remain in place for two years from the date of implementation; or until inconsistent with future government regulations. Settlement Agreement, Weston Decl. Ex 1 ¶ 40A.

Ferrero will modify the back panel of the label (the "Information Panel") by removing the phrase "An example of a tasty yet balanced breakfast," and replacing it with "Turn a balanced breakfast into a tasty one" (the "Revised Statement"), thereby no longer making a direct claim that use of Nutella is consistent with a balanced and healthy breakfast. Ferrero retains the right to remove the Revised Statement from the Nutella label altogether. *Id.* ¶ 40B.

Television Advertisements for Nutella: Ferrero agrees to replace the television advertisements at issue in this lawsuit (referred to as "Mom", "Pass" and "Silence") (the "Existing Commercials") with one or more television advertisement(s) by July 2012. *Id.* ¶ 41. Ferrero has provided Class Counsel with three storyboard mock-ups, which include draft scripts (collectively, the "Concepts"). Class Counsel has reviewed each of the Concepts and preliminarily agrees that they cure any alleged deficiencies in the Existing Commercials. *See id.* ¶ 41B. Nevertheless, Ferrero shall provide Class Counsel with another opportunity to comment on the final television advertisement(s), to allow non-binding input as to whether the creative development of the final television advertisements have altered the Concepts. *Id.* ¶ 41C.

Nutella Website: Ferrero agrees to modify the content on the website for Nutella (www.nutellausa.com) (the "Website") as follows: (i) all content referencing or attributable to Ms. Connie Evers, challenged as deceptive in the FAC will be removed from the Website; and (ii) Ferrero

3

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

will modify the language on the "Nutella and Nutrition," "About Nutella," and "Breakfast Builder" webpages, consistent with Exhibit H to the Settlement Agreement. *Id.* ¶ 42.

In connection with obtaining the foregoing injunctive relief, Ferrero has agreed to pay and not object to a fee award of $900,000. *Id.* ¶ 50.

### 2. Monetary Relief

Defendant will deposit $550,000 into escrow in an interest-bearing account established by the Claims Administrator and for the benefit of Plaintiffs and the Class Members (the "Settlement Fund"). *Id.* ¶ 43. For each valid Claim submitted, Defendant shall pay restitution in the amount of $4.00 for each jar of Nutella purchased during the Class Period, up to a maximum total of $20.00 for each Class Member. Payments to Claimants may be subject to pro rata reduction if the aggregate number of claims exceeds the Net Settlement Fund. *Id.* ¶ 48.

### 3. Costs of Notice and Administration, Attorneys' Fees, and Incentive Awards

The Settlement Fund shall also be used to pay all Claims Administration Expenses, including cost of notice to the Class, establishment of the Settlement Website, and the processing, handling, reviewing and paying of claims. *See id.* ¶¶ 21E, 47. After all eligible Claims and Claims Administration Expenses have been paid, if funds remain in the Settlement Fund, the remaining funds shall be used as a cy pres distribution to an appropriate organization approved by the Court, or to Claimants as a supplemental distribution. *See id.* ¶ 49. Also subject to approval by the Court, in recognition of Plaintiffs' time and effort expended on behalf of the Class Members, Ferrero has agreed Plaintiffs may seek an Incentive Award to be paid from the Settlement Fund. *Id.* ¶ 56. Finally, Ferrero agrees, subject to Court approval, that "[i]n addition to an award associated with the Injunctive Relief obtained for Class Members, Class Counsel will apply for a Fee Award from the Gross Settlement Fund . . . [and] Defendant shall neither object to nor challenge" the application. *See id.* ¶ 51.

### B. Proposed Notice Plan

The parties have developed a notice plan with the assistance of Rust Consulting, a firm that specializes in developing class action notice plans.

<u>Publication Notice</u>. The Publication Notice is designed to provide potential class members with information about the settlement and their rights, in easy-to-comprehend language. *Id.* ¶¶ 27A,

4

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

28 & Exs. C-D. The Publication Notice contains a general description of the lawsuit, the Settlement relief, how a Claim can be filed, and a general description of Class Members' legal rights. *Id.* The Publication Notice directs consumers to the Settlement Website, provides a toll-free number, information on how to obtain a Claim form, and the Claim submission deadline. *Id.* The Publication Notice will appear in the following print sources, based on the marketing demographics of Nutella buyers.

