# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | : |
| | :   Case No. 11-CV-205 H (CAB) |
| | : |
| IN RE FERRERO LITIGATION | : |
| | : |
| | : |
| | : |
| | : |
| | : |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into this 18th day of January, 2012, by and between Plaintiffs Athena Hohenberg and Laura Rude-Barbato ("Plaintiffs") in their individual and representative capacities and Defendant Ferrero U.S.A., Inc. ("Ferrero" or "Defendant") (Defendant and collectively with Plaintiffs, the "Settling Parties"). Each of the foregoing Settling Parties acting by and through their respective counsel, agree that this lawsuit, subject to Court approval, and the matters raised in the litigation are hereby settled, compromised and dismissed, on the merits and with prejudice, on the terms and conditions set forth herein (the "Settlement").

## RECITALS

### I.   PROCEDURAL BACKGROUND

1.     WHEREAS, on February 1, 2011, Plaintiff Athena Hohenberg ("Plaintiff Hohenberg") filed an action in the United States District Court for the Southern District of California, *Hohenberg v. Ferrero USA, Inc.*, Civil Action No. 3:11-cv-00205-H-CAB ("*Hohenberg*"), bringing claims under California's Unfair Competition Law ("UCL"), Calif. Bus. & Prof. Code §17200, *et seq.*, False Advertising Law ("FAL"), Calif. Bus. & Prof. Code §17500, *et seq.*, the Consumer Legal Remedies Act ("CLRA"), Calif. Bus. & Prof. Code §1750,

*et seq.,* and asserting breach of express and implied warranty of merchantability (the "Hohenberg Complaint").

2.      WHEREAS, on February 4, 2011, Plaintiff Laura Rude-Barbato ("Plaintiff Rude-Barbato") filed an action in the United States District Court for the Southern District of California, *Rude-Barbato v. Ferrero USA, Inc.*, Civil Action No. 3:11-cv-00249-DMS-BLM ("*Rude-Barbato*"), bringing claims under California's Unfair Competition Law ("UCL"), Calif. Bus. & Prof. Code §17200, *et seq.*, False Advertising Law ("FAL"), Calif. Bus. & Prof. Code §17500, *et seq.*, the Consumer Legal Remedies Act ("CLRA"), Calif. Bus. & Prof. Code §1750, *et seq.,* the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. §§56:8−1, *et seq.*, and asserting breach of express and implied warranty of merchantability (the "Rude-Barbato Complaint").

3.      WHEREAS, on February 27, 2011, Plaintiff Marnie Glover ("Plaintiff Glover") filed an action alleging similar claims in the United States District Court for the District of New Jersey, *Glover v. Ferrero USA, Inc.*, Civil Action No. 3:11-cv-01086-FLW-DEA, which was later consolidated in the District of New Jersey with a similar action styled *Kaczmarek v. Ferrero USA, Inc*., No. C 11-4353-FLW (D.N.J.) as "*In re Nutella Marketing and Sales Litigation.*"

4.      WHEREAS, on March 22, 2011, this Court entered an order consolidating the *Hohenberg* and *Rude-Barbato* actions as *In re Ferrero Litigation*, and appointed The Weston Firm and The Law Offices of Ronald A. Marron, APLC as interim lead co-class counsel (collectively "Class Counsel") for the putative class. Dkt. No. 11.[1]  On March 23, Plaintiffs filed a Master Consolidated Complaint. Dkt. No. 14.

---

[1]      Unless otherwise noted, all references to "Dkt. No. __" are to docket entries in the lower-numbered *Hohenberg* action.

5. WHEREAS, on March 24, 2011, Ferrero filed a motion to transfer this Action to the District of New Jersey (Dkt. No. 19), which was denied by this Court on May 11, 2011. Dkt. No. 37.

6. WHEREAS, on April 11, 2011, Ferrero joined in a motion filed by Plaintiff Glover with the Judicial Panel on Multidistrict Litigation ("JPML") requesting centralization of this Action and the *Glover* action, under 28 U.S.C. §1407. MDL No. 2248, Dkt. No. 1. On July 28, 2011, the JPML denied Plaintiff Glover's motion for centralization. MDL No. 2248, Dkt. No. 28.

7. WHEREAS, on July 7, 2011, following the Court's ruling on Defendant Ferrero's 12(b) motion to dismiss, Plaintiffs filed their First Amended Consolidated Complaint ("FAC"). Dkt. No. 45.

8. WHEREAS, the FAC alleges that Ferrero's representations that Nutella is a healthy, balanced and nutritious product, are and were misleading and deceptive.

9. WHEREAS, the FAC alleges that Ferrero made such representations in television, on the NutellaUSA website, and on the label of the product to Plaintiffs and other consumers.

10. WHEREAS, the parties began fact discovery in this Action in March 2011, and the parties have each served and responded to multiple discovery requests, including requests for production of documents, interrogatories and depositions, as well as third party discovery subpoenas.

11. WHEREAS, on August 1, 2011, Plaintiffs moved for Class Certification and appointment of Class Representatives and Class Counsel (Dkt. No. 51), which Ferrero opposed as reflected in its October 10, 2011 opposition (Dkt. No. 76).

12.     WHEREAS, following oral argument held on November 7, 2011, this Court granted Plaintiffs motion for class certification, certifying a class of "all persons who, on or after August 1, 2009, bought one or more Nutella products in the state of California for their own or household use rather than resale or distribution."  Dkt. No. 95.

13.     WHEREAS, the parties began initial settlement discussions in the summer of 2011 and attended an Early Neutral Evaluation on October 19, 2011, before the Honorable Cathy Ann Bencivengo ("First ENE").  At the conclusion of the First ENE, the parties agreed to attend a private mediation, together with the plaintiffs in *In re Nutella Marketing and Sales Litigation*.

14.     WHEREAS, on November 2, 2011, the parties in this Action and plaintiffs in *In re Nutella Marketing and Sales* attended a private mediation session before the Honorable (ret.) Nich*als J. Politan in West Palm Beach, Florida.  Following the conclusion of that mediation, Ferrero continued settlement discussions with Plaintiffs in this Action.

15.     WHEREAS, on November 28, 2011, the parties attended a second conference before Judge Bencivengo during which the parties agreed on the terms of the settlement reflected in this Agreement.  Plaintiffs and Class Counsel believe this Settlement provides substantial injunctive and monetary benefits, is fair, reasonable and adequate to, and is in the best interests of Plaintiffs and the Class Members.

16.     WHEREAS, Ferrero has denied and continues to deny any wrongdoing or liability in this Action and stands by its products and advertising.

17.     WHEREAS, Class Counsel have conducted an investigation, which included discovery of Defendant's advertising and marketing at issue and an examination of the facts and law relating to their claims against and the defenses of Ferrero.

4

18.     WHEREAS, based upon the discovery taken to date, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Class Counsel have agreed to settle the claims asserted in the Action pursuant to the provisions of this Agreement.  In so doing, Class Counsel have considered numerous risks of continued litigation and other factors, including but not limited to the following:

A.     the expense and length of time necessary to prosecute the Action through trial;

B.     the uncertainty of outcome at trial and the possibility of an appeal by either side following the trial;

C.     the possibility that class certification could be reversed on appeal;

D.     the fact that Ferrero would file a motion for summary judgment that, if granted, would dispose of all or many of the claims in this Action; and

E.     the substantial benefits being made available to Plaintiffs and the Class Members under the terms of this Agreement.

19.     WHEREAS, weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class Members.

20.     WHEREAS, Defendant expressly disclaims any liability or any wrongdoing of any kind whatsoever.  Nevertheless, Defendant considers it desirable that this Action be resolved upon the terms and conditions set forth in this Agreement in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to put to rest and to obtain its peace, forever, from all claims that will be barred by the releases described herein.

**NOW, THEREFORE**, subject to the Final Approval of the Court as required herein and by applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that any Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

<u>TERMS AND CONDITIONS OF SETTLEMENT</u>

II.    <u>DEFINITIONS</u>

21.    As used in this Agreement and in exhibits hereto, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

A.    **"Action"**

"Action" means the civil actions filed by Plaintiffs Athena Hohenberg and Laura Rude-Barbato and consolidated under the caption *In re Ferrero Litigation*, Civil Action No. 3:11-cv-00205-H-CAB, in the United States District Court for the Southern District of California.

B.    **"Cash Settlement Amount"**

"Cash Settlement Amount" shall be the $550,000 deposited by Ferrero into the settlement fund described in paragraph 43 of this Agreement.

C.     **"Claim Form"**

"Claim Form" shall mean the claim form, in the form of Exhibit A hereto (which is incorporated herein) but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court.

D.    **"Claimant"**

"Claimant" means a Class Member that submits a valid Claim Form.

**E.**     **"Claims Administration Expenses"**

"Claims Administration Expenses" means the expenses incurred by the Claims Administrator in the publication of Class Notice, establishment of the Settlement Website and the processing, handling, reviewing and paying of claims made by Claimants.   All Claims Administration Expenses shall be paid from the Cash Settlement Amount.

**F.**     **"Claims Administrator"**

"Claims Administrator" means the Person selected by the Settling Parties and approved by the Court to oversee, among other things, publication of Class Notice, the settlement website and the processing, handling, reviewing, approving and paying of claims made by Claimants.

**G.**     **"Claims Period"**

 "Claims Period" shall be the 90 calendar days (not including the day of the event) following the later of (i) the initial publication of the Class Notice or (ii) establishment of the Settlement Website.

**H.**     **"Class Counsel"**

"Class Counsel" means the Weston Firm and the Law Offices of Ronald. A. Marron.

**I.**      **"Class Members"**

"Class Members" means "all persons who, on or after August 1, 2009, bought one or more Nutella products in the state of California for their own or household use rather than resale or distribution" as certified by the Court on November 11, 2011.  Dkt. No. 95.

**J.**     **"Class Notice"**

"Class Notice" means the Court-approved notices of this Agreement that are directed to the Class Members.

**K.**     **"Court"**

"Court" means the United States District Court for the Southern District of California.

