# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE FERRERO LITIGATION

CASE NO. 11-CV-00205-H (CAB)

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

On January 20, 2012, the parties filed a joint motion for (1) preliminary approval of their class action settlement, (2) confirmation of certification of the class, (3) approval of the class notice plan, and (4) setting a final approval hearing. (Doc. No. 106.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that these matters are appropriate for resolution without oral argument and submits the motions on the parties' papers. The Court, for good cause shown, GRANTS the parties' joint motion.

**Background**

On February 1, 2011, Plaintiff Athena Hohenberg filed an action against Defendant Ferrero USA, Inc., bringing claims under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), and asserting claims for breach of express and implied warranties. (Doc. No. 1.) On February 4, 2011, Plaintiff Rude-Barbato filed an action against Defendant bringing claims under UCL, FAL,

CLRA, and the New Jersey Consumer Fraud Act, and asserting claims for breach of express and implied warranties.

On March 22, 2011, the Court entered an order consolidating the Hohenberg and Rude-Barbato actions and appointed The Weston Firm and The Law Offices of Ronald A. Marron, APLC, as interim counsel. (Doc No. 11.) On March 23, 2011, Plaintiffs filed a Master Consolidated Complaint. (Doc. No. 14.) On March 24, 2011, Defendant filed a motion to transfer the action to the District of New Jersey (Doc. No. 19.), which the Court denied on May 11, 2011 (Doc. No. 37.). On April 11, 2011, Defendant joint in a motion filed with the Judicial Panel on Multidistrict Litigation ("JPML") requesting centralization of this action and Glover v. Ferrero USA, Inc., No. 3:11-CV-01086-FLW-DEA (D.N.J.), under 28 U.S.C. § 1407. (MDL No. 2248, Doc. No. 1.) On July 28, 2011, the JPML denied the centralization motion. (MDL No. 2248, Doc. No. 28.)

On July 7, 2011, following the Court's ruling on Defendant's 12(b) motion to dismiss, Plaintiffs filed their First Amended Consolidated Complaint ("FAC"). (Doc. No. 45.) The FAC alleges that Defendant's representation that Nutella is a healthy, balanced, and nutritious proudct are misleading and deceptive. The FAC alleges that Defendant made such representations to Plaintiffs and other consumers on television, the Nutella website, and the label of the product. (Doc. No. 45.) The parties began fact discovery in March 2011, and have served and responded to numerous discovery requests, including for the production of documents, interrogatories, deposition notices, and third-party subpoenas.

On August 1, 2011, Plaintiffs moved for Class Certification (Doc. No. 51.), which Defendant opposed (Doc. No. 76.). Following oral argument on November 7, 2011, the Court granted Plaintiffs' motion, certifying a class of "all persons who, on or after August 1, 2009, bought one or more Nutella products in the state of California for their own or household use rather than resale or distribution." (Doc. No. 59.) It is on behalf of the same class that a settlement agreement has been reached.

The parties began initial settlement discussions as early as March 2011 and attended an Early Neutral Evaluation Conference on October 19, 2011, before the assigned magistrate

1 judge. After, the parties continued settlement discussions. On November 28, 2011, the parties
2 attended a second conference before the assigned magistrate judge, during which the parties
3 agreed on the terms reflected in the settlement agreement. Plaintiffs and class counsel believe
4 the settlement provides substantial injunctive and monetary benefits, is fair and reasonable, and
5 is in the best interest of the class.

## Discussion

### I.   Rule 23 and Class Action Settlement

The decision to approve or reject a settlement is committed to the sound discretion of the trial court. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Deciding whether to approve a proposed class action settlement is generally a two-step process. At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed.2004). The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement. See id.

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); see Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1). To make the ultimate determination of whether a settlement is fair, reasonable and adequate requires evaluating several factors, including:

> strength of plaintiff's case; the risk, expense[,] complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

1  Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow
2  sufficient discovery and genuine arms-length negotiation are presumed fair. Nat'l Rural
3  Telcoms. Coop. v. Directv, Inc., 221 F.R.D. 523, 528 (C.D. Cal. 2004).

After reviewing the Complaint, the joint motion and the Settlement Agreement, **IT IS HEREBY ORDERED THAT**:

1. The terms of the Class Action Settlement Agreement dated January 18, 2012, including all exhibits thereto (the "Settlement Agreement," attached to the Declaration of Gregory S. Weston dated January 19, 2012 ("Weston Decl.") as Exhibit 1) is preliminarily approved, subject to further consideration thereof prior to or at the Fairness Hearing provided for below.

2. The Court concludes that the Settlement Notices attached as Exhibits C and D to the Settlement Agreement and the Claim Form attached as Exhibit A to the Settlement Agreement have satisfied the requirements of Rule 23(c)(2) and Due Process and accordingly approves those Settlement Notices. The Court further approves the Notice Program described in the Settlement Agreement.

3. The Court further directs that Rust Consulting, Inc. be appointed as the Claims Administrator, and consistent with the Notice Program set forth in the Settlement Agreement, directs the Claims Administrator to provide notice to the Settlement Class in the following manner:

    (a) Published in the following magazines: People Magazine, Woman's Day, Parents, and Ser Padre. Subject to availability, the settlement notices shall be published in the foregoing publications no later than **90 days** after the date hereof, or **90 days** after preliminary approval of settlement is granted in In Re Nutella Marketing and Sales Practice Litigation, Civil Action No. 11-1086 (D.N.J.), whichever is later.

