LAW OFFICES OF RONALD A. MARRON, APLC
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
MAGGIE REALIN (263639)
*maggie@consumersadvocates.com*
B. SKYE RESENDES (278511)
*skye@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:     (619) 696-9006
Facsimile:      (619) 564-6665

THE WESTON FIRM
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
COURTLAND CREEKMORE (182018)
*courtland@westonfirm.com*
1405 Morena Blvd. Suite 201
San Diego, CA 92110
Telephone:     (619) 798-2006
Facsimile:      (480) 247-4553

*Class Counsel*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FERRERO LITIGATION | Case No. 11-cv-00205 H KSC<br>Pleading Type: Class Action<br><br>**PLAINTIFFS' APPLICATION TO FILE UNDER SEAL *UNREDACTED VERSIONS* OF (1) THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (2) MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>Judge: The Honorable Marilyn L. Huff |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiffs hereby apply for an Order allowing them to file under seal the unredacted versions of the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Memorandum in Support of Final Approval") and the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Incentive Awards ("Memorandum in Support of Attorneys' Fees")

## BACKGROUND

On April 19, 2011, the Court entered a Protective Order (Dkt. 32). The Protective Order permits the parties to designate information as "Confidential . . . if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." Protective Order at ¶ 4. Under the Protective Order, the parties have agreed to apply to file such confidential information under seal. *See id.* at ¶ 12. Because Plaintiffs' Memorandums in Support of Final Approval and Attorneys' Fees contain discussions of documents designated by Defendant as confidential, Plaintiffs apply to file this document under seal.

## ARGUMENT

**I.   LEGAL STANDARD**

"[T]he Supreme Court recognize[s] a federal common law right 'to inspect and copy public records and documents.' This right extends to pretrial documents filed in civil cases . . . ." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (quoting *Nixon v. Warner Communic'ns*, 435 U.S. 589, 597 (1978)). As such, there is "a strong presumption in favor of access to court records," *id.* at 1135 (citation omitted), unless the documents are "among those which have 'traditionally been kept secret for important policy reasons,'" *id.* at 1134 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotation marks omitted).

> The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so. In making the determination, courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Foltz*, 331 F.3d at 1135 (citations omitted).

Moreover, there is an exception to the presumption of access to court records for documents attached to a non-dispositive motion and filed under seal pursuant to a valid protective order. *Foltz*, 331 F.3d at 1135 ("'when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted.' . . . [T]he presumption of access [is] rebutted because 'when a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" (quoting *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002))).

## II. BECAUSE PLAINTIFFS HAVE SHOWN GOOD CAUSE FOR SEALING THESE DOCUMENTS, THE COURT SHOULD GRANT THEIR APPLICATION TO FILE UNDER SEAL

Plaintiffs' Memorandum in Support of Motion Final Approval, at page 14, and Plaintiffs' Memorandum in Support of Attorneys' Fees, throughout, discuss Ferrero's Nutella sales, which Ferrero maintains should be filed under seal because it qualifies as "confidential commercial information," the public disclosure of which would limit Ferrero's ability to compete in the marketplace. S*ee Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 n.4 (C.D. Cal. 2007) ("Fed. R. Civ. P. 26(c)(7) does not limit its reach to 'trade secrets,' but also allows for protection of 'confidential commercial information.' Customer/supplier lists and sales and revenue information qualify as 'confidential commercial information.'").

Additionally, Ferrero has agreed that if any member of the public or Class Member, other than a competitor of Ferrero, wishes to review the unredacted versions of the Memoranda being filed under seal, it may do so by contacting Class Counsel and signing an agreement to abide by the terms of the

2

Protective Order entered in this action. Thus, allowing Plaintiffs to file these documents under seal will not affect the public interest in understanding the judicial process.

## **CONCLUSION**

For the reasons discussed above, the Court should grant Plaintiffs' Application to File Under Seal. Plaintiffs will also electronically file public versions of their Memoranda with the confidential information redacted.

DATED: May 25, 2012                                          Respectfully Submitted,

/s/ Jack Fitzgerald
Jack Fitzgerald

**THE WESTON FIRM**
GREGORY S. WESTON
JACK FITZGERALD
MELANIE PERSINGER
COURTLAND CREEKMORE
1405 Morena Blvd., Suite 201
San Diego, CA 92109
Telephone:    619 798 2006
Facsimile:     480 247 4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MAGGIE REALIN
B. SKYE RESENDES
3636 4th Street, Suite 202
San Diego, CA 92103
Telephone:    619 696 9006
Facsimile:     619 564 6665

*Class Counsel*