MICHAEL E. HALE, PRO SE
107 SPRUCE RD.
FAIRFAX, CA 94930
T: (415) 400-7002

FILED
AUG 09 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FERRERO LITIGATION | Case No. 11-cv-00205-H-KSC<br><br>NOTICE OF APPEAL |

Notice is hereby given that Michael Hale, Objector in the above named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from a Final Judgment and Order Approving Settlement and Dismissing Claims of Class Members with Prejudice and Granting Plaintiffs' Motion for Attorneys' Fees (Doc. # 127). This Final Judgment and Order is attached to this Notice of Appeal.

Date: August 8, 2012

_____
Michael E. Hale, Pro Se

Page 1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been forward to all those list as indicated below on this the 8th day of August 2012.

Via Federal Express
Ronald A. Marron
Law Offices of Ronald A. Marron, APLC
3636 4th Avenue, Ste. 202
San Diego, CA 92103

Via Federal Express
Gregory S. Weston
Jack Fitzgerald
The Weston Firm
1405 Morena Blvd., Ste. 201
San Diego, CA 92110

Via Federal Express
Keith E. Eggleston
Colleen Bal
Dale R. Eggleston
Colleen Bal
Dale R. Bish
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Rd.
Palo Alto, CA 94304-1050

Clerk of the Court
U.S. District Court for the Southern
District of California
880 Front Street, Ste. 4290
San Diego, CA 92101-8900

_____
Michael E. Hale, Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re FERRERO LITIGATION | CASE NO. 11-CV-00205-H-KSC<br><br>FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS OF CLASS MEMBERS WITH PREJUDICE AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES |

On May 25, 2012, Plaintiffs filed a motion requesting: (1) final approval of the class action settlement; (2) award of fees and costs to the class counsel; and (3) incentive awards to Plaintiffs Athena Hohenberg and Laura Rude-Barbato. (Doc. No. 114.) Defendant Ferrero USA, Inc. has not opposed Plaintiff's motion. On June 8, 2012, class members Courtney Drey and Andrea Pridham filed their objections to the proposed class action settlement. (Doc. No. 123.) On June 8, 2012, Michael E. Hale, pro se class member, also filed his objections to the settlement and proposed award of attorney's fees and expenses. (Doc. No. 124.) On July 2, 2012, Plaintiffs and Defendant separately filed their response to the objections. (Doc. Nos. 125 & 126.) On July 9, 2012, the Court held a hearing on the matter. Jack Fitzgerald, Ronald Marron, Gregory S. Weston, and Maggie K. Realin appeared on behalf of Plaintiffs. Dale Richard Bish appeared on behalf of Defendant. Grenville Pridham appeared on behalf of

objecting class members Courtney Drey and Andrea Pridham. For the following reasons, the Court grants the motion for final approval of class action settlement and award of fees and costs to the class counsel, and grants the request for incentive awards for Plaintiffs Athena Hohenberg and Laura Rude-Barbato.

## Background

On February 1, 2011, Plaintiff Athena Hohenberg filed an action against Defendant Ferrero USA, Inc., bringing claims under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA"), and asserting claims for breach of express and implied warranties. (Doc. No. 1.) On February 4, 2011, Plaintiff Rude-Barbato filed an action against Defendant bringing claims under UCL, FAL, CLRA, and the New Jersey Consumer Fraud Act, and asserting claims for breach of express and implied warranties.

On March 22, 2011, the Court issued an order consolidating the Hohenberg and Rude-Barbato actions and appointed The Weston Firm and The Law Offices of Ronald A. Marron, APLC, as interim counsel. (Doc No. 11.) On March 23, 2011, Plaintiffs filed a Master Consolidated Complaint. (Doc. No. 14.) On March 24, 2011, Defendant filed a motion to transfer the action to the District of New Jersey (Doc. No. 19.), denied by the Court on May 11, 2011 (Doc. No. 37.). On April 11, 2011, Defendant joint in a motion filed with the Judicial Panel on Multidistrict Litigation ("JPML") requesting centralization of this action and Glover v. Ferrero USA, Inc., No. 3:11-CV-01086-FLW-DEA (D.N.J.), under 28 U.S.C. § 1407. (MDL No. 2248, Doc. No. 1.) On July 28, 2011, the JPML denied the centralization motion. (MDL No. 2248, Doc. No. 28.)

On July 7, 2011, following the Court's ruling on Defendant's 12(b) motion to dismiss, Plaintiffs filed their First Amended Consolidated Complaint ("FAC"). (Doc. No. 45.) The FAC alleges that Defendant's representation that Nutella® is a healthy, balanced, and nutritious product are misleading and deceptive. The FAC alleges that Defendant made such representations to Plaintiffs and other consumers on television, the Nutella® website, and the label of the product. (Doc. No. 45.) The parties began fact discovery in March 2011, and have

served and responded to numerous discovery requests, including for the production of documents, interrogatories, deposition notices, and third-party subpoenas.

On August 1, 2011, Plaintiffs moved for Class Certification (Doc. No. 51.), opposed by Defendant. (Doc. No. 76.) On November 7, 2011, the Court granted Plaintiffs' motion, certifying a class of "all persons who, on or after August 1, 2009, bought one or more Nutella® products in the state of California for their own or household use rather than resale or distribution." (Doc. No. 59.) On January 23, 2012, the Court granted the parties' joint motion for preliminary approval of the settlement. (Doc. No. 108.) Plaintiffs and class counsel believe the settlement provides substantial injunctive and monetary benefits, is fair and reasonable, and is in the best interest of the class.

## Discussion

The decision to approve or reject a settlement is committed to the sound discretion of the trial court. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). Deciding whether to approve a proposed class action settlement is generally a two-step process. At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed.2004). The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement. See id.

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); see Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1). To make the ultimate determination of whether a settlement is fair, reasonable and adequate requires evaluating several factors, including:

> strength of plaintiff's case; the risk, expense[,] complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and

the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. Nat'l Rural Telcoms. Coop. v. Directv, Inc., 221 F.R.D. 523, 528 (C.D. Cal. 2004).

After reviewing the Complaint, the motion and the Settlement Agreement, **IT IS HEREBY ORDERED THAT:**

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Judgment as if set forth fully herein.

2. **Jurisdiction.** The Court has personal jurisdiction over the parties and the Settlement Class (as defined below), including objectors. The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, to adjudicate any objections submitted to the proposed Settlement, and to dismiss the action with prejudice. All members of the Settlement Class, by failing to exclude themselves according to the Court's prior orders and the terms of the prior notice, have consented to the jurisdiction of this Court for purposes of this action and the settlement of this action.

3. **Definition of the Class and Class Members.** The Settlement Class is coextensive with the Class previously certified by the Court (Doc. No. 95):
All persons who, on or after August 1, 2009, bought one or more Nutella® products in the state of California for their own or household use rather than resale or distribution.

4. The Court reaffirms its prior order certifying the Class and appointing Class Counsel and Class Representative. (Doc. No. 95).

5. **Notice.** The Court directed that Class Notice be given to Class members pursuant to the notice program proposed by the parties and approved by the Court.

6. **Findings and Conclusions.** The Court concludes the distribution of the Class Notice to Class Members as provided for in the Order Granting Preliminary Approval of Settlement constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and met the requirements of due process under the United States Constitution. The Settlement Class received proper notice of: (a) the Settlement Agreement; (b) the Final Approval Hearing; (c) Class Counsel's intention to seek attorneys' fees and expenses and compensation for the named Plaintiffs; (d) each Class Member's right to exclude itself from the Settlement Class; and (e) each Class Member's right to object to the proposed settlement and to Class Counsel's application for attorneys' fees and expenses for compensation of named Plaintiffs.

7. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the class was adequate, comported with Due Process, and was the best practical notice possible under the circumstances.

8. **Final Settlement Approval and Binding Affect.** The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law. Therefore, the Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases, and other terms as fair, just, reasonable, and adequate as to all Class Members and Released Parties. Class Members and Released Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

9. The Court concludes that the requirements set forth in <u>In re Mercury Interactive Corp. Securities Litigation</u>, 618 F.3d 988 (9th Cir. 2010), have been satisfied with regard to Class Counsel's motion for attorneys' fees and expenses.

10. The Court has considered the parties' submissions, the objections, and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting

the claims on behalf of the Class. Plaintiff initiated the litigation, acted to protect the Class, and assisted her counsel. The efforts of Class Counsel have produced the Stipulation, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class.

11. The Court concludes that Plaintiffs are prevailing parties as the term is used in the fee-shifting provision of the Consumer Legal Remedies Act, and Class Counsel are thus entitled to a reasonable fee and expense award for their work. The Court concludes that $985,920 is a reasonable fee and awards this amount to be paid as provided in the Settlement Agreement by Defendant with the remainder from the Cash Settlement Amount. The Court also awards Class Counsel $27,504 in costs to be paid from the Cash Settlement Amount. These amounts are appropriate given the contingent nature of the case and the excellent results obtained for the Class, and because no enhancement or multiplier was sought above the actual amount of Class Counsel's lodestar. The Court concludes the billing rates used by Class Counsel to be justified by prior awards in similar litigation and the evidence presented with their motion showing these rates are in line with prevailing rates in this District.

12. The Court concludes Plaintiff Athena Hohenberg is entitled to receive an incentive award of $10,000, and Plaintiff Laura Rude-Barbato is entitled to receive an incentive award of $7,500, and grants their application for such awards, to be paid from the Cash Settlement Amount.

13. The Court has considered the objections made by the class members, and the responses filed by lead Plaintiffs and Defendant. (See Doc. Nos. 123, 124, 125, 126.) After consideration, the Court overrules the objections. The parties participated in two settlement conferences before the magistrate judge, as well as a private mediation with a retired district court judge. With their assistance, the parties reached an agreement to settle the claims. Generally, the proposed settlement consists of two parts—a monetary component and an injunctive relief component. Defendant created a settlement fund of $550,000, against which California consumers can make claims and receive back a portion fo the amount they paid for Nutella®. The specific amount depends on a number of factors, including the number of

claimants, the number of jars claimed by claimants, and the cost of administering the settlement. Further, Defendant agreed to modify the product label to address the fundamental claim raised in Plaintiffs' complaint. Defendant also agreed to modify its television commercials and the marketing phrases at issue in the complaint. The Court concludes that the proposed settlement provides an appropriate remedy to class members. It both takes into account the strength of Defendant's defenses and obstacles to class-wide recovery, while also addressing the concerns in Plaintiff's complaint. The Court notes that only three class members have objected to the settlement, and those objections are limited to the value of the injunctive relief.

14. All of the Released Claims are dismissed with prejudice as to the Class Representatives and all Members of the Settlement Class.

15. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class, and Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment and to resolve any and all disputes that may arise thereunder.

16. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any finding of fault, wrongdoing, or liability.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure. Final Judgment in this action is hereby entered. All claims asserted by Plaintiffs in this Litigation are dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: July 9, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

