**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
COURTLAND CREEKMORE (182018)
*courtland@westonfirm.com*
1405 Morena Blvd. Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (480) 247-4553

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
B. SKYE RESENDES (278511)
*skye@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

**Class Counsel**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FERRERO LITIGATION | Case No. 11-cv-00205 H KSC<br>Pleading Type: Class Action<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPEAL BOND**<br><br>Judge: The Honorable Marilyn L. Huff<br>Hearing: November 13, 2012<br>Time: 10:30 a.m.<br>Location: Courtroom 13 |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I. INTRODUCTION ..............................................................................................1

II. BACKGROUND ................................................................................................2

    A. The Settlement's Relief for the Class..............................................................2

    B. Plaintiffs' Motion for Final Approval .............................................................2

III. ARGUMENT......................................................................................................3

    A. The Court Has the Authority to Impose a Significant Appeal Bond .............3

    B. The Balancing of Factors Strongly Favors the Posting of an Appeal Bond ..3

        1. Hale, Drey, and Pridham are Able to Pay for a Bond .............................4

        2. There is Risk that Appellants will Not Pay Costs In the Absence of a Bond ........................................................................................................4

        3. The Appeals Lack Merit ..........................................................................5

        4. Counsel for Appellants Have Shown Bad Faith and Vexatious Conduct ...................................................................................................8

    C. The Appeal Bond Should be Set at $21,970.72 ............................................9

        1. Appellate Costs ........................................................................................9

        2. Administrative Costs of Remaining in Contact With Class Members .................................................................................................10

        3. Post Judgment Interest ..........................................................................10

IV. CONCLUSION.................................................................................................10

i

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

# **TABLE OF AUTHORITIES**

**CASES**

*Allapattah Servs., Inc. v. Exxon Corp.*,
    2006 U.S. Dist. LEXIS 88829 (S.D. Fla. Apr. 7, 2006)............................................1

*Azizian v. Federated Dep't Stores, Inc.*,
    499 F.3d 950 (9th Cir. 2007) ................................................................................4, 9

*Barnes v. FleetBoston Fin. Corp.*,
    2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ........................................1

*Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*,
    2008 U.S. Dist. LEXIS 45726 (E.D. Mich. June 12, 2008) ....................................4

*Conroy v. 3M Corp.*,
    2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006) .............................2, 9, 10

*DeHoyos v. Allstate Corp.*,
    240 F.R.D. 269 (W.D. Tex. 2007) .......................................................................7, 9

*Embry v. ACER Am. Corp.*,
    2012 U.S. Dist. Lexis 78068 (N.D. Cal. June 5, 2012) .................................2, 9, 10

*Fleury v. Richemont North America, Inc.*,
    2008 U.S. Dist. LEXIS 88166 (N.D. Cal. Oct. 21, 2008) ........................................4

*Gemelas v. Dannon Co.*,
    2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010).....................................2

*Hall v. AT&T Mobility LLC*,
    2010 U.S. Dist. LEXIS 109355 (D.N.J. Oct. 13, 2010) ...........................................8

*Hartless v. Clorox Co.*,
    473 Fed. Appx. 716 (9th Cir. 2012) .......................................................................9

*In re Bluetooth Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ..................................................................................6

*In re Broadcom Corp. Secs. Litig.*,
    2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005)...............................1, 5, 10

ii

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

*In re Checking Account Overdraft Litig.*,
    2012 U.S. Dist. LEXIS 18384 (S.D. Fla. Feb. 14, 2012) ..........................................1

*In re Classmates.com Consol. Litig.*,
    2012 U.S. Dist. LEXIS 83480 (W.D. Wash. June 15, 2012) ...................................8

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    586 F. Supp. 2d 732 (S.D. Tex. 2008).....................................................................7

*In re Groupon, Inc. Mktg. & Sales Practices Litig.*,
    No. 3:11-md-02238-DMS-RBB, Dkt. No. 97, slip op. at 10 (S.D. Cal.
    Sept. 28, 2012)........................................................................................................7

*In re MagSafe Apple Power Adapter Litig.*,
    2012 U.S. Dist. LEXIS 88549 (N.D. Cal. May 29, 2012).....................................10

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ..................................................................................6

*In re Pharm. Indus. Average Wholesale Price Litig.*,
    520 F. Supp. 2d 274 (D. Mass. 2007).....................................................................7

*In re TD Ameritrade Account Holder Litig.*,
    2011 U.S. Dist. LEXIS 103222 (N.D. Cal. Sept. 12, 2011).....................................7

*In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*,
    2011 U.S. Dist. LEXIS 92293 (N.D. Cal. Aug. 18, 2011) ......................................4

*In re Wal-Mart Wage & Hour Employment Practices Litig.*,
    2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) ...................................2, 5, 9

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
    2011 U.S. Dist. LEXIS 84541 (N.D. Cal. Aug. 2, 2011) ......................................10

*Livingston v. Toyota Motor Sales USA, Inc.*,
    1997 U.S. Dist. LEXIS 24087 (N.D. Cal. Nov. 10, 1997) ...................................10

*Miletak v. Allstate Ins. Co.*,
    2012 U.S. Dist. LEXIS 125426 (D. Cal. Aug. 27, 2012).....................................4, 5

*Thalheimer v. City of San Diego*,
    2012 U.S. Dist. LEXIS 59315 (S.D. Cal. Apr. 26, 2012) ......................................9

iii

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

*Wilson v. Airborne, Inc.*,
    2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008) ..................................9

*Yingling v. eBay, Inc.*,
    2011 U.S. Dist. LEXIS 79738 (N.D. Cal. July 5, 2011) ......................................7, 8

**OTHER AUTHORITIES**

4 NEWBERG ON CLASS ACTIONS § 11:58 (4th ed. 2002) .......................................................7

FED. PRAC. & PROC. § 1797.1 ................................................................................................7

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.643 (2004) ........................................3

**RULES**

9th Cir. Rule 3-4.....................................................................................................................8

Fed. R. App. P. 7....................................................................................................................3

iv

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

*Wilson v. Airborne, Inc.*,
    2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008) ..................................9

*Yingling v. eBay, Inc.*,
    2011 U.S. Dist. LEXIS 79738 (N.D. Cal. July 5, 2011) ......................................7, 8

**OTHER AUTHORITIES**

4 NEWBERG ON CLASS ACTIONS § 11:58 (4th ed. 2002) .......................................................7

FED. PRAC. & PROC. § 1797.1 ................................................................................................7

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.643 (2004) ........................................3

**RULES**

9th Cir. Rule 3-4.....................................................................................................................8

Fed. R. App. P. 7....................................................................................................................3

iv

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

Plaintiffs Athena Hohenberg and Laura Rude-Barbato respectfully submit this Memorandum in support of their Motion for Appeal Bond.

**I.      INTRODUCTION**

In California, 56,146 class members filed claims against the settlement fund to which the Court granted final approval on July 9, 2012. (Final Judgment, Dkt. No. 127.) Despite the high volume of claims, there were only a single opt-out and two objections, which the Court overruled. The Court "considered the objections" and overruled them. (*Id.* at 6.) Mr. Hale, Mrs. Pridham and Ms. Drey have now filed Notices of Appeal. (*See* Dkt. Nos. 130, 133.) All three are serial objectors with poor records. While purporting to further the Class's interests, in fact they will hold up payments to class members for two years with their frivolous appeals.

Plaintiffs hereby move the Court to impose an appeal bond, jointly and severally, on Mr. Hale, Ms. Drey, and Ms. Pridham. The bond is to ensure the payment of the following components likely to be awarded by the Court of Appeal:

| | |
|---|---|
| 1.  Costs incurred in opposing the appeal | $15,000.00 |
| 2.  Administrative costs of keeping in contact with claimants about the status of their claim pending appeal | $5,573.80 |
| 3.  Post Judgment Interest[1] | $1,396.92 |
| **TOTAL** | **$21,970.72** |

In similar contexts, much larger bonds are often awarded, often 20 or even 50 times more. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384 (S.D. Fla. Feb. 14, 2012) ($616,338); *Allapattah Servs., Inc. v. Exxon Corp.*, 2006 U.S. Dist. LEXIS 88829 (S.D. Fla. Apr. 7, 2006) ($13.5 million); *Barnes v. FleetBoston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072 (D. Mass. Aug. 22, 2006) ($645,111.60); *In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) ($1,240,500); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 2010 U.S.

---

[1] Plaintiffs' calculation of interest is described in paragraph 9-11 of the concurrently-filed Declaration of Jack Fitzgerald.

1

Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) ($500,000); *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006) ($431,167); *Embry v. ACER Am. Corp.*, 2012 U.S. Dist. Lexis 78068 (N.D. Cal. June 5, 2012) ($70,650); *accord Gemelas v. Dannon Co.*, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010) (indicating belief that $275,000 appeal bond was appropriate and noting likelihood of awarding bond, but permitting appellant further response). This Court should, respectfully, grant Plaintiffs' motion for the modest appeal bond requested.

## II.     BACKGROUND

This Class arises from Plaintiffs' claims that Ferrero deceptively marketed its Nutella® Hazelnut Spread ("Nutella") as a healthy breakfast food, especially for children, despite its high saturated fat and sugar content. (First Amended Consolidated Complaint ("FACC"), Dkt. No. 45 at ¶¶ 3, 7-8.) After a motion to transfer, two motions to dismiss, thousands of pages of document review, four depositions, a motion for class certification, three mediation sessions, and protracted negotiations, the parties reached a settlement on January 19, 2012.

### A.     The Settlement's Relief for the Class

The settlement provided for substantial injunctive and monetary relief for the class. Ferrero agreed to ensure that Nutella's nutritional content would be prominently and fully disclosed on its front label and to cease using television, print, online, and label advertisements that misleadingly suggest Nutella is healthy. Defendant further agreed to remove three television advertisements that Plaintiffs challenged and to replace them with commercials that have been reviewed and vetted on several occasions by Class Counsel. Moreover, as a result of the settlement, Defendant has modified its Nutella website, removing all "healthy breakfast" content referencing or attributable to former spokesperson Connie Evers and modifying the language on specific pages. In addition, Ferrero established a common fund to pay class notice, claims expenses, and restitution to class members of $4.00 per Nutella jar, up to a maximum of $20 per class member, without proof of purchase.

### B.     Plaintiffs' Motion for Final Approval

On May 25, 2012, Plaintiffs moved for final approval of the proposed settlement and for attorneys' fees. (Dkt. No. 114.) Mr. Hale, and Ms. Drey and Mrs. Pridham, filed objections on June 8, 2012. (Dkt. Nos. 123-24) The final approval hearing took place on July 9, 2012, as stated in the class

2

notice. The Court heard oral arguments from counsel for objectors Courtney Drey and Andrea Pridham, but Mr. Hale—*pro se* at the time, though he has since filed a Notice of Appearance of attorney Christopher A. Bandas with the Ninth Circuit (Ferrero appeal Dkt. No. 7-1)—did not appear at the Final Approval hearing.

On July 9, 2012, the Court entered its final judgment and order approving the settlement, dismissing claims of class members with prejudice, and awarding attorneys' fees. (Dkt. No. 127.) Ms. Drey and Mrs. Pridham filed their notice of appeal on August 7, 2012, and Mr. Hale filed his notice of appeal on August 8, 2012. (Dkt. Nos. 130, 133.)

### III.  ARGUMENT

#### A.  The Court Has the Authority to Impose a Significant Appeal Bond

The *Manual for Complex Litigation* has highlighted the problem of improper objections to class settlements:

> Some objections . . . are made for improper purposes, and benefit only the objectors and their attorneys (*e.g.*, by seeking additional compensation to withdraw even ill-founded objections). An objection, even of little merit, can be costly and significantly delay implementation of a class settlement. Even a weak objection may have more influence than its merits justify in light of the inherent difficulties that surround review and approval of a class settlement. Objections may be motivated by self-interest rather than a desire to win significant improvements in the class settlement. A challenge for the judge is to distinguish between meritorious objections and those advanced for improper purposes.

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.643 (2004).

The Federal Rules of Appellate Procedure provide that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. As discussed below, the bond can and should be set at an amount high enough to ensure payment, not only of the expenses likely to be incurred by Plaintiffs' lawyers, but also the additional expenses likely to be incurred by the claims administrator.

Plaintiffs request that the appeal bond be set at $21,970.72. This amount is a conservative estimate of the costs and interest that will be awarded against Appellants in connection with their frivolous appeals.

#### B.  The Balancing of Factors Strongly Favors the Posting of an Appeal Bond

3

When deciding whether to exercise its discretion under Rule 7, the Court may consider "the appellant's ability to pay a bond, . . . as well as the risk that the appellant would not pay costs if unsuccessful, the merits of the appeal, and whether the appellant has shown bad faith or vexatious conduct . . . ." *In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 92293, at *5-6 (N.D. Cal. Aug. 18, 2011) (citing *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007)). The Court then balances these factors to determine whether the posting of an appeal bond is warranted. *See*, *e.g.*, *Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 88166, at *24 (N.D. Cal. Oct. 21, 2008) ("*On balance*, the relevant factors counsel for the posting of a bond under Fed. R. App. P. 7." (emphasis added)); *Miletak v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 125426, at *4-5 (D. Cal. Aug. 27, 2012) (weighing each factor in deciding whether to grant motion for an appeal bond). In this case, the balancing of these factors strongly favors imposing an appeal bond.

### 1.     *Hale, Drey, and Pridham are Able to Pay for a Bond*

In deciding whether to require an appeal bond, the Court must assess whether there is any "indication that [a] plaintiff is financially unable to post bond." *Fleury*, 2008 U.S. Dist. LEXIS 88166, at *21. It is the appellants' burden to prove financial inability. *See Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2008 U.S. Dist. LEXIS 45726, at *7 (E.D. Mich. June 12, 2008) ("There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond."). But even where an appellant "lives on a fixed . . . income and possesses few assets," an appeal bond can be appropriate to "protect Plaintiffs against the possibility that [Appellants] might refuse to pay costs in the event that [their] appeal is unsuccessful." *In re Wachovia*, 2011 U.S. Dist. LEXIS 92293, at *4, 6. In this instance, there is no indication that Hale, Drey or Pridham are financially unable to post a bond. Mrs. Pridham has been married to her counsel, Grenville Pridham, since June 7, 2009. Mr. Pridham has been practicing law for over 20 years and is his "firm's principle attorney." *See* Fitzgerald Decl. Ex. 1. The attorney Mr. Hale recently hired is a successful Corpus Christi, Texas personal injury attorney. *See id.* Ex. 2.

### 2.     *There is Risk that Appellants will Not Pay Costs In the Absence of a Bond*

Courts in this Circuit have recently found that imposition of an appeal bond is proper when, like

4

here, "Appeals taken by Objectors . . . are frivolous and are tantamount to a stay of the Judgment entered by [the] Court." *In re Wal-Mart*, 2010 U.S. Dist. LEXIS 21466, at *17. In such circumstances, "Objectors should be required to file an[] appeal bond sufficient to secure and ensure payment of costs on appeals which . . . are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal." *Id* at * 18.

Moreover, California courts have held that the "imposition of an appeal bond is necessary to provide some level of security to Lead Plaintiffs who have no assurances that" the appellants have "the financial resources to pay the costs and fees associated with opposing [the] appeal." *In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656, at *9-10 (C.D. Cal. Dec. 5, 2005) (citation omitted).

Because Appellants all reside within the jurisdiction of the Ninth Circuit, this factor is, at best, neutral. *See Miletak*, 2012 U.S. Dist. LEXIS 125426, at *5 (N.D. Cal. Aug. 27, 2012) ("The second factor—namely, the difficulty of collecting payment post-appeal—is neutral because Objector Wilens is a resident of California."). The possible neutrality of this factor, however, does not change the propriety of imposing an appeal bond, since all other factors weigh in Plaintiffs' favor. Further, according to his own website, Mr. Hale's attorney is not a member of any Ninth Circuit court, and is a Texas resident.

### 3. *The Appeals Lack Merit*

As the Court found, Drey and Pridham's appeal lacks merit. They objected to the value of the injunctive relief for the class, the adequacy of Class Representatives Athena Hohenberg and Laura Rude-Barbato and Class Counsel, and Class Counsel's fee application. (*See* Dkt. No. 123 at 5-15.) The Court has addressed each of these issues at length and found them without merit. (*See* Dkt. No. 127 at 5-7; Order Granting Mot. for Class Certification, Dkt No. 95 at 7, 13.)

First, Drey and Pridham take issue with Nutella's new slogan—"Turn a balanced breakfast into a tasty one" (the "Revised Statement")—and believe the Court was asked to sanction the Revised Statement as lawful. This objection miscomprehends the terms of the Settlement Agreement, which barred the original deceptive slogan used during the Class Period, but does not require Ferrero to use the Revised Statement. (*See* Final Approval Mot., Dkt. No. 114-1 at 7 (citing Settlement Agreement ¶ 40B)). Nor does the Settlement release future claims concerning the Revised Statement, or any other labeling statement that has never been used and was not at issue in this case. (*See* Settlement Agreement

5

¶ 21(AA)). There is thus no "marketing get-out-of-jail free golden ticket" as Drey and Pridham asserted in their objections. (Dkt. No. 123 at 6)

Second, Drey and Pridham object to the adequacy of both Class Counsel and the Class Representatives. Yet the Court had already found Plaintiffs and Class Counsel to be adequate representatives of the Class well before settlement was reached. (*See* Order Granting Mot. to Appoint Interim Lead Co-Class Counsel, Dkt. No. 11 at 4 ("Each proposed class counsel appears to be well qualified to represent the interests of the purported class and to manage this litigation."); Order Granting Mot. for Class Certification, Dkt. No. 95 at 7 ("Here, there is no conflict of interest between the proposed class representatives, their counsel, and the class. . . . The Court concludes that Plaintiffs and their counsel would adequately represent the putative class.")).

Drey and Pridham finally object to the Settlement on the grounds that the requested fees are supposedly excessive and the Motion for Approval of Attorneys' Fees did not comply with Rule 23(h). Drey and Pridham's focus on the percentage-of-recovery method in asserting that Class Counsel's fees were excessive, however, completely disregards that "courts have discretion to employ either the lodestar or the percentage-of-recovery method." *In re Bluetooth Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Unsurprisingly, Drey and Pridham did not challenge Plaintiffs' detailed lodestar analysis. Drey and Pridham's objection that Plaintiffs' fee application violated Rule 23(h) because it was not "directed to class members in a reasonable manner," (Drey/Pridham Obj., Dkt. No. 123 at 13), was disingenuous given that it was publicly filed and thus available on PACER or by contacting the Clerk of the Court, was posted by a third party on the internet soon after being filed, and the Class Notice and Settlement Website provided that Class Members could review case documents by calling a toll free number or making a request in writing.

Mr. Hale's objection was less than a page long. It claims without elaboration "[t]he different groups and claims are too disparate and involve too many individualized issues to be maintained as a class," that it was "unthinkable that the defendant would implement materially different practice changes in California" than elsewhere, and "the practice changes are illusory and in the defendant[']s best interest." (Dkt. No. 124 at 1.) After carefully considering extensive briefing, however, the Court determined that class certification was appropriate before there was ever a settlement, in part because of the predominance of common issues. With a talented Wilson Sonsini legal team and the benefit of

6

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

1  Plaintiffs' depositions and responses to written discovery (*see* Dkt. No. 95 at 8-11), Defendant fully and
2  completely made every colorable argument against certification, but failed. Further, such conclusory
3  and "[g]eneral objections without factual or legal substantiation do not carry weight." *DeHoyos v.*
4  *Allstate Corp.*, 240 F.R.D. 269, 293 (W.D. Tex. 2007) (citing 4 NEWBERG ON CLASS ACTIONS § 11:58
5  (4th ed. 2002); FED. PRAC. & PROC. § 1797.1 (in class action settlement dispute "[o]nly clearly
6  presented objections . . . will be considered")). *See also In re Groupon, Inc. Mktg. & Sales Practices*
7  *Litig.*, No. 3:11-md-02238-DMS-RBB, Dkt. No. 97, slip op. at 10 (S.D. Cal. Sept. 28, 2012) ("this
8  objection is general and conclusory, and thus the Court declines to address it" (citing *In re Enron Corp.*
9  *Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 804 (S.D. Tex. 2008)); *In re TD Ameritrade*
10 *Account Holder Litig.*, 2011 U.S. Dist. LEXIS 103222, at *31-40 (N.D. Cal. Sept. 12, 2011) (overruling
11 terse, conclusory, and/or unintelligible objections because they provide "no substantive grounds for
12 objecting").

13     Mr. Hale did not appear at the final approval hearing to support or even explain his vague and
14 perfunctory objections. In a similar case, *In re Pharm. Indus. Average Wholesale Price Litig.*, a district
15 court imposed an appeal bond on the objector because the objection "was perfunctory, stating without
16 argument or briefing that the proposed settlement class should not be certified" and because "[n]either
17 the objector nor her counsel appeared at the hearing to explain the objection." 520 F. Supp. 2d 274, 278
18 (D. Mass. 2007). The court explained that, "[r]equiring objectors to post a bond will ensure that a class
19 litigating a frivolous appeal will not be injured or held up by spoilers." *Id*.

20     Finally, the Court, after giving fair consideration to each objector's arguments overruled them
21 all. (Dkt. No. 127 at 6 ("The Court has considered the objections made by the class members, and the
22 responses filed by lead Plaintiffs and Defendant. (See Doc. Nos. 123, 124, 125, 126.) After
23 consideration, the Court overrules the objections.").) Thus, because the Court has already considered
24 each objection and found them to be meritless, Appellants are unlikely to succeed on the merits of an
25 appeal. *Yingling v. eBay, Inc.*, 2011 U.S. Dist. LEXIS 79738 (N.D. Cal. July 5, 2011) ("[I]n its March
26 31 Order, the Court stated that it had 'given fair consideration' to objections to Plaintiffs' fee
27 application. Because the Court has already considered Objector Balla's objections and found them to be
28 meritless, the Court finds that Objector Balla is unlikely to succeed on the merits of his appeal."

7

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

(citations to the record omitted)). Thus, this factor weighs in favor of imposing an appeal bond. *Id.*

### 4.    *Counsel for Appellants Have Shown Bad Faith and Vexatious Conduct*

Counsel for Ms. Drey and Mrs. Pridham, Mark Lavery and Christopher Langone,[2] have repeatedly filed similar, frivolous objections to Class Action settlements, both on behalf of others and themselves. *See Hall v. AT&T Mobility LLC*, 2010 U.S. Dist. LEXIS 109355 (D.N.J. Oct. 13, 2010) (denying multiple objections to settlement filed by Mark Lavery on behalf of Christopher Langone and noting questions regarding Mark Lavery's eligibility to represent Mr. Langone); *In re Classmates.com Consol. Litig.*, 2012 U.S. Dist. LEXIS 83480, at *26-27 (W.D. Wash. June 15, 2012) ("Mr. Langone . . . did more to slow this litigation than to improve results for class members."). Furthermore, Mr. Langone recently sought excessive attorneys' fees for his purported 'service' to a class. *In re Classmates.com*, 2012 U.S. Dist. LEXIS 83480, at *25-28 (

> Mr. Langone seeks nearly $180,000 in attorney fees as well as a $50,000 'service award' for himself . . . Mr. Langone and his counsel appear to be convinced that their efforts led to the improvements in the settlement. They are mistaken. . . . Finally, the court observes that Mr. Langone's request for a $50,000 participation award is egregious.)

Moreover, these counsel were aware that their objections were baseless, since they "stated that they would appeal the objection to the Ninth Circuit" even before the Court ruled on them. (*See* Dkt. No. 125-1 at 5 ¶ 12.)

Nor are Drey and Pridham's counsel acting with even minimal diligence in pursuing this appeal. Ninth Circuit Rule 3-4 provides: "within 7 days of the docketing of a civil appeal, the appellant(s) shall . . . complete and submit the Ninth Circuit Mediation Questionnaire." After both Hale and Drey/Pridham ignored this rule, the Court of Appeal issued an order requiring submission of the questionnaire within 7 days and warning that "[f]ailure to comply with th[e] order w[ould] result in dismissal." Fitzgerald Decl. Ex. 3. Appellants disregarded this warning and once again failed to file the Questionnaire. Only when threatened with dismissal on a second order, *id*. Ex. 4, did Appellants file their mediation questionnaire, on September 24, 2012, almost seven weeks after they were required. *Id*.

---

[2] The Drey and Pridham objection only lists Grenville Pridham and Mark Lavery as counsel, but a Notice of Appearance of Christopher V. Langone was filed with the Ninth Circuit on September 7, 2012 (*Ferrero* Appeal Dkt. No. 4-1).

8

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

Ex. 5.

Similarly Mr. Hale's counsel Christopher Bandas routinely makes unfounded and meritless objections to class settlements. *See, e.g.*, *Hartless v. Clorox Co.*, 473 Fed. Appx. 716, 717 (9th Cir. 2012) (affirming the Honorable Cathy Ann Bencivengo's certification of settlement class where Christopher Bandas represented objector-appellant); *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411, at *16, 26 (C.D. Cal. Aug. 13, 2008) (overruling objections of Bandas' client, noting that no authority was provided in support of one objection and that another objection was "not a basis for deeming the settlement agreement's terms unfair or inadequate."); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 294-317 (W.D. Tex. 2007) (overruling objections because they "lack[ed] merit," were "not supported by the record," and the "objectors present[ed] no evidence to support" the objections, among other reasons).

Moreover, in several cases involving Mr. Bandas, courts have imposed an appeal bond. *Embry*, 2012 U.S. Dist. LEXIS 78068 (imposing $70,650 bond); *In re Wal-Mart Wage*, 2010 U.S. Dist. LEXIS 21466 (imposing $500,000 bond because "the objections [were] not supported by law or the facts and [were] indeed meritless."); *Conroy*, 2006 U.S. Dist. LEXIS 96169, at *10-11 ($431,167 bond ordered against Mr. Bandas and another objector because "the Bandas Law Firm['s] . . . objections to the proposed settlement were unfounded" and that its appeal was "unlikely to succeed").

**C.     The Appeal Bond Should be Set at $21,970.72**

*1.     Appellate Costs*

Costs on appeal include, but are not limited to, those identified in Federal Rule of Appellate Procedure 39(e), which includes administrative-type costs, such as preparation and transmission of the record. *Thalheimer v. City of San Diego*, 2012 U.S. Dist. LEXIS 59315, at *9 (S.D. Cal. Apr. 26, 2012) ("[T]he costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal." (quoting *Azizian*, 499 F.3d at 958)).

Here, Plaintiffs estimate appellate costs to be $15,000. Fitzgerald Decl. ¶ 7. Similar amounts have been approved in other California district courts. *In re MagSafe Apple Power Adapter Litig.*, 2012 U.S. Dist. LEXIS 88549, at *9 (N.D. Cal. May 29, 2012) (finding that $25,000 in costs per objector was warranted, but approving $15,000 in costs *per objector* due to considerations of financial hardship); *In*

9

*re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 U.S. Dist. LEXIS 84541, at *29 (N.D. Cal. Aug. 2, 2011) (approving $20,000 in appellate costs); *Embry*, 2012 U.S. Dist. LEXIS 78068, at *6 (approving $70,650 bond to cover anticipated costs).

### 2. *Administrative Costs of Remaining in Contact With Class Members*

Courts have also approved additional costs arising from delay and disruption of administering the settlement, including costs of updating addresses and other information needed to remain in contact with Class members, locating lost Class members, providing notices to Class members to apprise them of Objectors' appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform class members, and providing phone support to answer inquiries from the Class members. *See In re Broadcom*, 2005 U.S. Dist. LEXIS 45656 at *11-12 (ordering bond of $517,700 based on claims administrator's estimate of additional such notice costs to class members). The claims administrator here has provided an estimate of $5,573.80 for such costs. *See* Declaration of Charlene Young at ¶ 2, filed herewith. This amount also should be bonded.

### 3. *Post Judgment Interest*

Plaintiffs also request the Court include post judgment interest of $1,396.92. *See Conroy*, 2006 U.S. Dist. LEXIS 96169, at *11 (requiring objectors to post an appellate bond which included "expected interest on the cash portion of the settlement"); *Livingston v. Toyota Motor Sales USA, Inc.*, 1997 U.S. Dist. LEXIS 24087, at *10 & n.6 (N.D. Cal. Nov. 10, 1997) (stating that post-judgment interest is a cost that may be included in a bond under Fed. R. App. P. 7). The calculation of this amount is provided in the Fitzgerald Declaration at ¶¶ 10-11.

## IV. CONCLUSION

For the foregoing reasons, an appeal bond in the amount of $21,970.72 against Michael E. Hale, Courtney Drey, and Andrea Pridham, should, respectfully, be imposed.

10

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND

| | |
|---|---|
| DATED: October 11, 2012 | Respectfully Submitted, |
| | /s/ Jack Fitzgerald |
| | Jack Fitzgerald |
| | |
| | **THE WESTON FIRM** |
| | GREGORY S. WESTON |
| | JACK FITZGERALD |
| | MELANIE PERSINGER |
| | COURTLAND CREEKMORE |
| | 1405 Morena Blvd., Suite 201 |
| | San Diego, CA 92109 |
| | Telephone: (619) 798-2006 |
| | Facsimile: (480) 247-4553 |
| | |
| | **LAW OFFICES OF RONALD A. MARRON, APLC** |
| | RONALD A. MARRON |
| | B. SKYE RESENDES |
| | 3636 4th Street, Suite 202 |
| | San Diego, CA 92103 |
| | Telephone: (619) 696-9006 |
| | Facsimile: (619) 564-6665 |
| | |
| | **Class Counsel** |

11

*In re Ferrero Litigation,* Case No. 3:11-CV-00205-H-KSC
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPEAL BOND