Grenville Pridham
2522 Chambers Road, Suite 100
Tustin, CA   92780
(714) 486-5144
grenville@grenvillepridham.com
Counsel for Objectors Drey and Pridham

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:        FERRERO LITIGATION | Case No. 3:11-cv-00205-H-KSC<br>Pleading Type: Class Action<br><br>**Objectors' Opposition to Plaintiffs' Motion for Appeal Bond** |

## TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

1. Even Assuming the Drey-pridham Appeal Is Frivolous, Which it Is Not, the Ninth Circuit Has Stated it Is Not the District Court's Role to Attempt to Make Such a Prediction.  Movants "Frivolousness" Argument Is, Ironically, Frivolous.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

2. Movants Request an Unconstitutionally Punitive Bond.. . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

3. A Rule 7 Appeal Bond May Not Include Costs of Delay. . . . . . . . . . . . . . . . . . . . . . . . . Page 8

4. Appeal Bonds Create Needless Obstacles for Objectors in Violation the Supreme Court's Reasoning in *Devlin V. Scardelletti*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

5. There Is No Evidence on Ability to Pay; Both Objectors Reside in the State, Thus There Is Little Risk of Non-payment.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

CERTIFICATE OF SERVICE BY ECF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

# TABLE OF AUTHORITIES

American Presidential Lines, 779 F.2d 714, 718-19, n.38 (D.C. Cir. 1985). . . . . . . . . . . Page 6

Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 960 (9th Cir. 2007).. . . . . . . . . Page 3, 6

Boddie v. Connecticut, 401 U.S. 371, 379-81, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971). . Page 6

Carnegie v. Household Finance Int'l, Inc. 376 F.3d 656, 661 (7th Cir. 2004). . . . . . . . . Page 3

Clark v. Universal Builders, 501 F.2d 324, 341 (7th Cir. 1974). . . . . . . . . . . . . . . . . . Page 5, 6

Devlin v. Scardelletti, 536 U.S. 1 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

Embry v. ACER, 2012 U.S. Dist. LEXIS 78068 (N.D. Cal. June 5, 2012). . . . . . . . . . . . Page 8

In re Am. President Lines, 779 F.2d 714, 717 (D.C. Cir. 1985). . . . . . . . . . . . . . . . . . . Page 4

In re Wachovia Corp. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

In re Wal-Mart Wage & Hour Empl. Practices Litig., 10-155116, Dkt. No. 11 (9th Cir Jun. 3, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

Lindsey v. Normet, 405 U.S. 56, 77-79 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3, 6, 7

MagSafe appeal.  See Ninth Circuit docket 12-15782 (Order September 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

North Carolina v. Pearce, 395 U.S. 711, 724 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

Thalheimer v. City of San Diego. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

Vaughn v. Am. Honda Motor Co., 507 F.3d 295 (5th Cir. 2007). . . . . . . . . . . . . . . . . . Page 8

Movants ask that this Court require Drey and Pridham to post a $21,970.72 bond to secure alleged "costs" pending appeal of a class-action settlement involving $3.00 jars of Nutella.  Judge Posner is widely quoted as saying "only a lunatic or fanatic sues for $30" Carnegie v. Household Finance Int'l, Inc. 376 F.3d 656, 661 (7th Cir. 2004).  He made this remark in the context of explaining why class actions were good, noting the alternative to a class action was not millions of individual suits, but no individual suits.   The same reasoning can be applied here:  only a lunatic or a fanatic would post a $20,000 bond to proceed with an appeal over $3.00 jars of Nutella.  The instant motion should be recognized for precisely what it is – a transparent attempt to intimidate legitimate objectors in order to prevent them from pursuing their right to appeal by imposing needless and punitive financial barriers.  This is unconstitutional.  Lindsey v. Normet, 405 U.S. 56, 77-79 (1972)(holding conditioning appeal on posting double bond unconstitutional).

Movants somehow try to claim the "high ground" by name-calling, making ad hominem attacks, and repeated (and false) allegations of frivolity and bad faith on the part of Drey, Pridham, and their counsel.  They use the word "frivolous" or "bad faith" more than half-a-dozen times in their 10-page memorandum (Memo at p 1, 3, 4, 5, & 8). But the Ninth Circuit has made clear the district court cannot gauge appellate "frivolousness" prospectively, and such considerations are not at all germane to a Rule 7 bond determination.  Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 960 (9th Cir. 2007).  Movants arguments to the contrary are thus, ironically, frivolous themselves and directly contrary to the Ninth Circuit's decision in Azizian.

Movants then compound their frivolous conduct by falsely claiming that "administrative costs" and "post judgment" interest can be considering in making a Rule 7 determination (Memo at 10).  They cannot, and Azizian, made this plain.  The two cases cited by movants in support of their assertions were from 2005 and 1997, respectively; they both pre-date Azizian. To cite district court decisions rendered prior to a governing Ninth Circuit decision, without disclosing they have been abrogated by that decision,

violates the duty of candor and Rule 11. Movants also make blatantly false statements about the motives of objectors and their counsel. In addition to being factually false, they are legally irrelevant; this argument too, is frivolous and sanctionable. Movants' conduct is unprofessional, sanctionable, and should not be countenanced by this Court.

1. **Even Assuming the Drey-pridham Appeal Is Frivolous, Which it Is Not, the Ninth Circuit Has Stated it Is Not the District Court's Role to Attempt to Make Such a Prediction. Movants "Frivolousness" Argument Is, Ironically, Frivolous.**

First, let's take the allegations of the movants as true for the purposes of this argument. There is, of course, no legal authority that suggests movants would get such a presumption (they have the burden of proof after all), but assume it to be true for the sake of argument: the appeal is frivolous. The Ninth Circuit has been plain and unequivocal on this point, stating:

> While we affirm the district court's decision on the merits, we do not conclude that Wilkinson's appeal is frivolous. Even if we were to conclude that her appeal was frivolous however, we would reverse the district court's inclusion of appellate attorneys fees on that basis.

Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 960 (9th Cir. 2007).

The Court explained that frivolousness determinations could not be made "prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely." Id. The Ninth Circuit then stated it has ample methods of dealing with "frivolous" appeals (including initial screening, motion practice, and authority to sanction) and it – and it alone – is responsible for dealing with frivolous appeals; it is not incumbent on the district court to guess about the result. In so holding the Court stated:

> We agree with the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals…Allowing district courts to impose high Rule 7 bonds where the appeals might be found frivolous risks "impermissibly encumber[ing] appellants' right to appeal and "effectively preempting this court's prerogative" to make its own frivolousness determination.

Id. at 961, quoting In re Am. President Lines, 779 F.2d 714, 717 (D.C. Cir. 1985). In stressing how important it was not to chill appeals, the Ninth Circuit stressed, "any

1 attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." Id. at
2 961, quoting Clark v. Universal Builders, 501 F.2d 324, 341 (7th Cir. 1974).

3      Class counsel cites the governing case, Azizian v. Federated Dep't Stores, Inc., 499
4 F.3d 950 (9th Cir. 2007), but only obliquely in its motion.  The case is cited, but only as
5 "cited in" two district court opinions interpreting and applying the decision:  In re
6 Wachovia Corp, and Thalheimer v. City of San Diego.  As to the latter case, Azizian is
7 cited for the proposition that "the costs identified in Rule 39(e) are among, but not
8 necessarily the only, costs available on appeal."   The Wachovia citation is to an
9 unpublished order against a pro se litigant who did raise the relevant arguments.

10      Azizian is especially important because it is the only Ninth Circuit case to discuss
11 the issue of imposing a bond on an objector in a class action.  There, the question was
12 whether attorneys' fees on appeal could be considered a "cost" in setting the amount of the
13 bond.  The court went to great lengths to analyze the law throughout the Circuits, and
14 extensively analyzed the applicable cases.  In framing the issue the court noted,

> Whether attorney's fees are part of 'costs on appeal' under Rule 7 is a question of first impression in this circuit.  Six other circuits are split on the question. An older, minority rule, used by the D.C. and Third Circuits and endorsed by the Wright, Miller & Cooper treatise, holds that the 'costs referred to' in Rule 7 "are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorney's fees that may be assessed on appeal." In re Am. President Lines, Inc., 250 U.S. App. D.C. 324, 779 F.2d 714, 716 (D.C. Cir. 1985) (per curiam) (footnote omitted); see also 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3953 (3d ed. 2006). The more recent, majority rule, adopted by the Second, Sixth, and Eleventh Circuits, holds that a district court may order security for appellate attorney's fees in a Rule 7 bond if they would be treated as recoverable costs under an applicable fee-shifting statute. See In re Cardizem CD Antitrust Litigation, 391 F.3d 812, 817-18 (6th Cir. 2004); Pedraza v. United Guaranty Corp., 313 F.3d 1323, 1329-30 (11th Cir. 2002); Adsani, 139 F.3d at 71. Finally, the First Circuit has held that a district court may require a Rule 7 bond covering appellate attorney's fees if it concludes that the court of appeals might award attorney's fees as costs under Rule 38 because the appeal is frivolous. Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987) (per curiam).

Azizian, 499 F.3d at 955.

On the question of attorneys' fees, the Court went on to agree with what it described as the "majority rule," – specifically, adopting the Marek v. Chesney approach to determining "costs" under Rule 68: look to the underlying statute. Here, attorneys' fees are not defined as part of costs under any of the underlying statutes, and movants do not claim as such. The Ninth Circuit's discussion and analysis, however, is essential because it defines the relevant principles that should underlie making the determination requested by movants. Movants could have, and should have, been more forthcoming in the way they cited Azizian.

**2. Movants Request an Unconstitutionally Punitive Bond.**

Punitive bond requirements are unconstitutional. Lindsey v. Normet, 405 U.S. 56, 77-79 (1972)(holding conditioning appeal on posting double bond unconstitutional). North Carolina v. Pearce, 395 U.S. 711, 724 (1969) ("A court is 'without right to . . . put a price on an appeal.'") Moreover, a cost requirement, otherwise valid on its face might be unconstitutional as applied to a particular case, see Boddie v. Connecticut, 401 U.S. 371, 379-81, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971); Clark v. Universal Builders, 501 F.2d 324, 341 (7th Cir. 1974)("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"); American Presidential Lines, 779 F.2d 714, 718-19, n.38 (D.C. Cir. 1985). As the cases cited by American Presidential stress, the concern is of constitutional import:

> See North Carolina v. Pearce, 395 U.S. 711, 724, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656, 669 (1969)("[a] court is 'without right to . . . put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered'"), quoting Worcester v. Commissioner, 370 F.2d 713, 718 (1st Cir. 1966); Short v. United States, 120 U.S. App. D.C. 165, 167, 344 F.2d 550, 552 (1965) ("punishment could not be increased to penalize a defendant for exercising his right of appeal"); Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190 (5th Cir. 1979) ("[a] supersedeas bond should not be used as a penalty for a party availing itself of its appeal rights"); Clark v. Universal Builders, Inc., 501 F.2d 324, 341-342 (7th Cir.), cert. denied, 419 U.S. 1070, 95 S. Ct. 657, 42 L. Ed. 2d 666 (1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"); Jones v. Penny, 387 F. Supp. 383, 396 (M.D. N.C. 1974) (three-judge court) ("we think it clear from established decisional law, in both criminal and civil contexts, that a state in granting the right to appeal an adverse

        decision cannot penalize or arbitrarily condition that right"); Jack Spring, Inc. v. Little, 50 Ill. 2d 351, 280 N.E.2d 208, 211 (1972) (state constitution "having created [a] right of appeal, the statutes adopted and the rules promulgated in implementation of that right may not serve to discriminate against appellants by reason of the inability to furnish an appeal bond"). See also Starks v. Klopfer, 468 F.2d 796 (7th Cir. 1972).

Id.

Fed. R. App. Pro. 7 limits the court's discretion to impose an appeal bond to costs available under Fed. R. App. Proc. 39; these costs do not include the costs claimed by movants in this case. Movants do not cite to any authority that "administrative costs" or "post-judgment interest" can be considered as part of a Rule 7 bond. Even cases they do cite, like Embry, hold such "costs" are not recoverable. 2012 U.S. Dist. LEXIS 78068 at * 5 ("The Court finds, however, that unlike costs, which may be included in the value of a bond under Rule 7, such anticipated damages may not be required as part of a bond").

The only possible costs are copying and mailing the response brief. Appellants Drey and Pridham are the ones responsible for submitting the transcripts and record, thus, the only conceivable costs are the costs or reproducing and mailing a response brief. Here, Mr. Fitzgerald makes a conclusory assertion – totally without analysis – that he "estimates appellate courts to be $15,000." Where did this number come from? Did he pull it out of the air? Citation to other records, in other cases, does not meet even the most rudimentary of an evidentiary standard.

The page limit for a brief in the Ninth Circuit is 30 pages, 9 paper copies need be served on the court and opposing counsel, the cost of binding and covers is a few dollars. The Ninth Circuit limits copy costs to 10 cents per page. So the costs of a response brief are 9 x 30 x .10 = $27.00. Add another $10.00 per brief for binding, postage and a supplemental appendix, and the cost is $117.00. It is not conceivable that the response brief will cost more than $250.00. Imposing a bond seeking to secure any additional "costs" would amount to an unconstitutional penalty. Cf. Lindsey v. Normet, 405 U.S. 56, 77-79 (1972)(holding conditioning appeal on posting double bond unconstitutional).

### 3. A Rule 7 Appeal Bond May Not Include Costs of Delay

Reflecting a lack of knowledge of the difference between a supersedeas bond and a Rule 7 cost bond, movants make the frivolous assertion that Drey and Pridham should be held accountable for any delay in distribution of the proceeds. But Drey and Pridham have not sought any stay of judgment, so this court is without authority to issue a supersedeas bond. American Presidential Lines, 779 F.2d at 717-18;, cited with approval by Azizian, 499 F.3d at 961; Fleury v. Richemont North America, Inc., 2008 WL 4680033 at *7 (N.D. Cal. October 21, 2008 (cost of delay not appropriately included in cost bond); Embry v. ACER, 2012 U.S. Dist. LEXIS 78068 (N.D. Cal. June 5, 2012)(same)(cited by movants, showing knowledge of the frivolousness of their position).

The reason the claims are not being paid pending appeal is because movants agreed to that provision – they secured for themselves, of course, a quick-pay provision that ensured that they themselves were paid. They did not insist, of course, on a parallel protection for their fiduciaries.

### 4. Appeal Bonds Create Needless Obstacles for Objectors in Violation the Supreme Court's Reasoning in *Devlin V. Scardelletti*

In Devlin v. Scardelletti, 536 U.S. 1 (2002) the United States Supreme Court established the right of objectors to appeal without first seeking intervention. The court was motivated by eliminating needless barriers to objector seeking review, stating: formal intervention would only "add an additional layer of complexity before the appeal of the settlement approval may finally be heard." Imposing a bond would likely simply result in a second appeal of the bond requirement, as it did in In re Wal-Mart Wage & Hour Empl. Practices Litig., 10-155116, Dkt. No. 11 (9th Cir Jun. 3, 2010), which merely stayed the motion pending the merits determination. Id. citing Vaughn v. Am. Honda Motor Co., 507 F.3d 295 (5th Cir. 2007). And the Ninth Circuit recently did the same thing in the MagSafe appeal. See Ninth Circuit docket 12-15782 (Order September 2012).

If movants were truly concerned about the risk of delay from a "frivolous" appeal, they would have moved to dismiss the appeal instead of initiating collateral litigation in

the district court. Motions such as the instant motion only multiply the proceedings, and movants are doing so vexatiously – this is reflected both by the needless and false personal attacks, and the frivolous citations to superseded case law.

**5.     There Is No Evidence on Ability to Pay; Both Objectors Reside in the State, Thus There Is Little Risk of Non-payment.**

      Finally, there is no evidence submitted that Drey or Pridham have the ability to pay. No evidence is submitted as to Drey. The fact that Pridham happens to be married to a lawyer is not evidence of ability to pay. Nonetheless, this is not a concern because there is no evidence that any of Drey, Pridham, or their counsel have ever refused to pay costs. And in the Ninth Circuit, if a lawyer fails to pay sanctions or costs they can barred from practicing before the court until the sanction is paid. The appeal is meritorious, and certainly not frivolous; there is no evidence Drey or Pridham can post a bond, which is unreasonable given both the value of the claims and the nature of the anticipated costs – the single filing or a response brief. Moreover, if the Ninth Circuit does order costs, there is no evidence Drey or Pridham would refuse. There is no genuine lack of security. The lodestar fee spent by class counsel preparing the motion likely exceeds the actual "costs" that will be incurred in filing and serving a response brief. In any event, there is no evidence whatsoever of those costs.

      For the above reasons, Objectors respectfully request that no appeal bond be imposed.

      Respectfully Submitted, this 29th day of October 2012.

/s/ *Grenville Pridham*
Grenville Pridham
2522 Chambers Road, Suite 100
Tustin, CA   92780
(714) 486-5144

grenville@grenvillepridham.com
Counsel for Objectors Drey and Pridham

CERTIFICATE OF SERVICE BY ECF

I hereby certify that on October 29, 2012, I caused the foregoing Objectors' Opposition to Plaintiffs' Motion for Appeal Bond to be served via ECF noticing upon those counsel of record who are registered for electronic filing.

/s/ *Grenville Pridham*
Grenville Pridham