1.    Print Magazines (Half Page Advertisements)

      People Magazine      Woman's Day

      Parents              Ser Padre

2.    Online Media (Banner Ads)

      24/7 Real Media Network – Parenting Channel (5 million impressions)

      Facebook (10 million impressions)

Website Notice. The Claims Administrator will establish a Settlement Website for the purposes of disseminating the Class Notice, the Settlement Agreement, information relating to filing a Claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings, and other information relevant to Class Members. *Id.* ¶ 27B. The Claims Administrator shall establish the Settlement Website no later than seven days after Preliminary Approval. The Settlement Website also shall contain an electronic Claim Form to allow on-line submission of Claims as well as a Claim Form which can be downloaded, printed and mailed to the Claims Administrator. Spanish translations of the Claim Form shall be available on the Settlement Website, via a link, advising Spanish-speaking persons to click for the translated versions of Claim documents. *Id.*

Contents of Notice. The Class Notice contains detailed information about the lawsuit, the Settlement Agreement, the release of liability, and how to opt-out, object and exercise other rights under the settlement. The Class Notice directs individuals to the Settlement Website for purposes of obtaining an electronic Claim Form, and provides instructions for contacting Class Counsel and the Claims Administrator in order to obtain a paper Claim Form or the Class Notice in Spanish. The Class Notice advises that objections to the Settlement shall only be considered at the Fairness Hearing; and provides the date and place of the Fairness Hearing. *See id.* ¶ 28 & Exs. C-D. A Spanish-language

5

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

version of the Class Notice and Claim Form will appear in four leading Spanish-language publications throughout California.

The Claims Administrator will cause the Class Notice, in the form approved by the Court, to be published to Class Members within 90 days, but not before (i) Preliminary Approval in this Action or (ii) preliminary approval of the settlement in *In re Nutella Marketing and Sales Practice Litigation*, whichever is later. In the event that the court does not approve the settlement in *In re Nutella Marketing and Sales Practice Litigation*, the parties in this action shall meet and confer regarding an amended form of notice, which shall be submitted along with a revised schedule for Class Notice to the Court. *See id.* ¶ 27A.

## III.    THE SETTLEMENT SATISFIES THE CRITERIA FOR PRELIMINARY APPROVAL

### A.    Standards for Preliminary Approval

The approval of a proposed class action settlement is a matter within the broad discretion of the trial court. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982). In making this determination, the Court should evaluate the fairness of the settlement in its entirety. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness . . . [t]he settlement must stand or fall in its entirety."). Public policy "strong[ly] . . . favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *accord Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enters. Secs. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Court approval of class settlements is "a two-step process—preliminary approval, followed by final approval of the settlement after notice to the class . . . ." *In re M.L. Stern Overtime Litig.*, 2009 U.S. Dist. LEXIS 31650, at *8 (S.D. Cal. Apr. 13, 2009). At the preliminary approval stage, the Court makes only a preliminary determination of the fairness, reasonableness and adequacy of the Settlement so that notice of the Settlement may be given to the Class, and a fairness hearing may be scheduled to make a final determination regarding the fairness of the Settlement. *See Alba Conte & Herbert Newberg, 4 Newberg on Class Actions* § 11.25 (4th ed. 2002) [hereafter *Newberg on Class Actions*]; *Manual for Complex Litigation* § 21.632 (4th ed. 2005). The Court's review is "limited to

6

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625; *accord Hanlon*, 150 F.3d at 1027.

In contemplating the preliminary approval of a proposed settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149, at *11 (N.D. Cal. Feb. 2, 2009). Additionally, a party's motion for preliminary approval does not demand a final analysis of the settlement's merits—instead, a more detailed assessment is reserved for the final approval after class notice has been sent and class members have had the opportunity to object to or opt-out of the Settlement. *See Moore's Federal Practice* § 23.165[3] (3d ed. 2005).

### B. The Settlement is Fair, Reasonable and Adequate

When contemplating final approval of a class action settlement, the Court may consider a number of factors, including: the manner of reaching the settlement; the complexity, expense, and probable length of the class litigation; the probability of success; the range of recoveries; and the risks of the litigation. *In re M.L. Stern Overtime Litig.*, 2009 U.S. Dist. LEXIS 31650, at *8. The factors for preliminary approval are less extensive than the factors for final approval. In considering whether the Settlement falls within the range of what could be found to be fair, reasonable, and adequate, the Court should conduct only preliminary review of these factors. *See, e.g.*, *Young v. Polo Retail, LLC*, 2007 U.S. Dist. LEXIS 27269, at *8-10 (N.D. Cal. Mar. 28, 2007).

#### 1. The Settlement Was Reached at Arm's Length After Investigation and Discovery.

"A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, at *32 (C.D. Cal. June 10, 2005). Moreover, if the terms of the settlement are fair, courts generally assume the negotiations were proper. *See In re GM Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785-86 (3d Cir. 1995).

Here, the parties vigorously litigated the action for more than ten months. Class Counsel

7

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

conducted an extensive investigation into Plaintiffs' claims and Defendant's affirmative defenses. By the time the parties began to negotiate the Settlement, proposed Class Counsel had an in-depth understanding of the factual and legal strengths and weaknesses of Plaintiffs' claims, and were able to engage in informed negotiation with Defendant. As the settlement achieves the principal goals of the litigation—cessation of the challenged conduct, an even broader agreement to refrain from similar future conduct, restitution for up to five purchases without need of documenting purchases, and the use of unclaimed funds for a charitable purpose rather than reversion to the Defendant—the Court can and should infer it was the result of arm's-length negotiations and devoid of fraud or collusion. See *Newberg on Class Actions* § 11.28, at 11-59 (Counsel are "not expected to prove the negative proposition of a noncollusive agreement.").

### 2. Complexity, Expense, and Probable Length of the Class Litigation

Plaintiffs' claims involve complex legal issues and the costs and risks associated with continuing to litigate this action would require extensive resources and Court time. "[A]voiding a trial and inevitable appeals in this complex . . . suit strongly weigh in support of approval of the Settlement, rather than prolonged and uncertain litigation." *Rodriguez v. West Publ. Corp.*, 2007 U.S. Dist. LEXIS 74767, at *27-28 (C.D. Cal. Sept. 10, 2007). Thus, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

Here, Plaintiffs defended against a motion to stay discovery, a motion to change venue, two motions to dismiss, and a motion to strike. Dkt. Nos. 19, 21, 30, 48, 89. Plaintiffs also defeated an MDL transfer motion under 28 U.S.C. § 1407. Dkt. No. 63. Plaintiffs drafted a Consolidated Complaint following consolidation and a First Amended Consolidated Complaint after the Court's ruling on the Defendant's motion to dismiss. Dkt. Nos. 14, 45. Plaintiffs also timely filed a motion for class certification, Dkt. No. 51, which Defendant opposed, and both parties provided supplemental briefing to the Court on issues raised at the hearing on the motion. Dkt. Nos. 56 and 62.

While Defendant's challenges to the pleadings ultimately were not successful, and while Defendant's opposition to class certification was also unsuccessful as to the Class of California

consumers that the Court certified, a number of obstacles remained before any relief could be obtained absent settlement: Defendant's summary judgment motion, a potential decision by the Court or jury for Defendant on liability or damages, and post-judgment appeals of any decision by the Court or jury in Plaintiffs' favor. The complexities of this case and the litigation to date, including the cost and expense to parties and the Court, strongly weigh in favor of preliminary approval of the Settlement.

### 3.     *Amount of Recovery*

To assess the reasonableness of a proposed settlement seeking monetary relief, the "inquiry into fairness should contrast settlement rewards with likely rewards if case goes to trial" and consider that "costs of further litigation and risks of proof difficulties militate in favor of settlement approval." *In re Chicken Antitrust Litig.*, 669 F.2d 228, 239-40 (5th Cir. 1982); *see also City of Detroit v. Ginnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974) ("The fact that a proposed settlement may only amount to a fraction of the proposed recovery does not, in and of itself, mean the settlement is grossly inadequate and should be disapproved. . . . The most important factor is the strength of the case for Plaintiffs on the merits, balanced against the amount offered in settlement.").

Under the proposed Settlement, many claims will likely be for restitution for five purchases, or $20.00, for Class Members that frequently purchased Nutella; or $4.00 for Class Members that made a one-time purchase. While, individually, this is not a large sum, the retail price of the Product was also quite low, most often around $3.50. Even if found liable, Defendant would have argued for less than full restitution of the purchase price because Class Members still purportedly received a product value that should equitably offset restitution. Further adding value, Defendant has established a $550,000.00 settlement fund to provide restitution to the Class, which does not permit unclaimed funds to revert to Defendant; rather, any unclaimed funds from the $550,000 restitution fund do not revert to Defendant; rather, they will be put to a cy pres use that will benefit the Class, or a second distribution to Class Members.

Considering the risks, resources needed, and delays inherent in continuing to litigate this Action, the parties believe that the proposed Settlement provides a substantial recovery, in the best interests of the Class Members.

### 4.     *Opinions of Class Counsel, Class Representatives, and Absent Class Members*

9

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

In contemplating the preliminary approval of a proposed settlement, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Knight*, 2009 U.S. Dist. LEXIS 11149, at *11 (citing *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)). Indeed, "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119, at *25-26 (C.D. Cal. Feb. 25, 2008) (citing *In re Pacific Enters. Secs. Litig.*, 47 F.3d at 378). Thus, "the Court should not without good cause substitute its judgment for [counsel's]." *Boyd*, 485 F. Supp. at 622. Here, "[i]n addition to being familiar with the present dispute, Plaintiff's counsel has considerable expertise in . . . consumer and class action litigation." *Knight*, 2009 U.S. Dist. LEXIS 11149, at *11. There "is nothing to counter the presumption that counsel's recommendation is reasonable." *Id.*

## IV. THE COURT NEED NOT AMEND ITS ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL

Federal Rule of Civil Procedure 23(e)(1)(A) requires court approval for "any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." The Class, or "all persons who, on or after August 1, 2009, bought one or more Nutella products in the state of California for their own or household use rather than resale or distribution," was certified by the Court in its November 15, 2011 Order, which also appointed Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel. Dkt. No. 95.

Under Rule 23(c)(1)(C), the Court can amend its Certification Order "before final judgment" in the action. Here, there is no need to alter the Certification Order because the Settlement Agreement includes the same definition for the Class as the Court's Certification Order. Thus, the Settlement contemplates no more or fewer Class Members than ordered by the Court. There is also no need to designate subclasses because the Class includes all California purchasers of a single product. Dkt. No. 95.

There is similarly no need to amend the Certification Order as to Class Representatives because Plaintiffs adequately represent absent Class Members' interests, as purchasers of Nutella who were deceived by Defendant's representations of Nutella as a healthy food for their children. Further, Class Counsel has worked zealously to achieve relief for the Class as evidenced by the proposed Settlement.

10

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

## V. THE PROPOSED FORM AND METHOD OF CLASS NOTICE ARE APPROPRIATE AND SATISFY THE REQUIREMENTS OF RULE 23

Notice of a class action settlement must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must contain "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977). The threshold requirement regarding class notice is whether the means proposed for distribution are reasonably calculated to apprise the class of the pendency of the action, the proposed settlement, and the right to opt out or object to the settlement. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 159, 173 (1974); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class Members of the settlement, and are the best practicable methods under the circumstances. This case involves retail purchases from third party stores to consumers, whereby Defendant does not have contact information for absent Class Members. The Settlement Website will contain the Product name, heightening awareness to Class Members that the Settlement might apply to them. The Publication Notice will be printed in four major national magazines, *People*, *Woman's Day*, *Parents* and a Spanish language parenting magazine, *Ser Padre*. Rust Consulting selected these publications based on an analysis of Nutella's demographics supported by documents Defendant provided and its own experience with notice plans. *See Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) ("When individual notice is infeasible, notice by publication in a newspaper of national circulation . . . is an acceptable substitute."). In addition, the proposed notice plan includes the display of 15 million online ads, 10 million on Facebook.com and 5 million on the 24/7 Real Media Network Parenting Channel. *Compare In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, MDL No. 2103, 2011 WL 5599129 (N.D. Ill. Nov. 16, 2011) (approving similar notice program created by Rust Consulting).

Notice is written in easy and clear language, and provides all needed information, including:

11

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

(1) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class Members can obtain settlement benefits; (4) an explanation of how Class Members can exercise their rights to opt-out or object; (5) an explanation that any claims against Ferrero that could have been litigated in this action will be released if the Class Member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing (8) the settlement web site and a toll free number where additional information, including Spanish translations of all forms, can be obtained.

If, after *prima facie* review of the relief offered and the proposed notice, the court concludes that fairness and adequacy exists, it should order that notice be sent to the class. *Manual for Complex Lit.*, § 21.632 at 321. A notice program must be adequate, but the mechanics of the program are left to the discretion of the court, subject only to the broad "reasonableness" standard imposed by Due Process. In the Ninth Circuit, a notice of settlement satisfactorily meets Due Process if the notice "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C.*, 361 F.3d at 575 (citing *Mendoza v. U.S.*, 623 F.2d 1338, 1352 (9th Cir. 1980)); *Hanlon*, 150 F.3d at 1025. Here, the parties' proposed Notice program, described above, fulfills all requirements of Due Process, targeting the demographic most likely to have purchased Nutella during the Class Period, to most efficiently reach Class Members.

**VI.    CONCLUSION**

For the foregoing reasons, the Court should grant the parties' joint ex parte application and grant the requested relief.

12

*In re Ferrero Litigation*, Case No. 11-cv-00205 H CAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL

DATED:     January 19, 2012          Respectfully submitted by,

                                     /s/ Ronald A. Marron
                                     Ronald A. Marron

                                     **LAW OFFICES OF RONALD A. MARRON, APLC**
                                     RONALD A. MARRON
                                     MAGGIE K. REALIN
                                     B. SKYE RESENDES
                                     3636 4th Avenue, Suite 202
                                     San Diego, CA 92103
                                     Telephone: (619) 696-9006
                                     Facsimile: (619) 564-6665

                                     /s/ Gregory S. Weston
                                     Gregory S. Weston

                                     **THE WESTON FIRM**
                                     GREGORY S. WESTON
                                     JACK FITZGERALD
                                     MELANIE PERSINGER
                                     COURTLAND CREEKMORE
                                     1405 Morena Blvd., Suite 201
                                     San Diego, CA 92110
                                     Telephone: (619) 798-2006
                                     Facsimile: (480) 247-4553

                                     **Class Counsel**