**L.**     **"Defense Counsel"**

"Defense Counsel" means the law firm of Wilson Sonsini Goodrich & Rosati.

**M.**     **"Effective Date"**

"Effective Date" means thirty five (35) days after the Court enters an Order and Final Judgment, if no appeal is taken.  If an appeal is taken, the Effective Date shall mean the first date all appellate rights (including proceedings in the Supreme Court) with respect to said Order and Final Judgment have expired or been exhausted in such a manner as to affirm the Order and Final Judgment.

**N.**     **"Fairness Hearing"**

"Fairness Hearing" means the hearing to be conducted by the Court to finally determine the fairness, adequacy and reasonableness of this Agreement.

**O.**     **"Fee Award"**

"Fee Award" means the award of fees and costs sought by application to and approved by the Court that is payable to Class Counsel, including both the Injunctive Fee Award and Cash Settlement Amount Fee Award as described in paragraphs 50 and 51 below.

**P.**     **"Final Approval"**

"Final Approval" means the Court's entry of an Order and Final Judgment following the Fairness Hearing.

**Q.**     **"Ferrero"**

"Ferrero" means Ferrero USA, Inc. and all of its current and former parents, predecessors, successors, assigns, subsidiaries, divisions, departments, and affiliates, and any and

all of their past, present and/or future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, representatives, advisors, consultants, resellers, brokers, distributors, wholesalers, retailers, subrogees and assigns of any of the foregoing, and representatives of any and all of the foregoing.

**R.    "Gross Settlement Fund"**

"Gross Settlement Fund" means the Cash Settlement Amount, as defined herein, and any interest earned thereon.

**S.    "Incentive Award"**

"Incentive Award" means any award sought by application to and approved by the Court that is payable to the named Plaintiffs (Athena Hohenberg and Laura Rude-Barbato) from the Gross Settlement Fund.

**T.    "Net Settlement Fund"**

"Net Settlement Fund" shall mean the Gross Settlement Fund, as defined herein, less Claims Administration Expenses, Notice Expenses, any Cash Settlement Fee Award as described in paragraph 51 below, reimbursement of expenses, any Incentive Award, taxes on interest earned by the Cash Settlement Amount, and tax expenses.

**U.    "Notice Expenses"**

"Notice Expenses" means all reasonable costs and expenses expended in publishing the Class Notice and providing notice to the appropriate State and Federal officials, including:  (i) preparing, printing, mailing, disseminating, posting, promoting, internet hosting and publishing the Class Notice; (ii) obtaining any expert opinions regarding the sufficiency of notice program; and (iii) any other necessary notice or notice-related activities.

### V. "Notice of Missing Information"

"Notice of Missing Information" means the notice sent by the Claims Administrator to a Class Member who has submitted a Claim Form with incomplete or missing information that is required for the Class Member to be considered eligible for the class relief provided by this Settlement.

### W. "Objection"

"Objection" is the written communication that a Settlement Class Member may file with the Court in order to object to this Agreement as provided for in paragraphs 33-35 below.

### X. "Order and Final Judgment"

"Order and Final Judgment" means the final order to be entered by the Court approving the settlement pursuant to the terms and conditions of this Agreement, dismissing the Action with prejudice, releasing claims, and otherwise directing as the Court or the Settling Parties deem necessary and appropriate in order to effectuate the terms and conditions of this Agreement.

### Y. "Person"

"Person" means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective successors or assigns.

### Z. "Preliminary Approval"

"Preliminary Approval" means the Court's entry of an order, substantially in the form attached hereto as Exhibit B, approving the timing, content and manner of Class Notice, preliminarily approving this Agreement, and enjoining the commencement or continued prosecution by any of the Related Actions and any Releasing Party of any Released Claim against any Released Party.

AA.    **"Related Actions"**

"Related Actions" means the actions filed in other state or federal courts in California asserting claims and alleging facts substantially similar to those asserted and alleged in this Action, including but not limited to the following: *Patrick v. Ferrero U.S.A., Inc.*, No 11-3361 (N.D. Cal.).

BB.    **"Released Claim"**

"Released Claim" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action, of every kind and description that the Releasing Party had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Action or in the Related Actions or in any action or proceeding in this Court or any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or relating to the allegations in the Complaint or Defendant's marketing and advertising of Nutella at issue in the Complaint and prior to the Effective Date of this Settlement, including but not limited to all claims that were brought or could have been brought in the Action or the Related Actions.

CC.    **"Released Parties"**

"Released Parties" means Ferrero as defined above.

**DD.    "Releasing Party"**

"Releasing Party" means the Plaintiffs, each Class Member, and any Person claiming by or through him/her/it as his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

**EE.    "Request for Exclusion"**

"Request for Exclusion" is the written communication that a Class Member may submit to the Claims Administrator in order to be excluded from the Settlement as provided for in Paragraph 37 below.

**FF.    "Settled Defendant's Claims"**

"Settled Defendant's Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and unknown claims, that have been or could have been asserted in the Action or any other forum by Defendant or the successors and assigns of it against any of the Plaintiffs, Class Counsel, or any counsel representing Plaintiffs in this Action, which arise out of or relate to the institution, prosecution, or Settlement of the Action (except for claims to enforce the Settlement and/or this Agreement).

**GG.    "Settlement Website"**

"Settlement Website" means the dedicated website to be administrated by the Claims Administrator for purposes of receiving Claim Forms and providing notice and other information regarding this Agreement to Class Members and others.

### III.    PRELIMINARY APPROVAL

**Motion for Preliminary Approval**

22.    Following execution of this Agreement, Class Counsel shall promptly submit this Agreement to the Court and petition the Court for an order that: (1) appoints Rust Consulting, Inc. as the Claims Administrator; (2) preliminarily approves this Agreement for purposes of issuing Class Notice; (3) approves the timing, content and manner of the Class Notice; (4) enjoins the commencement or continued prosecution by any Releasing Party of any Released Claim against any Released Party or any Related Actions; (5) schedules the Fairness Hearing; and (6) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

**Stay of this Action**

23.    Following Preliminary Approval, all activity in the Action shall be stayed except to the extent necessary to effectuate this Agreement unless and until this Agreement is terminated pursuant to its terms and conditions.    Further, upon Preliminary Approval, the commencement or continued prosecution of any Related Actions shall be enjoined.

**Cooperation**

24.    The Settling Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Agreement.

# IV.   NOTICE

**Cost of Notice**

25.     All Notice Expenses shall be paid from the Cash Settlement Amount as described in paragraph 43 below.

**Notice to State and Federal Officials**

26.     In compliance with the attorney general notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, within ten (10) days after the motion for Preliminary Approval is filed, Ferrero shall provide notice of this proposed Settlement to the Attorney General of the United States, and the attorneys general of each state or territory in which a Class Member resides. Defendant shall file with the Court a certification stating the date(s) on which the CAFA notices were sent.  Defendant will provide Class Counsel with any substantive responses received in response to any CAFA notice served by it.

**Notice to the Class Members**

27.     Upon Preliminary Approval of this Agreement, the Settling Parties or their designees shall cause the Class Notice to be made as follows:

A.     Publication Notice.  The Claims Administrator will cause the Class Notice, in the form approved by the Court in an order of Preliminary Approval, to be published to the Class Members within 90 days of, but not before (i) Preliminary Approval in this Action or (ii) preliminary approval of the settlement in In re Nutella Marketing and Sales Practice Litigation, Case No. 3:11-cv-01086-FLW-DEA (D.N.J.), whichever is later.  In the event that the court does not approve the settlement in In re Nutella Marketing and Sales Practice Litigation, the Settling Parties in this Action shall meet and confer regarding an amended form of notice, which shall be submitted along with a revised schedule for Class Notice to the Court.  Having

consulted with the Settlement Administrator, and subject to Court approval, the Settling Parties agree that Class Notice shall be published in the following media:

i. **Print Magazines (Half Page Advertisements)**

People Magazine

Woman's Day

Parents

Ser Padre

ii. **Online Media (Banner Ads)**

24/7 Real Media Network -–Parenting Channel (5 million impressions)

Facebook (10 million impressions)

B.    Website Notice.  The Claims Administrator will establish a Settlement Website for the purposes of disseminating the Class Notice, this Agreement, information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings and other information relevant to the Settlement, to Class Members.  The Claims Administrator shall establish the Settlement Website within 30 days of: (i) Preliminary Approval in this Action or (ii) preliminary approval of the settlement in In re Nutella Marketing and Sales Practices Litigation, whichever is later.  In the event that the court does not approve the settlement in In re Nutella Marketing and Sales Practices Litigation, the Settling Parties in this Action shall meet and confer regarding an amended form of Website Notice.  The Settlement Website also shall contain an electronic Claim Form to allow on-line submission of claims as well as a Claim Form which can be downloaded, printed and mailed to the Claims Administrator.

15

**Contents of Notice**

28.      Notice to the Class Members: The Class Notice shall advise Class Members of their rights, including the right to opt-out from or object to this Agreement and the applicable procedures for doing so, shall direct them to the Settlement Website where an electronic Claim Form shall be located, shall provide instructions for contacting Class Counsel and the Claims Administrator in order to obtain a paper Claim Form or otherwise, and shall contain other information as is agreed by the Settling Parties.  The Class Notice shall advise Class Members that objections to the Agreement, and papers submitted in support of said objections, shall only be considered at the Fairness Hearing if they are submitted pursuant to the procedures set forth in paragraphs 33-35 below.  The Class Notice shall advise Class Members that the time and place of the Fairness Hearing may change and shall be posted on the Settlement Website.  Subject to the Court's approval, a copy of the Class Notices, which will be disseminated via Publication Notice and via the Settlement Website are attached hereto as Exhibits C & D.

## V.      ELIGIBILITY FOR RELIEF

29.      To be eligible to receive the relief identified in paragraph 48, Class Members must make a claim to the Claims Administrator by *either*: 1) completing, certifying and mailing the Claim Form included with the Class Notice to the Claims Administrator, annexed as Exhibit A hereto; or 2) electronically completing, certifying and emailing the Claim Form on the Settlement Website maintained by the Claims Administrator for this Settlement.

30.      The Claim Form must be postmarked or electronically submitted no later than the last day of the applicable Claims Period.  Claim Forms postmarked or electronically submitted after the end of the applicable Claims Period shall be denied by the Claims Administrator and the Claims Administrator will not be obligated to make any payment on such claims.  The Settling

Parties shall take all reasonable steps, and direct the Claims Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by Class Members conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. §7001, *et seq.*

**Review of Claims**

31.    The Claims Administrator shall review all submitted Claim Forms within a reasonable time to determine each Class Member's eligibility for class relief, and the amount of such relief, if any.  Copies of submitted Claim Forms shall be provided to Defendant and to Class Counsel upon request.  Class Members submitting completed Claim Forms shall be entitled to the relief identified in paragraph 48, unless the Claims Administrator has a good faith belief that one or more required fields containing material fact(s) identified in the Claim Form is/are fraudulent or materially inaccurate.  Within 60 days after the Claims Period ends, the Claims Administrator shall submit a report to Class Counsel regarding all claims made, the disposition thereof, and the basis for rejection of any claims.  Any Claimant whose Claim is rejected may seek reconsideration by contacting the Claims Administrator.  Completed Claim Forms that are timely submitted to the Claims Administrator and to which the Claims Administrator does not believe are fraudulent or materially inaccurate, shall be deemed Accepted Claim Forms.

**Incomplete Claim Forms**

32.    Submitted Claim Forms omitting required information shall be returned via first class mail by the Claims Administrator to the Class Member's address indicated on the Claim Form as part of a Notice of Missing Information.  Class Members whose Claim Forms are returned because of missing required information shall have until the end of the Claims Period, or 15 calendar days from when the Notice of Missing Information was mailed, whichever is

later,  to reply to the Notice of Missing Information and provide a revised Claim Form that includes all required information.  If a Class Member fails to respond by the end of the Claims Period or within 15 calendar days from when the Notice of Missing Information was mailed, whichever is later, or the Claims Administrator is unable to return the Submitted Claim Form as result of the omitted information, the Claims Administrator will not be obligated to make any payment on such claims.

## VI.    OBJECTIONS AND OPT-OUTS

**Objections**

33.    Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval.  Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than 30 days before the Fairness Hearing.  Class Members may object either on their own or through an attorney hired at their own expense.

34.    If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an objection signed by the Class Member also is filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Class Notice 30 days before the Fairness Hearing.

35.    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Ferrero Litigation,* Civil Action No. 11-cv-205" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the

Class Member's objection, documents sufficient to establish the basis for their standing as a Class member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of Nutella or receipt(s) reflecting such purchase(s), the facts supporting the objection, and the legal grounds on which the objection is based.  If an objecting party chooses to appear at the hearing, no later than 30 days before the Fairness Hearing, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

### Right to Respond to Objections

36.     Class Counsel and Ferrero shall have the right to respond to any objection no later than seven (7) days prior to the Fairness Hearing.  The Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objector (or counsel for the objector) and to counsel for Plaintiffs and Defendant.

### Opt Outs

37.     Any Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement.  This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than 30 days before the date set for the Fairness Hearing.  The Request for Exclusion must be personally signed by the Class Member.  So-called "mass" or "class" opt-outs shall not be allowed.

38.     Any Class Member who does not request exclusion from the Settlement has the right to object to the Settlement.  Any Class Member who wishes to object must timely submit an objection as set forth in paragraphs 33-35 above.  If a Class Member submits an objection and a written Request for Exclusion, s/he shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.  However, any

objector who has not timely requested exclusion from the Settlement will be bound by the terms

of the Agreement upon Final Approval of the Settlement.

## VII.   SETTLEMENT RELIEF AND SETTLEMENT CONSIDERATION

**Injunctive Relief**

39.     Ferrero agrees to make the following changes to its advertising and labeling in

accordance with the timing set forth in each paragraph below.

40.     **Product Label for Nutella.**  Ferrero agrees to modify the current product label

for Nutella as follows:

A.     The front panel of the label of Nutella (the "PDP" or "Principle Display Panel")

shall include "Nutrition Keys" consistent with the Grocery Manufacturers Association

("GMA") front-of-pack nutrition labeling program (the "Program").   Based on the Program

guidelines, the PDP of the Nutella jar shall include icons indicating the quantity/content of

Calories, Saturated Fat, Sodium and Sugar in Nutella based on the serving size (the "Icons").

1. A depiction of the revised PDP for Nutella is attached hereto as Exhibit E for

representative purposes only.  Ferrero retains the right to determine, in its sole discretion, the

location, size and other characteristics of the Icons (including, without limitation, color) so long

as they appear on the PDP of the Nutella jar and are consistent with the applicable Program

guidelines; the Food, Drug & Cosmetic Act; and other relevant laws and regulations.

2. The requirements set forth in subparagraphs 40(A) of this Agreement (i.e.,

including Icons on the "PDP") shall remain in place (i) for two years from the date of

implementation of the Icons (i.e., when Ferrero begins including the Icons on the PDP); or (2)

until or unless inconsistent with future government regulations; or (3) until or unless future

government regulations concerning nutritional-related labeling on the front label of food packaging become effective.

    B.    Ferrero will modify the back panel of the label for Nutella (the "Information Panel") by removing the phrase "An example of a tasty yet balanced breakfast" and replacing it with "Turn a balanced breakfast into a tasty one" (the "Revised Statement"). Ferrero retains the right to determine, in its sole discretion, the location, size and other design characteristics relating to the Revised Statement.

    1.    Nothing herein shall limit Ferrero's ability to use additional characterizing language or imaging on the label (including without limitation current characterizing language or imaging), e.g., "Spread Nutella on multigrain toast, add a glass of milk, and a serving of fruit"; and the depiction attached hereto as Exhibit F, or the color, size or other attributes thereof.

    2.    Ferrero retains the right to remove, in its sole discretion, the Revised Statement from the Nutella label altogether.

    C.    Ferrero shall use reasonable efforts to add the Icons and the Revised Statement (collectively, the "Modifications") to the label for Nutella within four (4) months of the Effective Date. The parties understand and agree that Ferrero does not exercise control over the jars of Nutella distributed and/or sold into the market prior to the date of this Agreement and nothing herein shall be construed as requiring Ferrero to undertake or attempt to replace any jars of Nutella that were manufactured, sold, or labeled prior to the Effective Date. The parties further understand and agree that Ferrero shall have the right to continue to distribute and sell Nutella jars bearing the label in use as of the Effective Date until such time as Ferrero is able to implement the Modifications set forth in this paragraph 40.

D.      The Settling Parties acknowledge and understand that the obligations set forth in this paragraph 40 of this Agreement shall only apply to the Nutella packages sold in stores and in no way require Ferrero to include the Modification on images of the Nutella jar that appear in television commercials, print advertisements, point of sale/point of purchase materials, the Internet or other advertising and promotional materials for Nutella.

41.      **New Television Advertisements for Nutella.**  Ferrero agrees to replace and not further air the television advertisements at issue in this lawsuit (referred to as "Mom", "Pass" and "Silence") (the "Existing Commercials") (a copy of said advertising is transcribed and attached as Exhibit G) consistent with the following protocols.

A.      Ferrero will use reasonable efforts to develop, test, and produce one or more television advertisement(s) with the goal that the new television advertisement(s) replace the Existing Commercials by July 2012.

B.      As part of the parties' settlement negotiations, Ferrero has provided Class Counsel with three (3) storyboard mock-ups, which include draft scripts (collectively, the "Concepts"), depicting possible replacement television advertisements.  Class Counsel have reviewed the language of such replacement television advertising in each of the Concepts and agree that they are acceptable to Plaintiffs and Class Members, and cure any alleged deficiencies in the Existing Commercials.

C.      As the television advertisements progress from the concept stage into testing and development, Ferrero retains the sole discretion to modify the creative elements of the television advertisements.  Following testing, but prior to production (i.e., filming) of the television advertisements, Ferrero shall provide Class Counsel with another opportunity to comment on the television advertisement.  Following production, but prior to airing the final television

advertisements, Ferrero shall provide Class Counsel with a final opportunity to comment on the final television advertisement.  The express purpose of the comment period is to allow non-binding input as to whether the creative development of the final television advertisements has altered the Concepts approved by Class Counsel and the Plaintiffs.   Class Counsel recognizes that time is of the essence in the development process and Class Counsel undertakes to make themselves available on an expedited timeframe and agree to review and submit any comment to Ferrero within three (3) business days of Class Counsel's receipt of the final television advertisements.   In the event Class Counsel fails to provide comments within the aforementioned review and comment period, Class Counsel shall be deemed to have waived their right to review and comment on the final television advertisements.

D.      Plaintiffs acknowledge that the review process set forth in this paragraph 41 shall only apply to the Concepts created by or on behalf of Ferrero to immediately replace the Existing Commercials and that nothing herein shall provide Class Counsel with an ongoing right to review any other advertising created by or on behalf of Ferrero prior to Ferrero's public dissemination of such advertising.

E.      The Settling Parties acknowledge and agree that Ferrero will have the right to continue airing the Existing Commercials known as "Pass" and "Silence" until production on the new television advertisements has been completed and the new television commercials are able to be aired.

F.      The requirements set forth in this paragraph to not air the Existing Commercials known as "Mom", "Pass" and "Silence" shall be in effect for a period of three years from the date of the replacement of the Existing Commercials with the first of any of the new television commercials as described in subparagraphs 41(A), (B), (C) and (E).

23

42.     **Website for Nutella.**  Ferrero agrees to modify the content on the website for

Nutella (www.nutellausa.com) (the "Website") as follows:

A.      All content referencing or attributable to Ms. Connie Evers will be removed from

the Website.

B.      Ferrero will replace the "Nutella and Nutrition," "About Nutella," and "Breakfast

Builder" with the pages as set forth in Exhibit H hereto.

**Settlement Fund**

43.     Defendant shall pay $550,000 (the "Cash Settlement Amount") into escrow in an

interest-bearing account established by the Claims Administrator and for the benefit of Plaintiffs

and the Class Members.  The Cash Settlement Amount shall be paid within ten (10) calendar

days after the later of (i) entry of the order granting Preliminary Approval of the Settlement, or

(ii) Claims Administrator's notification to Defendant's Counsel of the wire transfer instructions,

tax identification number associated with the escrow fund and physical address of the bank

which will hold the interest-bearing escrow account.  The Cash Settlement Amount and any

interest earned thereon shall be the "Gross Settlement Fund."   Except as provided for in

Paragraph 47 as to Claims Administration Expenses, prior to the Effective Date, no withdrawal

or payment may be made from the Gross Settlement Fund by any Person without the prior

written consent of Ferrero.

44.     Plaintiffs and Class Members shall look solely to the Cash Settlement Amount as

satisfaction of all claims that are released hereunder.  Under no circumstances will Defendant be

required to pay more than the Cash Settlement Amount pursuant to this Agreement set forth

herein, including for Claims Administration Expenses, Class Notice, and/or any Incentive

Award.  Plaintiffs and Class Members acknowledge that as of the Effective Date, the releases

given herein shall become effective immediately by operation of the Order and Final Judgment and shall be permanent, absolute and unconditional.

45.     All taxes on the income of the Gross Settlement Fund and (i) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Claims Administrator without prior order of the Court. Defendant and the Released Parties shall have no liability or responsibility for the payment of any Taxes.

## VIII.   ADMINISTRATION OF SETTLEMENT

46.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court.  The Claims Administrator agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Gross Settlement Fund pursuant to the terms of this Agreement.  Defendant shall have no responsibility or liability for the administration of the Settlement and shall have no liability to the Class Members in connection with, as a result of, or arising out of such administration.

47.     Class Counsel may pay from the Cash Settlement Amount to the Claims Administrator, without further approval from Defendant or the Court, the reasonable costs and expenses associated with the establishment of the Settlement Website and the Claims Administration Expenses, including without limitation, the actual costs of Class Notice, and any expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

## IX.    DISTRIBUTION TO AUTHORIZED CLAIMANTS

48.    For each Class Member submitting an Accepted Claim Form, the Claims Administrator will pay to that Class Member $4.00 for each jar of Nutella purchased during the Class Period, up to a maximum total of $20.00 for each Class Member, family member of a Class Member, or any person who resides in the same household as such Class Member. Payments to Claimants may be subject to *pro rata* reduction if the aggregate number of claims exceeds the Net Settlement Fund.  Such payment shall be made by check and mailed to the Claimants following, but no later than 45 days after, the Effective Date.

49.    If all eligible Claims have been paid and funds remain in the Net Settlement Fund 270 days following the close of the Effective Date, the Parties shall meet and confer regarding, subject to an application to be filed by Class Counsel to the Court and the Court's approval thereof, the distribution of any remaining funds to an appropriate organization approved by the Court (as a cy pres award) or to Claimants (as a supplemental distribution) or a combination thereof.  The remaining funds, if any, shall not revert to Ferrero.

## X.    FEE AND INCENTIVE AWARDS

**The Injunctive Fee Award**

50.    In addition to and separate from the Cash Settlement Amount, Ferrero shall neither object to nor challenge Class Counsel's application for a Fee Award, to be paid by Defendant or its insurance carrier, not to exceed Nine Hundred Thousand Dollars ($900,000) in connection with the Injunctive Relief described above in Section VII (the "Injunctive Fee Award").  Class Counsel shall neither request nor accept from the Court an Injunctive Fee Award of fees and costs more than the $900,000.

**The Cash Settlement Amount Fee Award**

51.     In addition to an award associated with the Injunctive Relief obtained for Class Members, Class Counsel will apply for a Fee Award from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses (the "Cash Settlement Amount Fee Award"). Defendant shall neither object to nor challenge Class Counsel's application for a Cash Settlement Amount Fee Award from the Gross Settlement Fund.

**Application and Payment of the Injunctive Fee Award and the Cash Settlement Amount Fee Awards**

52.     Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than forty-five (45) days before the Fairness Hearing.  Any attorneys' fees, expenses, and interest as are awarded by the Court to Class Counsel shall be paid within fourteen (14) days following an award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal there from, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate repayments to Defendant or the Settlement Fund, plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Gross Settlement Fund is required.  If the Order and Final Judgment approving the Settlement is reversed, a refund or repayment of the Fee Award shall be made to Defendant or other entity that made the payment (the "Payor") plus accrued interest thereon at the six-month London Interbank Offered Rate ("LIBOR") if and when: (a) the Fee and Expense Award and/or the Incentive Fees are reduced, vacated, or reversed, without remand, by order of the United States Court of Appeals for the Ninth Circuit or by final, non-

appealable, order of the United States District Court for the Southern District of California; (b) the Effective Date does not occur; (c) this Settlement is terminated or cancelled for any reason; (d) this Settlement is voided by any party; (e) the Fee and Expense Award and/or Incentive Fees do not become final; or (f) the Settlement is not approved, or is reversed, or modified, without remand, by order of the United States Court of Appeals for the Ninth Circuit or by final, non-appealable, order of the United States District Court for the Southern District of California.  The full amount of the Fee and Expense Award and/or Incentive Fees, or the amount by which any such award or fee is reduced, or modified, without remand, by order of the United States Court of Appeals for the Ninth Circuit or by final, non-appealable, order of the United States District Court for the Southern District of California shall be paid to the Payor within ten (10) business days of the date of the event requiring the refund and repayment as set forth in this Paragraph.

53.     When an obligation to refund or repay the Fee and Expense Award and/or Incentive Fees arises under the preceding Paragraph, Class Counsel and the individuals Ronald A. Marron, Greg S. Weston and John Fitzgerald, by and through personal guarantees executed under separate agreement and incorporated herein by reference, shall be jointly and severally obligated to refund or repay to the Payor the full amount that is required to be refunded or repaid, plus accrued interest at six-month LIBOR, regardless of whether any portion of the Fee and Expense Award and/or Incentive Fees have already been distributed amongst Class Counsel or to any other person or entity.  The obligations in this Paragraph and the preceding Paragraph shall survive and remain in full force and effect and be binding in all respects on Class Counsel, even if the Settlement is terminated, the Settlement is not approved, or the Effective Date does not occur.

54.     Any award of attorneys' fees and costs shall be wired to an account established by

the law offices of Ronald A. Marron for distribution to Class Counsel.  Defendant shall bare no responsibility or liability for the apportionment and distribution of fees among Class Counsel.

55.     Notwithstanding any other provision of this Agreement to the contrary, the procedure for the allowance (in whole or in part) by the Court of any application by Class Counsel for attorney's fees, costs, and expenses, to be paid directly by Defendant as the Injunctive Fee Award or out of the Gross Settlement Fund as the Cash Settlement Amount Fee Award are to be considered by the Court separately and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the award of fees and expenses, or any appeal of any order relating thereto, shall not operate to terminate or cancel this Agreement and Settlement of the Action.

**The Incentive Award to Named Plaintiffs**

56.     Subject to approval by the Court and in recognition of Plaintiffs' time and effort expended on behalf of the Class Members, Plaintiffs may seek an Incentive Award to be paid from the Gross Settlement Fund.

## XI.     FINAL APPROVAL

**Motion for Final Approval**

57.     No later than forty-five (45) days before the Fairness Hearing, Class Counsel shall petition the Court for a final order that: (1) dismisses this Action, with prejudice, upon the Effective Date; (2) decrees that neither the Final Approval nor this Agreement constitutes an admission of liability, fault or wrongdoing; (3) enjoins the Releasing Parties from asserting any Released Claims against any Released Parties; (4) releases the Released Parties from the Released Claims of the Releasing Parties; (5) finds that this Agreement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Class Members; (6)

preserves the Court's continuing and exclusive jurisdiction over the Settling Parties, including Ferrero and all Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms and conditions, but without affecting the finality of the Final Approval; and (7) making such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

**Fairness Hearing**

58.    No sooner than one-hundred and fifty (150) days after Preliminary Approval and no later than one-hundred and eighty (180) days after Preliminary Approval, the Court shall conduct a Fairness Hearing so that the Court may review any objections to this Agreement, consider the fairness, reasonableness and adequacy of this Agreement, consider Class Counsel's petition for a Fee Award, and consider Class Counsel's petition for Final Approval.  The date of the Fairness Hearing shall be posted on the Settlement Website in advance of the hearing.  If the date of the Fairness Hearing is subsequently modified by the Court, no further notice is required to be published to Settlement Class Members, except that, the Parties will notify any Objector in writing of any modifications to the date of the Fairness Hearing.

**Dismissal of this Action**

59.    The Final Approval shall provide that this Action shall be dismissed, with prejudice, upon the Effective Date.

**Dismissal of the Related Actions**

60.    Following Final Approval, Class Counsel shall cooperate with and assist Ferrero in seeking the dismissal, with prejudice, of any Related Actions.

**Cooperation**

61.    The Settling Parties shall cooperate in good faith and undertake all reasonable

actions and steps in order to accomplish the events described in this paragraph, to defend any appeal from an order granting Final Approval, to respond to any collateral attack on the settlement, this Agreement and/or its preclusive effect, and to take any appeal from an order denying Final Approval.   Notwithstanding the foregoing, however, Ferrero shall have no obligation to take any position with respect to amounts not awarded to Class Counsel as part of the Fee Award or to amounts not awarded to the Plaintiffs as part of the Incentive Award.

## XII.   TERMINATION

**Right to Terminate**

62.     This Agreement is contingent on Final Approval as defined above.  Ferrero may terminate this Agreement in its entirety at any time and without further obligation if: (1) any court rejects or denies approval of any term or condition of this Agreement; (2) any court makes any order purporting to alter, amend or modify any term or condition of this Agreement; (3) any court makes any order purporting to preclude Plaintiffs and/or Ferrero from proceeding in whole or in part with any of the terms and conditions of this Agreement; or (4) more than 500 Class Members submit timely and valid Requests for Exclusion.

**Notice of Termination**

63.     In the event Ferrero exercises its right to terminate this Agreement, it shall promptly notify the Court and Class Counsel in writing and cause the Claims Administrator to notify the Class Members by posting information on the Settlement Website and by emailing information to those Claimants who provided an email address to the Claims Administrator.

**Effect of Termination**

64.     In the event Defendant exercises its right to terminate this Agreement, this Agreement shall be considered null and void and have no force or effect, no person or entity shall be bound by any of its terms or conditions, and the rights of all persons or entities with

31

respect to the claims and defenses asserted in this Action shall be restored to the positions existing immediately prior to execution of this Agreement.

65.     Except as otherwise provided herein, in the event the Agreement is terminated in accordance herewith, vacated, or fails to become effective for any reason, then the Settling Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date of this Agreement and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid by or on behalf of Defendant, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in paragraph__ hereof), less any Taxes due with respect to such income, and less costs from the Settlement Administrator for administration and notice actually incurred and paid or payable from the Cash Settlement Amount, shall be returned to Defendant.

## XIII.   <u>RELEASE</u>

**Release**

66.     Upon Final Approval, each Class Member who has not validly and timely opted out of the Settlement shall be deemed to release and forever discharge any and all Released Parties of and from liability for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or forum.  This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.  No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

67.     Upon Final Approval, Defendant shall be deemed to release and forever discharge Plaintiffs, Class Counsel and or any counsel representing Plaintiffs in this Action of any and all Settled Defendant's Claims.

**Binding Effect**

68.     The Settling Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Settling Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released Claims and the Settling Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof.  The Settling Parties hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in this Agreement, including but not limited to Section 1542 of the California Civil Code, which provides as follows:

> "**A general release does not extend to claims which the creditor does not  know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**"

## XIV.   <u>SETTLEMENT PURPOSES ONLY</u>

**Non-Admission**

69.     This Agreement, whether or not consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement are for settlement purposes only.  Neither the fact of nor the contents of this Agreement or its exhibits,

nor any communications exchanged nor actions taken pursuant to or during the negotiation of this Agreement, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim asserted or fact alleged in this Action or any Related Actions or of any wrongdoing, fault, violation of law or liability of any kind on the part of Ferrero.

**Non-Admissibility**

70.     This Agreement and all negotiations, correspondence and communications leading up to its execution shall be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles.  Neither this Agreement, nor any terms, conditions, contents or provisions hereof or exhibits hereto, nor any negotiations, correspondence or communications leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, or to enforce or assert a claim or defense of res judicata, collateral estoppel, claim preclusion, issue preclusion, settlement, release, merger and bar, or any similar claim or defense against the Plaintiffs, any Class Member, or any third party.

**Reservation of Rights**

71.     This Agreement is made without prejudice to the rights of Ferrero to: (1) appeal class certification in this Action should this Agreement not be approved or implemented; (2) oppose class certification in any Related Actions or in any other putative or certified class action should those actions not be dismissed; or (3) use the certification of the Class Members to

oppose certification of any other proposed or existing class arising out of or related to the Released Claims should those actions not be dismissed.

## XV.   WARRANTIES AND REPRESENTATIONS

**Authority to Execute**

72.     The Settling Parties warrant and represent that the persons executing this Agreement are duly authorized to do so.

**Assignment of Claims**

73.     The Settling Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other entity or Person.

**Reading and Understanding**

74.     The Settling Parties warrant and represent that they have carefully read this Agreement, have consulted their attorneys regarding this Agreement, and fully understand and voluntarily accept the terms and conditions of this Agreement.

**Reliance on Own Judgment**

75.     The Settling Parties warrant and represent that they have relied upon their own judgment and that of their legal counsel regarding the sufficient and agreed upon consideration for this Agreement and that no statement or representation by any of the other Settling Parties or their agents, employees, officers, directors or legal representatives influenced or induced them to execute this Agreement.

## XVI.   INTERPRETATION AND ENFORCEMENT

**Governing Law**

76.     This Agreement shall be construed under and governed by the laws of the State of New Jersey, applied without regard to laws applicable to choice of law.

**Entire Agreement**

77.     This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Settling Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Settling Parties with respect to the subject matter of this Agreement.

**Joint Preparation**

78.     This Agreement shall be construed as if the Settling Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any of the Settling Parties.

**Recitals**

79.     The Recitals are a material part of this Agreement and are incorporated herein in their entirety.

**Captions**

80.     The captions used in this Agreement are for convenience and identification purposes only and are not part of this Agreement.

**Modification**

81.     This Agreement may not be changed, modified, or amended except in writing signed by all Settling Parties and approved by the Court.  Notwithstanding the foregoing, however, the claims process set forth above may be modified by mutual agreement of the Settling Parties without Court approval, and the Settling Parties may agree to reasonable

extensions of time in which to accomplish the tasks required by the terms and conditions of this Agreement, which shall not be unreasonably withheld.

**Waiver**

82.     The waiver of any term or condition or breach of this Agreement shall not be deemed to be a waiver of any other term or condition or breach of this Agreement and shall not be deemed to be a continuing waiver.

**Binding Effect**

83.     This Agreement shall be binding upon and inure to the benefit of the Settling Parties and each of their respective heirs, successors, assigns, executors and legal representatives.

**Continuing Jurisdiction**

84.     The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction of the Action, Settling Parties, Class Members and the Claims Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement.

## XVII.  <u>MISCELLANEOUS TERMS AND CONDITIONS</u>

**Litigation Brought in Good Faith**

85.     The Settling Parties to this Agreement intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Class Counsel and Defendant agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure or of 28 U.S.C. § 1927 relating to the prosecution, defense, or settlement of the Action.

86.    The Settling Parties agree that the amount paid and the other terms of the Agreement were negotiated at arm's-length in good faith by the Settling Parties with the assistance of Judge Bencivengo, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

**Notices**

87.    Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement, or any document to be given by any Settling Party to any other Settling Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, to Class Counsel at the following addresses:

LAW OFFICES OF RONALD A. MARRON, APLC
c/o Ronald A. Marron
3636 4th Avenue, Suite 202
San Diego, California 92103

THE WESTON FIRM
c/o Gregory S. Weston
Jack Fitzgerald
1405 Morena Blvd., Suite 201
San Diego, CA 92110

and to Ferrero's counsel at the following address:

WILSON SONSINI GOODRICH & ROSATI PC
c/o Keith E. Eggleton
Dale R. Bish
650 Page Mill Road
Palo Alto, CA 94304-1050

**Execution**

88.    This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this Agreement to be

executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

DATED: _JAN 18_ , 2012

_____
Athena Hohenberg
Class Representative

Bernard Kreilmann
President & Chief Executive Officer
Ferrero U.S.A., Inc.


_____
Laura Rude-Barbato
Class Representative

_____
Keith Eggleton
Colleen Bal
Dale Bish
WILSON SONSINI GOODRICH
 & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300

_____
Ronald A. Marron
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: 619-696-9006

Counsel For Plaintiff Athena Hohenberg

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH
 & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: 212-497-7700

Counsel For Defendant Ferrero U.S.A., Inc.

_____
Gregory S. Weston
Jack Fitzgerald
THE WESTON FIRM
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: 619-798-2006

Counsel For Plaintiff Laura Rude-Barbato

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this Agreement to be

executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

DATED: *1-18* , 2012

Athena Hohenberg
Class Representative

Laura Rude-Barbato
Class Representative


Ronald A. Marron
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: 619-696-9006

Counsel For Plaintiff Athena Hohenberg


Gregory S. Weston
Jack Fitzgerald
THE WESTON FIRM
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: 619-798-2006

Counsel For Plaintiff Laura Rude-Barbato


Bernard Kreilmann
President & Chief Executive Officer
Ferrero U.S.A., Inc.


Keith Eggleton
Colleen Bal
Dale Bish
WILSON SONSINI GOODRICH
  & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH
  & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: 212-497-7700

Counsel For Defendant Ferrero U.S.A., Inc.

39

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this Agreement to be

executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

DATED: _____, 2012

_____
Athena Hohenberg
Class Representative

_____
Laura Rude-Barbato
Class Representative

_____
Ronald A. Marron
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: 619-696-9006

Counsel For Plaintiff Athena Hohenberg

_____
Gregory S. Weston
Jack Fitzgerald
THE WESTON FIRM
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: 619-798-2006

Counsel For Plaintiff Laura Rude-Barbato

_____
Bernard Kreilmann
President & Chief Executive Officer
Ferrero U.S.A., Inc.

_____
Keith Eggleton
Colleen Bal
Dale Bish
WILSON SONSINI GOODRICH
  & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH
  & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: 212-497-7700

Counsel For Defendant Ferrero U.S.A., Inc.

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this Agreement to be

executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

DATED: __1 / 19__ , 2012

_____
Athena Hohenberg
Class Representative

_____
Bernard Kreilmann
President & Chief Executive Officer
Ferrero U.S.A., Inc.

_____
Laura Rude-Barbato
Class Representative

_____
Keith Eggleton
Colleen Bal
Dale Bish
WILSON SONSINI GOODRICH
 & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300

_____
Ronald A. Marron
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: 619-696-9006

Counsel For Plaintiff Athena Hohenberg

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH
 & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: 212-497-7700

Counsel For Defendant Ferrero U.S.A., Inc.

_____
Gregory S. Weston
Jack Fitzgerald
THE WESTON FIRM
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: 619-798-2006

Counsel For Plaintiff Laura Rude-Barbato

39

**IN WITNESS WHEREOF**, each of the Settling Parties hereto has caused this Agreement to be

executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

DATED: Jan 18th, 2012

_____
Athena Hohenberg
Class Representative

_____
Laura Rude-Barbato
Class Representative

_____
Ronald A. Marron
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: 619-696-9006

Counsel For Plaintiff Athena Hohenberg

_____
Gregory S. Weston
Jack Fitzgerald
THE WESTON FIRM
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: 619-798-2006

Counsel For Plaintiff Laura Rude-Barbato

_____
Bernard Kreilmann
President & Chief Executive Officer
Ferrero U.S.A., Inc.

_____
Keith Eggleton
Colleen Bal
Dale Bish
WILSON SONSINI GOODRICH
& ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: 650-493-9300

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH
& ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: 212-497-7700

Counsel For Defendant Ferrero U.S.A., Inc.

39

**Exhibits**

Exhibit A – Claim Form

Exhibit B – Preliminary Approval Order

Exhibit C – Publication Notice

Exhibit D – Settlement Notice

Exhibit E – Revised Principle Display Panel

Exhibit F – Information Panel Depiction

Exhibit G – Transcripts of Nutella Television Advertisements "Mom," "Pass," and "Silence."

Exhibit H – Replacement website pages for "Nutella & Nutrition," "About Nutella," and "Breakfast Builder"

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| IN RE:<br><br>FERRERO  LITIGATION | Case No. 11-CV-205 H (CAB) |
|---|---|

## CLAIM FORM INSTRUCTIONS

In order for you to qualify to receive payments related to *In re Ferrero Litigation* as described in the Notice of this Settlement (the "Class Notice"), you must file a Claim Form in the attached form either in paper or electronically on the Settlement Website and may need to provide certain requested documentation to substantiate your claim.

### REQUIREMENTS FOR FILING A CLAIM FORM

Your claim will be considered only upon compliance with all of the following conditions:

1.     You must accurately complete all required portions of the attached Claim Form.

2.     You must **sign** this Claim Form, which includes the Certification.  If you file a Claim Form electronically, your electronic signature and submission of the form shall have the same force and effect as if you signed the form in hard copy.

3.     By signing and submitting the Claim Form, you are certifying that you purchased Nutella® brand hazelnut spread ("Nutella") in the State of California, at any point in time from August 1, 2009 to the present, inclusive.

4.     You have two options to complete a Claim Form:

(1) you may MAIL the completed and **signed** Claim Form and Certification by First Class U.S. Mail, postage prepaid, postmarked no later than _____, to:

*In re Ferrero Litigation*
**Claims Administrator**
_____
_____

Or (2):  you may complete and submit the Claim Form and Certification using the Claims Administrator's Settlement Website, located at _____.  Upon completion of the on-line Claim Form, you will receive an acknowledgement that your claim has been submitted. If you file a Claim Form electronically, your electronic signature and submission of the form shall conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. §7001, et seq. and have the same force and effect as if you signed the form in hard copy.

5.     Your failure to complete and submit the Claim Form postmarked or e-mailed by _____, will preclude you from receiving any payments in this Settlement.  So that you will have a record of the date of your mailing of the Claim Form and its receipt by the Claims Administrator, you are advised to use (but are not required to use) certified mail, return receipt requested.

Submission of this Claim Form does not assure that you will share in the payments related to *In re Ferrero Litigation*.  If the Claims Administrator disputes a material fact concerning your Claim, you will have the right to present information in a dispute resolution process. For more information on this process, see Paragraph 31 of the Settlement Agreement, which is available at _____.

*In re: Ferrero Litigation*
**CLAIM FORM**

Please print or type

I, _____, state as follows:

LAST NAME (Claimant)*                                          FIRST NAME (Claimant)*

Current Address*

Current City*                                          State*        Zip Code*
                                                                                        -

Telephone Number (Day)(optional)                    Telephone Number (Night)(optional)
( _____ ) _____ - _____              ( _____ ) _____ - _____

E-mail Address*

IDENTITY OF CLAIMANT (Check appropriate circle)
○ Individual   ○ Legal Representative (attach information showing authority to submit claim)   ○ Other (specify, describe on separate sheet)

Please state the number of jars of Nutella that you purchased
in California from August 1, 2009 to the present, inclusive.
**<u>NOTE YOU CAN CLAIM UP TO A MAXIMUM OF FIVE (5) JARS</u>**

**CERTIFICATION***

I have read and am familiar with the contents of the Instructions accompanying this Claim Form and I certify that the information I have set forth in the foregoing Claim Form and in documents attached by me are true, correct and complete to the best of my knowledge.

I certify that I purchased ___ [number] of jars of Nutella in the State of California during the period August 1, 2009 to the present, inclusive.

I am not an officer, director, agent, servant or employee of Ferrero U.S.A., Inc. or any related entity thereof; a judge in this lawsuit; or an immediate family member of such persons; *and* I have not requested exclusion from the Settlement.

**I certify that the foregoing information supplied by the undersigned is true and correct to the best of my knowledge and that this Claim Form was executed this _____ day of _____, 2012.**

_____          _____
        Signature                                                          Date
Print name here: _____

If the Claimant is other than an individual, or if the Claimant is not the person completing this form, the following must also be provided:

Name of person signing: _____          Date: _____

Capacity of person signing: _____
(Executor, President, Trustee, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**
  Reminder Checklist:
1.   Please sign the above Claim Form.
2.   Keep a copy of your Claim Form and supporting documentation for your records.
3.   If you desire an acknowledgment of receipt of your Claim Form, please complete the on-line Claim Form or mail this Claim Form via Certified Mail, Return Receipt Requested.
4.   If you move or your name changes, please send your new address, new name or contact information to the Claims Administrator via the Settlement Website, mail or by calling the Claims Administrator's toll-free telephone number, each listed in the Notice.

*Fields or Sections are Required to be Completed.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE FERRERO LITIGATION | Case No. 3:11-CV-00205-H-CAB<br>Pleading Type: Class Action<br>Action Filed: February 01, 2011<br><br>**[Proposed] Order Granting Joint Motion for Preliminary Approval of Settlement**<br><br>Judge: Hon. Marilyn L. Huff |
|---|---|

THIS MATTER having been opened to the Court by The Law Offices of Ronald A. Marron, APLC, and The Weston Firm, Class Counsel and attorney for Plaintiffs and Class Representatives Athena Hohenberg and Laura Rude-Barbato ("Plaintiffs"), and Wilson Sonsini Goodrich & Rosati, PC, attorneys for Defendant Ferrero U.S.A., Inc. ("Defendant") by way of Joint Motion for Preliminary Approval of the Proposed Settlement in the above matter;[1] and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties under 28 U.S.C. § 1331 and that venue is proper in this district; and

WHEREAS, the Court has previously certified a class consisting of "all persons who, on or after August 1, 2009, bought one or more Nutella® products in the state of California for their own or household use rather than resale or distribution" (Dkt. No. 95); and

WHEREAS, following certification, and with the assistance of The Honorable Cathy Ann Bencivengo, the parties reached the terms of a settlement that would dispose of this action; and

---

[1]     Unless otherwise provided, capitalized terms are terms defined in the Settlement Agreement, attached to the Declaration of Gregory S. Weston, and those defined terms shall have the same meaning in this Order.

WHEREAS, the settlement is reflected in the parties written Settlement Agreement dated January 18, 2012 (the "Settlement Agreement"), which was submitted to the Court along with a joint ex parte application for preliminary approval; and

WHEREAS the Court finds as follows:  The Settlement Agreement was entered into at arms length by experienced counsel and only after extensive arms length negotiations lasting several months.   The Settlement Agreement is not the result of collusion.   The Settlement bears a reasonable relationship to the claims alleged by Plaintiffs and the Settlement is sufficiently within the range of reasonableness so that notice of the Settlement should be given to the members of the class for their consideration as provided by this Order; and

WHEREAS, this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law; and good cause appearing,

IT IS THIS _____ day of _____, 2012

ORDERED as follows:

1.      The terms of the Class Action Settlement Agreement dated January 18, 2012, including all exhibits thereto (the "Settlement Agreement," attached to the Declaration of Gregory S. Weston dated January 19, 2012 ("Weston Decl.") as Exhibit 1) is preliminarily approved, subject to further consideration thereof prior to or at the Fairness Hearing provided for below.

2.      The Court finds that the Settlement Notices attached as Exhibits C and D to the Settlement Agreement and the Claim Form attached as Exhibit A to the Settlement Agreement have satisfied the requirements of Rule 23(c)(2) and Due Process and accordingly approves those Settlement Notices.   The Court further approves the Notice Program described in the Settlement Agreement.

3.      The Court further directs that Rust Consulting, Inc. be appointed as the Claims Administrator, and consistent with the Notice Program set forth in the Settlement Agreement, directs the Claims Administrator to provide notice to the Settlement Class in the following manner:

2

(a)    Published in the following magazines: *People Magazine*, *Woman's Day*, *Parents*, and *Ser Padre*. Subject to availability, the settlement notices shall be published in the foregoing publications no later than 90 days after the date hereof, or 90 days after preliminary approval of settlement is granted in *In Re Nutella Marketing and Sales Practice Litigation*, Civil Action No. 11-1086 (D.N.J.), whichever is later.

(b)    Published on the following third-party websites: 24/7 Real Media Network - Parenting Channel (5 million impressions) and Facebook (10 million impressions). Subject to availability, the settlement notices shall be published on the foregoing websites no later than 90 days after the date hereof, or 90 days after preliminary approval of settlement is granted in *In Re Nutella Marketing and Sales Practice Litigation*, Civil Action No. 11-1086 (D.N.J.), whichever is later.

(c)    No later than 30 days after the date hereof, or 30 days after preliminary approval of settlement is granted in *In Re Nutella Marketing and Sales Practice Litigation*, Civil Action No. 11-1086 (D.N.J.), whichever is later, the Claims Administrator shall establish the Settlement Website which shall contain the Settlement Agreement, Class Notice and information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings and other information relevant to the Settlement. The Settlement Website shall also contain an electronic Claim Form to allow on-line submission of claims as well as a Claim Form which can be downloaded, printed and mailed to the Claims Administrator.

4.    The Court finds that the settlement fund escrow established pursuant to the Settlement Agreement (the "Settlement Fund") is a "qualified settlement fund" as defined by Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)    The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

3

(b)     The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c)     The assets of the Settlement Fund are segregated from other assets of the Defendants, the transferor, or payments to the Settlement Fund.

5.     Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The Settlement Fund meets the requirements of paragraphs 9(b) and (c) of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b)     Defendants and Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 9(b) and (c) of this Order or January 1, of the calendar year in which all requirements of paragraph 15 of this Order are met.  If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

6.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on [Monday, July 2, 2012] at 10:00 a.m. in Courtroom 13, to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues:  (a) the fairness, reasonableness, and adequacy of the Settlement; and (b) Class Counsel's application for an award of attorneys' fees and costs.  The Fairness Hearing may be rescheduled by the Court without further notice to the Class other than which may be posted at the Court and on the Court's and Claims Administrator's websites.

7.     Persons wishing to object to the proposed settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

4

(a)    Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than 30 days before the Fairness Hearing.  Class Members may object either on their own or through an attorney hired at their own expense.

(b)    If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an objection signed by the Class Member also is filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Class Notice 30 days before the Fairness Hearing.

(c)    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Ferrero Litigation,* Case No. 11-CV-205 H (CAB)" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection(s), documents sufficient to establish the basis for their standing as a Class member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of Nutella or receipt(s) reflecting such purchase(s), the facts supporting the objection(s), and the legal grounds on which each objection is based.  If an objecting party chooses to appear at the hearing a notice of intention to appear, either in person or through an attorney, must be filed with the Court no later than 30 days before the Fairness Hearing, and list the name, address and telephone number of the attorney, if any, who will appear.

(d)    Any Class Member who does not timely file and serve an objection containing the information set forth above and any witness to testify on

5

behalf of such Class Member not identified to the parties shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.    Any Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement.  This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than 30 days before the date set for the Fairness Hearing.  The Request for Exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

9.    Any Class Member who does not request exclusion from the Settlement has the right to object to the Settlement.  Any Class Member who wishes to object must timely submit an objection as set forth in Paragraph 7 above.  If a Class Member submits an objection and a written Request for Exclusion, s/he shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Settlement Agreement if approved by the Court.  However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Settlement Agreement upon Final Approval of the Settlement.

10.    Class Counsel shall submit papers in support of final approval of the Settlement no later than 45 days before the Fairness Hearing.

11.    Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than 45 days before the Fairness Hearing.

12.    Class Counsel and Defendant shall file responses to objections, if any, to the Settlement no later than seven days before the Fairness Hearing.

13.    In the event that the Settlement Agreement is terminated in accordance with the applicable provisions thereof, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Class Members shall retain all of their current rights to assert any and all claims again Defendant and any other released party, and the Defendant and any other released parties shall retain any and all of their current defenses and

arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

14. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence, of or an admission or concession by Defendants as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them as to any matter set forth in this Order.

15. After consideration of issues relating to comity and the complexity of this action, the Court finds that allowing simultaneous proceedings and Related Actions in other fora relating to the claims in this action to be decided by another court would inhibit this Court's flexibility and authority to decide this case while substantially increasing the cost of litigation, creating risk of conflicting results, and wasting Court resources. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

16. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Class Members' rights or claims relating to, or arising out of, any of the Released Claims. This injunction expressly applies to the Class Members and to all potential Class Members pursuing any Related Actions.

Dated: _____, 2012

_____
The Honorable Marilyn L. Huff
United States District Judge

7

1    DATED: January 19, 2012          Respectfully Submitted,

2

3                             /s/Gregory S. Weston
                             Gregory S. Weston

4                            **THE WESTON FIRM**
                            GREGORY S. WESTON

5                            JACK FITZGERALD
                            MELANIE PERSINGER

6                            COURTLAND CREEKMORE

7                            1405 Morena Blvd., Suite 201
                            San Diego, CA 92110

8                            Telephone:    (619) 798-2006
                            Facsimile:    (480) 247-4553

9

10                          **LAW OFFICES OF RONALD A.**
                          **MARRON, APLC**

11                          RONALD A. MARRON
                          MAGGIE REALIN

12                          B. SKYE RESENDES
                          3636 4th Street, Suite 202

13                          San Diego, CA 92103
                          Telephone:  (619) 696-9066

14                          Facsimile:  (619) 564-6665

15                          **<u>Class Counsel</u>**

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# If You Purchased Nutella Hazelnut Spread Since January 2008 You Could Get Money from a Class Action Settlement

A Settlement has been reached in two class action lawsuits against Ferrero U.S.A., Inc. ("Ferrero") regarding its advertising and marketing of the Nutella brand hazelnut spread. The Settlement provides money to those who purchased one or more Nutella products. The lawsuit claims that Ferrero made statements suggesting that Nutella is healthier than it actually is. Ferrero denies any wrongdoing and stands by its products and advertising.

## Who is included?

The Settlement includes two Classes:

- The California Class includes anyone who purchased Nutella in California between August 1, 2009 and the present.
- The Nationwide Class includes anyone who purchased Nutella in any state other than California, between January 1, 2008 and the present.

If you purchased Nutella for resale or distribution, you are not included.

## What Does the Settlement Provide?

The parties have agreed to create settlement funds of $550,000 for the California Class and $2,500,000 for the Nationwide Class for a total of $3,050,000. Class Members can receive up to $4 per jar of Nutella that they purchased during the time periods listed above. Class Members who purchased multiple jars of Nutella during the time periods can submit up to five claims for a maximum award of $20 per household. If the value of the claims of the California Class exceeds $550,000, or the value of the claims of the Nationwide Class exceeds $2,500,000, then payments will be reduced proportionally.

Ferrero has also agreed to modify the Nutella label, modify certain marketing statements about Nutella, create new television ads, and change the Nutella website. More details can be found in the Settlement Agreement at www.website.com.

## How to Get a Payment?

You must submit a Claim Form to get a payment.  You can submit a Claim Form online or by mail. The deadline to submit a Claim Form is Month, Day, Year. Claim Forms are available at www.website.com or by calling 1-800-000-0000.

## What are Your Options?

If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The

deadline to exclude yourself is Month, Day, Year. If you do not want to exclude yourself, you will not be able to sue Ferrero for any claim relating to these lawsuits.  If you exclude yourself, you cannot get any money from the Settlement. If you stay in the Settlement, you may object to it by Month, Day, Year.

A California Court will hold a hearing for the California Class on Month, Day, Year. A New Jersey Court will hold a hearing for the Nationwide Class on Month, Day, Year. The Courts will consider whether to approve the Settlement and requests for attorneys' fees and expenses. Counsel for the Nationwide Class and counsel for the California Class may request an award of attorneys fees in connection with the advertising and label changes. Counsel in both cases may also seek additional fees and expenses from the settlement fund. You may appear at the hearing, but you don't have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**For more information or a Claim Form:**
**1-800-000-0000          www.website.com**

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>FERRERO  LITIGATION | Case No. 11-CV-205 H (CAB) |

## NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU HAVE PURCHASED NUTELLA IN THE STATE OF CALIFORNIA ANY TIME BETWEEN AUGUST 1, 2009 AND THE PRESENT, PLEASE READ THIS NOTICE CAREFULLY, AS IT DESCRIBES A SETTLEMENT THAT MAY AFFECT YOUR RIGHTS.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

### What is this Lawsuit About?

Plaintiffs in the above consolidated action have brought class action lawsuits on behalf of themselves and others who have purchased Nutella at any time from August 1, 2009 to the present, alleging that Defendant Ferrero U.S.A., Inc. ("Ferrero") made representations through its marketing and advertising of Nutella® brand hazelnut spread ("Nutella"), improperly suggesting that Nutella is healthier than it actually is.  Ferrero has denied the allegations and continues to stand by its products and advertising.

On January __, 2012, the parties agreed to a settlement (the "Settlement") to resolve this lawsuit.  The terms of the Settlement are contained in a Settlement Agreement, which is available for review at _____ (the "Settlement Website").

### What are the Terms of the Settlement?

By this Settlement, the parties have agreed to create a settlement fund of $550,000 thousand (the "Cash Settlement Amount"), to be paid by Ferrero, for the benefit of Class Members who do not opt out and who timely complete a valid Claim Form and certify the number of jars of Nutella they purchased in the State of California.

The parties further have agreed that for each Class Member submitting a Claim Form that is accepted, the Claims Administrator will pay to that Class Member $4.00 for each jar of Nutella purchased in the State of California any time from August 1, 2009 to the present, up to a maximum total of $20.00 for each Class Member, family member of a Class Member, or any person who resides in the same household as such Class Member.  In the event that claims exceed the amount of the fund, each claim will be reduced on a pro rata basis.  In the event claims do not exceed the fund, the remaining funds will be donated to a court-approved organization or paid out as a supplemental distribution to claimants with court approval.

Additionally, Ferrero agreed to modify its labeling of Nutella in a way that will make certain nutritional information for the product more prominent, modify certain marketing statements regarding Nutella, create new television advertisements for Nutella, and modify the website for Nutella (www.nutellausa.com).

The parties have further agreed that the costs to administer this Settlement, reasonable attorneys' fees and costs to Class Counsel related to obtaining the settlement fund, and an Incentive Award to each of the two named Plaintiffs will be paid from the Cash Settlement Amount.

Class Counsel may request attorneys' fees from the Cash Settlement Amount and may also request a separate award of attorney's fees, to be paid by Ferrero exclusive of the Cash Settlement Amount, of no more than $900,000 for the

Injunctive Relief obtained by way of this Settlement.  The final amount of attorneys' fees and costs and Plaintiffs' Incentive Award will be determined by the Court.  All Class Members who do not request exclusion from this Settlement will forever release all claims related to the allegations in *In re Ferrero Litigation* against Ferrero from August 1, 2009 to the present, inclusive (the "Class Period").

### Who is Included in the Settlement?

 "Class Members" means all persons who purchased one or more of Defendant's Nutella brand hazelnut spread products ("Nutella") in the State of California, at any time from August 1, 2009 through the date of Preliminary Approval (the "Class Period"), other than for resale or distribution.  Excluded from the Class Members are: Ferrero; Defense Counsel; any judge presiding over any of the actions that together comprise the Action or Related Actions; and any immediate family member of any such person(s).

### How Can a Class Member Get A Payment Under the Terms of the Settlement?

To get a payment under the Settlement, a Class Member **must** make a claim to the Claims Administrator in *either* of the following ways:  1) complete and mail the Claim Form available in hard copy from Class Counsel (whose contact information is provided below) or available to be printed from the Settlement Website; or 2) complete and electronically submit a Claim Form to the Settlement Administrator directly through the Settlement Website.  Please complete only one Claim Form per household.  **TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED NO LATER THAN -------------, 2012.**

### Can I Exclude Myself from the Settlement?

Yes.  If you are a Class Member, you may request exclusion by sending a letter requesting to be "excluded" from this Settlement to the Claims Administrator.  If you exclude yourself, your claims against Ferrero will not be released, and you will not be eligible for any payment under the Settlement.  **TO BE VALID, ALL EXCLUSION REQUESTS MUST BE POSTMARKED NO LATER THAN -------------, 2012**

### Can I Object to the Settlement?

Yes.  If you are a Class Member and do not request exclusion, you or your attorney on your behalf may object to the Settlement.  Such objection must be in writing and must provide evidence that you are a Class Member.  The procedures for submitting a written objection are identified below.  A written and signed objection (and any support for it) *must be filed with the Court and served on all of the following attorneys with a postmark no later than -------------, 2012:*

| For the Settlement Class: | For Ferrero: |
|---|---|
| Ronald A. Marron<br>LAW OFFICES OF RONALD A. MARRON, APLC<br>3636 4th Avenue, Suite 202<br>San Diego, CA 92103<br>Telephone: 619-696-9006 | Keith E. Eggleton<br>Colleen Bal<br>Dale R. Bish<br>WILSON SONSINI GOODRICH & ROSATI PC<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: 650-493-9300 |
| Gregory S. Weston<br>Jack Fitzgerald<br>THE WESTON FIRM<br>1405 Morena Blvd., Suite 201<br>San Diego, CA 92110<br>Telephone: 619-798-2006 | **For the Court:**<br><br>Clerk of Court<br>U.S. District Court for the Southern District of California<br>880 Front Street, Suite 4290<br>San Diego, CA 92101-8900<br>Telephone: 619-557-5600 |

Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Ferrero Litigation*, Case No. 11-CV-0205 H (CAB)" and shall also contain information sufficient to identify the objecting Class Member, as well as a clear and concise statement of the Class Member's objection, the facts supporting the objection, and the legal grounds on which the objection is based.  If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

### What if I do Nothing?

IF YOU DO NOTHING, YOU WILL NOT RECEIVE ANY PAYMENT.  IF THE COURT APPROVES THE SETTLEMENT, YOU WILL NO LONGER HAVE THE ABILITY TO SUE WITH RESPECT TO YOUR PURCHASE OF NUTELLA DURING THE CLASS PERIOD, AND YOUR CLAIMS DURING THE CLASS PERIOD WILL BE RELEASED AND DISMISSED.

### Who Represents the Class Members?

The Law Offices of Ronald A. Marron and The Weston Firm (collectively "Class Counsel") represent Plaintiffs and have been certified by the Court as counsel for the Class Members.  Class Members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all Class Members in this lawsuit who do not object or retain their own lawyer.

### How Will Class Counsel Be Paid?

In addition to payments made to the Class Members, Ferrero has agreed that Class Counsel will seek an award of attorney's fees and costs, to be paid to Class Counsel from the Cash Settlement Amount, subject to approval by the Court.  Ferrero has also agreed to pay attorneys' fees and costs to Class Counsel not to exceed $900,000 for the Injunctive Relief obtained by way of this Settlement, subject to approval by the Court.

### When will the Court Hold a Hearing to Consider the Settlement?

The Honorable Marilyn L. Huff, a District Judge in the United States District Court for the Southern District of California (the "Court"), will hold a hearing (the "Fairness Hearing") at the federal courthouse located at 880 Front Street, San Diego, CA 92101 on _____ to decide whether to approve the Settlement, and to determine the amount of attorneys' fees and costs and Plaintiffs' incentive award.  You or your lawyer may appear at the Fairness Hearing *but do not have to do so*.

### How Can I Obtain More Information?

Class Members can ask questions, complete a Claim Form and review documents concerning this case at _____, by calling the Claims Administrator toll-free at (800) --------, or by writing the "Claims Administrator" at_____.

**PLEASE DO NOT CONTACT THE COURT OR CLERK'S OFFICE REGARDING THIS NOTICE.**

# EXHIBIT E



# EXHIBIT F



# EXHIBIT G

## Transcripts of Nutella Television Advertisements

### "Mom"

[MOM]: As a mom, I'm a great believer in Nutella, a delicious hazelnut spread that I use to get my kids to eat healthy foods.  I spread a little on all kinds of healthy things, like multigrain toast.  Every jar has wholesome, quality ingredients, like hazelnuts, skim milk, and a hint of delicious cocoa.  And Nutella has no artificial colors or preservatives.  It's quick, it's easy, and at breakfast I can use all the help I can get.

[VOICEOVER]: Nutella—breakfast never tasted this good.

### "Pass"

[MOM]: When it comes to getting my family to eat breakfast, I could use all the help I can get.  Like Nutella, a delicious hazelnut spread that's perfect on multigrain toast, even whole wheat waffles, for a breakfast that my kids love, and I feel good about serving.  And Nutella is made with simple, quality ingredients, like hazelnuts, skim milk, and a hint of cocoa.  It's quick, easy, and something everyone can agree on.  Nutella—breakfast never tasted this good.

### "Silence"

[DOG BARKING, BOY YELLING]: Mom!

[MOM]: Breakfast? In this house? In the morning, I can use all the help I can get.  That's why I love Nutella, a delicious hazelnut spread that's perfect on multigrain toast and even whole wheat waffles.  It's a quick and easy way to give my family a breakfast they'll want to eat.  And Nutella is made with simple, quality ingredients like hazelnuts, skim milk, and a hint of cocoa.  They love the taste, and I feel good that they're ready to tackle the day.  Nutella—breakfast never tasted this good.

# EXHIBIT H

# Nutella Website – Revised and Replacement Web Pages



Breakfast is often considered to be the most important meal of the day.

However, as parents know all too well, feeding our children a balanced breakfast can be a challenge. Moms and dads can use all the help they can get.

Thankfully, Nutella® hazelnut spread is a quick, easy and tasty way to start the day.  Through careful planning, breakfast can be a meal that families look forward to instead of a stressful and challenging experience.

Below are some helpful tips on how to make breakfast more enjoyable for you and your children:

- **Get up and eat!** Get the kids up earlier on weekdays to ensure the entire family has time to sit and enjoy the meal together.
- **Be a role model.** Parents who eat a balanced morning meal benefit, too, and also set a good example for their children.
- **Variety is key.** Children need a balance of nutrients and tasty goodness, and parents need a breakfast solution that is quick and convenient! Be sure to include sources of whole grains, protein, fat and nutrient-boosting fruits or vegetables as part of the breakfast plan.
- **Make breakfast a family affair.** Enlist your child in making breakfast happen. Getting your kids involved can both save time and provide a fun learning experience. Let them help in setting the table, pouring juice, cutting fruit, and cleaning up. Make breakfast fun by planning with your child and making it together.
- **Be prepared -** Some days may be more hectic than others, so keep your kitchen stocked with plenty of "grab-and-go" breakfast food combinations such as a yogurt, 100% juice box, and a whole grain English muffins with delicious Nutella® hazelnut spread.  That way, even on the most rushed days, you can send your child out the door with an easy balanced breakfast.

After all, the "best" breakfast is the one that will be eaten!

But keep in mind, a balanced breakfast should provide the proper balance of protein, carbohydrates from whole grains, fat and the nutrients provided by either a serving of fruit or vegetables. For example, a breakfast that consists of a small whole grain bagel with Nutella®, 1/2 cup of sliced strawberries and 1 cup of 1% milk is suitable for school-aged children.

So why not use Nutella® to turn a balanced breakfast into a tasty one!



http://www.nutellausa.com/about.htm





**Nutella Nutrition: A Balanced Breakfast - Windows I...**

http://www.nutellausa.com/balanced-breakfast.htm

A balanced breakfast should consist of a variety of foods: whole grain products, protein, low fat dairy, and fruit. Such combinations can delay hunger symptoms for hours.

A balanced breakfast can include the following foods:

• **Wholegrain bread and cereals are a source of** carbohydrates for energy. Wholegrain products are recommended for their good source of fiber, vitamins, minerals and anti-oxidants.

• Nutella®, peanut butter or jam are **spreads** you can enjoy eating on bread.

• A **milk based product** (preferably non fat milk or **reduced fat milk**) is a source of protein, calcium and vitamins A and D.

• A **fruit or fruit juice for the vitamins.** (These can refuel your body and jump-start your day

Internet    100%



**Nutella Nutrition: A Balanced Diet - Windows Intern...**

http://www.nutellausa.com/balanced-diet.htm

**Balanced Nutrition** consists of adequate amounts of all the nutrients required for healthy growth and activity. A balanced nutrition diet is essential to staying in good shape, and healthy. The key is to eat a wide variety of foods and monitor the quantity and frequency of your eating patterns.

Internet                                    100%

http://www.nutellausa.com/breakfast.htm

Nutella Nutrition: How the Breakfast Builder Works ...

http://www.nutellausa.com/how-it-works.htm

## How it Works

This "Build Your Own Breakfast" is an interactive exercise that lets you experiment with a few breakfast combinations and allows you to compare their basic nutrient values. Before building your breakfast you will be asked to enter data that is relevant for evaluating your daily calorie needs.

For this "Build Your Own Breakfast" exercise all calculations are based on FDA and USDA Food Pyramid guidelines.

Each breakfast item shows calories and values for 3 basic nutrient classes: protein, fats and carbohydrates. The same information is shown for breakfast combinations.

The pre-made breakfasts are only suggestions, please experiment with your own choices. When you submit your breakfast choices, the final screen will show you the total calories for your choice and what percentage of the total calories come from each of the 3 basic nutrient classes.

Internet                                    100%

http://www.nutellausa.com/breakfast.htm