    (b) Published on the following third-party websites: 24/7 Real Media Network–Parenting Channel (5 million impressions) and Facebook (10 million impressions). Subject to availability, the settlement notices shall be published

on the foregoing websites no later than **90 days** after the date hereof, or **90 days** after preliminary approval of settlement is granted in <u>In Re Nutella Marketing and Sales Practice Litigation</u>, Civil Action No. 11-1086 (D.N.J.), whichever is later.

(c) No later than **30 days** after the date hereof, or **30 days** after preliminary approval of settlement is granted in <u>In Re Nutella Marketing and Sales Practice Litigation</u>, Civil Action No. 11-1086 (D.N.J.), whichever is later, the Claims Administrator shall establish the Settlement Website which shall contain the Settlement Agreement, Class Notice and information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings and other information relevant to the Settlement. The Settlement Website shall also contain an electronic Claim Form to allow online submission of claims as well as a Claim Form which can be downloaded, printed, and mailed to the Claims Administrator.

4. The Court finds that the settlement fund escrow established pursuant to the Settlement Agreement ("Settlement Fund") is a "qualified settlement fund" as defined by Section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Settlement Fund are segregated from other assets of the Defendants, the transferor, or payments to the Settlement Fund.

5. Under the relation-back rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Settlement Fund meets the requirements of paragraphs 9(b) and (c) of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) Defendants and Claims Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 9(b) and (c) of this Order or January 1, of the calendar year in which all requirements of paragraph 15 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

6. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on **Monday, July 9 at 10:30 a.m.** in Courtroom 13, to consider final approval of the Settlement (the "Fairness Hearing") including, but not limited to, the following issues: (a) the fairness, reasonableness, and adequacy of the Settlement; and (b) Class Counsel's application for an award of attorneys' fees and costs. The Fairness Hearing may be rescheduled by the Court without further notice to the Class other than which may be posted at the Court and on the Court's and Claims Administrator's websites.

7. Persons wishing to object to the proposed settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a) Any objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than **30 days** before the Fairness Hearing. Class Members may object either on their own or through an attorney hired at their own expense.

(b) If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an objection signed by the Class Member also is filed with the Court and

served upon Class Counsel and Defense Counsel at the addresses set forth in the Class Notice **30 days** before the Fairness Hearing.

    (c)    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in <u>In re Ferrero Litigation</u>, Case No. 11-CV-205 H (CAB)" and also shall contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any), as well as a clear and concise statement of the Class Member's objection(s), documents sufficient to establish the basis for their standing as a Class member, i.e., verification under oath as to the approximate date(s) and location(s) of their purchase(s) of Nutella or receipt(s) reflecting such purchase(s), the facts supporting the objection(s), and the legal grounds on which each objection is based.  If an objecting party chooses to appear at the hearing a notice of intention to appear, either in person or through an attorney, must be filed with the Court no later than **30 days** before the Fairness Hearing, and list the name, address, and telephone number of the attorney, if any, who will appear.

    (d)    Any Class Member who does not timely file and serve an objection containing the information set forth above and any witness to testify on behalf of such Class Member not identified to the parties shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.    Any Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to be "excluded" from this Settlement. This written Request for Exclusion must be sent via first class United States mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than 30 days before the date set for the Fairness Hearing. The Request for Exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

9. Any Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Any Class Member who wishes to object must timely submit an objection as set forth in Paragraph 7 above. If a Class Member submits an objection and a written Request for Exclusion, the Class Member shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Settlement Agreement if approved by the Court. However, any objector who has not timely requested exclusion from the Settlement will be bound by the terms of the Settlement Agreement upon Final Approval of the Settlement.

10. Class Counsel shall submit papers in support of final approval of the Settlement no later than **45 days** before the Fairness Hearing.

11. Class Counsel's final application for any Fee Award, and any documents submitted in support thereof, shall be filed no later than **45 days** before the Fairness Hearing.

12. Class Counsel and Defendant shall file responses to objections, if any, to the Settlement no later than **seven days** before the Fairness Hearing.

13. In the event that the Settlement Agreement is terminated in accordance with the applicable provisions thereof, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Class Members shall retain all of their current rights to assert any and all claims again Defendant and any other released party, and the Defendant and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

14. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby

nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence, of or an admission or concession by Defendants as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability by any or all of them as to any matter set forth in this Order.

15. After consideration of issues relating to comity and the complexity of this action, the Court finds that allowing simultaneous proceedings and Related Actions in other fora relating to the claims in this action to be decided by another court would inhibit this Court's flexibility and authority to decide this case while substantially increasing the cost of litigation, creating risk of conflicting results, and wasting Court resources. The Court, therefore, finds that an order protecting its jurisdiction is necessary in aid of this Court's jurisdiction.

16. Accordingly, in order to protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Class Members' rights or claims relating to, or arising out of, any of the Released Claims. This injunction expressly applies to the Class Members and to all potential Class Members pursuing any Related Actions.

**IT IS SO ORDERED.**

DATED: January 23, 2012

*Marilyn L. Huff*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT